RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUNEAULT,<br><br>Defendant. | Case No. 5:25-cv-04685-VKD<br><br>***EX PARTE* APPLICATION FOR PRESERVATION ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Christopher J. Cordova will and hereby does apply to the Court *ex parte* for entry of a preservation order directing that:

1. Defendant Jonathan Huneault shall preserve all content and data associated with the YouTube channel known as "Frauditor Troll," accessible at https://youtube.com/@FrauditorTroll; and

2. YouTube (Google, LLC) shall preserve all content and associated metadata for the "Frauditor Troll" channel, including, but not limited to, any deleted or scheduled videos; community tab posts; comments; monetization data; IP login history; account activity logs; and subscriber data as it existed on and after June 6, 2025, the date on which Defendant was notified via email of the commencement of this action.

This application is brought *ex parte* because time is of the essence. Since Plaintiff commenced this action on June 3, 2025, and sent Defendant a courtesy email requesting waiver of service on June 6, 2025, Defendant has deleted—or made private—more than 1,700 of the approximately 1,900 videos on his YouTube channel, representing nearly 90% of the channel's entire content library. The deletion began the same day Defendant received notice and has continued unabated. This is textbook spoliation in real time. The Court's immediate intervention is not only justified—it is essential.

Dated: June 21, 2025                             Respectfully submitted,

                                    By:   s/ Randall S. Newman
                                          Randall S. Newman, Esq.
                                          *Attorney for Plaintiff,*
                                          *Christopher J. Cordova*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Christopher J. Cordova ("Plaintiff") hereby respectfully submits this Memorandum of Points and Authorities in support of his e*x parte* Application for a preservation order.

## INTRODUCTION

Plaintiff filed this copyright infringement action against Defendant Jonathan Huneault ("Defendant") for the unauthorized and non-transformative use of Plaintiff's video titled *Another Chad Exposed!!! Worthless Denver Cops…ASSAULTED!!!* (the "Registered Video"). The infringing video reproduced multiple uninterrupted segments of Plaintiff's footage, totaling over 27 minutes of the 48-minute original.

Plaintiff previously submitted DMCA takedown notices to YouTube regarding the Registered Video and other content. In response, Defendant submitted counter-notifications claiming his videos constituted fair use, and stated that he had retained legal counsel to defend against any lawsuit. One such counter-notice reads in part:

> I am once again asking you to forward this counter notification to the plaintiff... According to the fair use act of 1976 I am legally allowed to make these types of videos... I have already hired an attorney to defend my fair use videos in court and I am asking you to forward my counter notification to the plaintiff so he can decide for himself if he chooses to go that route...

Defendant concluded his counter-notice by swearing under penalty of perjury that he had a good faith belief the material had been removed by mistake or misidentification. Relying on Defendant's stated willingness to litigate the fair use issue in court, Plaintiff sent a request to waive formal service on June 6, 2025, expecting a prompt and professional response. Instead, Defendant began systematically deleting—or delisting—virtually his entire video catalog. Despite knowing he had been sued for copyright infringement, Defendant made no effort to preserve the evidence. On information and belief, Defendant has also deleted data related to monetization, upload activity, and reuse of third-party content—evidence central to Plaintiff's claims and to any fair use defense.

## FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action against Defendant Jonathan Huneault also known as Frauditor Troll on June 3, 2025 (ECF No. 1) asserting a claim of copyright infringement arising from Defendant's unauthorized use of Plaintiff's original YouTube video. That video was reproduced and monetized on Defendant's YouTube channel https://www.youtube.com/@frauditortroll (the "Frauditor Troll Channel") without permission (the "Infringing Video"). (Declaration of Randall S. Newman ("Newman Decl." ¶ 2). Plaintiff's video is registered with the U.S. Copyright Office (the "Registered Video"). (*Id*. ¶ 3 and Ex. A).

On June 6, 2025, Plaintiff sent an email to Defendant notifying him of this action and requesting that he waive service of summons. (*Id*. ¶ 4 and Ex. B). Plaintiff believed Defendant would accept the waiver of service, as he had previously submitted multiple counter-notices under the DMCA stating that he had retained counsel to defend his alleged "fair use" of Plaintiff's videos in court. (*Id*. ¶ 5 and Ex. C).

At the time the Complaint was filed, Defendant's Frauditor Troll Channel contained approximately 1,990 videos. (*Id*. ¶ 6 and Ex. D). On June 6, 2025, the same day Defendant received Plaintiff's email regarding this lawsuit, he deleted approximately 28 videos from the Frauditor Troll Channel. (*Id*. ¶ 7 and Ex. D). Defendant subsequently continued removing videos from his channel, including the Infringing Video at issue in this lawsuit. (*Id*. ¶ 8 Exs. D, E and URL https://youtu.be/I-J8sdKZ504?si=s9kES3XTGpURZ1A3.)

On June 13, 2025, Plaintiff sent a follow-up email to Defendant regarding the waiver of service. (*Id*. ¶ 10, Ex. F). Defendant deleted 27 videos on June 13 and 7 more on June 14. (*Id*. ¶ 11, Ex. D). Thereafter, Defendant deleted approximately 141 videos on June 16; 19 videos on June 17; 1,197 videos on June 18; 287 videos on June 19; and 2 videos on June 21. (*Id*. ¶ 12, Ex. D). In total, Defendant has deleted more than 1,700 videos from the Frauditor Troll Channel, close to 90% of the channel's portfolio. ((*Id*. ¶ 13-14, Exs. D and G). As of the date of this filing, only 286 videos remain on the Frauditor Troll Channel. (*Id*. ¶ 15, Exs. D and G).

*Ex Parte* Application for Preservation Order

## ARGUMENT

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (2004)). Such powers "must be exercised with restraint and discretion." *Id*. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also* Fed. R. Civ. P. 26(f) advisory committee's note (2006) ("The requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders."). "Once a complaint is filed, parties to a lawsuit are 'under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.'" *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (quoting *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Id*. (quoting *Young v. Facebook, Inc.*, No. No. 5:10–cv–03579–JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010)). "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young*, 2010 WL 3564847, at *1.

In determining whether to issue a preservation order, courts in this circuit generally consider three factors:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order

5

*Ex Parte* Application for Preservation Order

    directing preservation; and (3) the capability of an individual, entity, or party
    to maintain the evidence sought to be preserved.

*Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15 CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (quoting *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)); *see also Jardin v. Datallegro, Inc*., No. 08CV1462IEGRBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008).

    **A.**    **Concern for Continuing Existence and Maintenance of Integrity of Evidence.**

    The first and most critical factor—risk of loss or destruction—strongly favors granting the preservation order. After Plaintiff filed suit and sent a courtesy email to Defendant seeking waiver of service on June 6, 2025, Defendant (or someone with control of the Frauditor Troll Channel) began systematically deleting content. According to public analytics on Socialblade.com, Defendant's Frauditor Troll Channel went from over 1,900 videos down to fewer than 300 in a matter of days—over 62 million views' worth of content vanished.

    This is textbook spoliation risk. The very content at issue is vanishing in real time, and no assurances have been made by Defendant or YouTube (Google LLC) regarding its preservation. If a preservation order is not granted, there is a strong likelihood that critical metadata, monetization records, upload logs, subscriber data, comments and original video files will be permanently lost.

    **B.**    **Likelihood of Irreparable Harm.**

    If a preservation order is not granted, there is a substantial risk that critical evidence—namely, the original infringing video, associated metadata, and other related uploads—will be lost, altered, or permanently deleted by either Defendant or YouTube (Google LLC). Plaintiff has already documented the sudden removal of over 1,700 videos from the Frauditor Troll Channel within days of being notified of this lawsuit, suggesting

an ongoing effort to conceal or destroy relevant evidence. Once deleted, this evidence—including timestamps, view counts, monetization data, and unedited video files—cannot be fully recovered through standard discovery. Without judicial intervention, Plaintiff faces the irretrievable loss of key evidence necessary to prove the scope, willfulness, and financial impact of the infringement, amounting to irreparable harm that would fundamentally impair Plaintiff's ability to obtain a just resolution in this case.

### C. Capability of Parties to Maintain Evidence.

Both Defendant and YouTube (Google LLC) possess the technical capability and infrastructure to preserve the relevant evidence without undue burden. YouTube, as a subsidiary of Google, routinely retains video files, metadata, upload logs, and monetization records for internal use, legal compliance, and enforcement of its terms of service. Preserving these records requires no extraordinary effort and falls well within YouTube's standard data retention practices. Likewise, Defendant controls the Frauditor Troll Channel and is fully capable of preserving existing videos and refraining from further deletions or modifications. No complex forensic procedures are required—Defendant need only maintain the current state of the channel and cease further spoliation. Given the ease and routine nature of digital preservation, both Defendant and YouTube (Google LLC) are fully capable of maintaining the relevant evidence pending further proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a preservation order directing that:

1. Defendant Jonathan Huneault shall preserve all content, data, and metadata associated with the YouTube channel known as "Frauditor Troll," accessible at https://youtube.com/@FrauditorTroll including without limitation: all uploaded, deleted, scheduled, or privatized videos; video titles, descriptions, tags, comments, likes/dislikes, view counts, monetization data, and community posts; IP login history and account activity logs; and any

communications with YouTube or Google LLC relating to DMCA disputes or removals.

2. YouTube, LLC and Google LLC shall preserve the same content and metadata associated with the "Frauditor Troll" channel accessible at https://youtube.com/@FrauditorTroll as it existed on and after June 6, 2025—the date on which Defendant was notified of this action—including any deleted videos, video history, channel analytics, subscriber data, community tab activity, and internal communications or correspondence related to Plaintiff's DMCA notices or copyright claims.

Absent immediate relief, there is a substantial risk that critical evidence will be lost, and the integrity of these proceedings irreparably compromised. Plaintiff therefore respectfully requests that this application be granted without further delay.

Dated: June 21, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net
https://youtube.com/@TheDMCALawyer

*Attorney for Plaintiff,*
*Christopher J. Cordova*