UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, <br> Plaintiff, <br> v. <br> JONATHAN HUNEAULT, <br> Defendant. | Case No. 25-cv-04685-VKD <br><br> **ORDER RE EX PARTE APPLICATION FOR PRESERVATION ORDER** <br> Re: Dkt. No. 8 |

On June 3, 2025, plaintiff Christopher J. Cordova filed a complaint based on alleged copyright infringement against defendant Jonathan Huneault. Dkt. No. 1. To date, Mr. Huneault has not appeared in this action and the docket does not reflect that he has been served. Mr. Cordova now moves ex parte for an order directing Mr. Huneault and non-party YouTube (Google LLC) to preserve evidence related to his copyright claims. Dkt. No. 8. For the reasons discussed below, the Court denies the application without prejudice.

"[P]arties to a lawsuit are 'under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.'" *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (quoting *Echostar Satellite LLC v. Freetech, Inc.*, No. C-07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)). While this duty "is sufficient in most cases to secure the preservation of relevant evidence," courts may, in appropriate circumstances, issue an affirmative preservation order "to reinforce a party's pre-existing duty to preserve evidence." *Id.* In determining whether such an order is justified, the Court considers: "(1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order

directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved." *Id.* (quoting *Echostar Satellite*, 2009 WL 8399038, at *2).

With respect to Mr. Huneault, Mr. Cordova argues that a preservation order is necessary because Mr. Huneault "has deleted more than 1,700 videos," including the infringing video, since the filing of the lawsuit. Dkt. No. 8 at 4. He contends that this activity creates a significant risk of spoliation as "no assurances have been made by Defendant or YouTube (Google LLC) regarding [the videos'] preservation." *Id.* at 6. Mr. Cordova contends that if Mr. Huneault or YouTube fails to preserve information related to these videos such as "timestamps, view counts, monetization data, and unedited video files," he will "face[] the irretrievable loss of key evidence necessary to prove the scope, willfulness, and financial impact of the infringement . . ." *Id.* at 7.

As a party to this action, Mr. Huneault has an *existing* and well-established preservation obligation, and his failure to comply with this obligation could result in the imposition of sanctions or another remedy determined by the Court. *See Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). Mr. Cordova has not established "a significant concern that potentially relevant evidence will be destroyed causing harm to [him]." *Bright Sols.*, 2015 WL 5159125 at *2. He has shown only that Mr. Huneault took down the allegedly infringing content (and other content not at issue) from Mr. Huneault's YouTube channel after receiving notice of this action, an outcome Mr. Cordova *specifically requested* via a "takedown notice" he submitted to YouTube under the Digital Millennium Copyright Act. *See* Dkt. No. 1 ¶¶ 53-56. Mr. Cordova cites no other basis for the Court to conclude that Mr. Huneault has deleted or destroyed evidence, such as the accused video itself.

With respect to YouTube, Mr. Cordova also has not made a sufficient showing to support his request for a preservation order. The Court assumes that Mr. Cordova intends to seek discovery from YouTube, and seeks a preservation order in anticipation of serving a non-party subpoena on YouTube. However, Mr. Cordova does not identify the information he seeks from YouTube or explain why it is relevant to any issue in the case; he does not explain why he

believes information in YouTube's possession is at risk of being lost before it can be obtained via subpoena; and he does not provide any basis for the Court to conclude that he would suffer irreparable harm should a preservation order not be entered as to YouTube.

On the application presented, the Court cannot conclude that a preservation order is warranted as to either Mr. Huneault or YouTube. Accordingly, the Court denies Mr. Cordova's ex parte application without prejudice.

**IT IS SO ORDERED.**

Dated: June 23, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3