RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN HUNEAULT, <br><br> Defendant. | Case No. 25-cv-04685-VKD <br><br> **HON. VIRGINIA K. DEMARCHI** <br><br> <u>**DISCOVERY MATTER**</u> <br><br> ***EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Christopher J. Cordova ("Plaintiff") will and hereby does apply to the Court *ex parte* for leave to issue a third-party subpoena on Google LLC d/b/a YouTube to identify Defendant prior to a Fed. R. Civ. P. 26(f) conference.

This application is based upon: the Memorandum of Points and Authorities; the concurrently-attached Declaration of Randall S. Newman; upon all pleadings and evidence on file in this matter; and upon such additional evidence or arguments as may be accepted by the Court.

Dated: July 11, 2025

Respectfully submitted,

By: s/ Randall S. Newman
Randall S. Newman, Esq.

*Attorney for Plaintiff,
Christopher J. Cordova*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Christopher J. Cordova ("Plaintiff") hereby respectfully submits this Memorandum of Points and Authorities in support of its *ex parte* application for leave to serve a third-party subpoena prior to the Rule 26(f) conference.

## INTRODUCTION

This is a copyright infringement action arising from the unauthorized use of Plaintiff's original audiovisual work titled *Another Chad Exposed!!! Worthless Denver Cops…ASSAULTED!!!* (the "Registered Video") by a YouTube user operating under the alias "Frauditor Troll (the "FT Channel")"[1]. The 48-minute. 14-second copyrighted video, captured and published by Plaintiff on his @DenverMetroAudits YouTube channel, documents a real-time encounter between Plaintiff, members of the Denver Police Department, and a third-party bystander. It was created to expose potential police misconduct and promote government accountability through public dissemination.[2]

Defendant, who purportedly operates the FT Channel, republished a substantial portion of the Registered Video (the "Infringing Video"). Defendant did not obtain a license, did not seek permission, and added little commentary, criticism, parody, or transformative content to the Registered Video.[3]

On or about June 5, 2023, Plaintiff filed a valid DMCA takedown notice to YouTube for the unauthorized use of the Registered Video. The following day, Defendant submitted a counter-notification under 17 U.S.C. § 512(g)(2)(C), listing a fictitious address in New York City for service of process. Plaintiff attempted service at that address but was unsuccessful. Because the FT Channel remains pseudonymous and is operated through

---

[1] https://www.youtube.com/@frauditortroll.

[2] Plaintiff's video is available at the URL https://youtu.be/bhgHsPl4Mr0?si=F-7EgMg0bBZiy-QY.

[3] The Infringing Video was posted to the URL https://youtu.be/I-J8sdKZ504?si=s9kES3XTGpURZ1A3 but was removed after Plaintiff commenced this action.

Google services (including YouTube and Gmail), Plaintiff cannot identify or serve Defendant without Court-authorized third-party discovery.

Accordingly, Plaintiff respectfully moves for leave to serve a proposed Rule 45 subpoena on Google LLC (the "Proposed Subpoena"). The Proposed Subpoena is attached as Exhibit F to the Declaration of Randall S. Newman ("Newman Decl."). Plaintiff will use this limited discovery solely to investigate and serve the Defendant and proceed with this action. Without such relief, Plaintiff cannot protect his exclusive rights under the Copyright Act and cannot move forward with this litigation.

I.  **Legal Standard Governing Expedited Discovery Requests to Identify an Anonymous Defendant**.

Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery before the Rule 26(f) conference, except by court order. Courts in this District routinely grant expedited discovery where a plaintiff demonstrates good cause—especially in cases involving anonymous online defendants whose identities are not otherwise ascertainable. In *Columbia Insurance Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court established a widely adopted framework for authorizing early discovery to identify anonymous internet users. Under *seescandy*, a plaintiff must: (1) identify the defendant with sufficient specificity to show that the defendant is a real person or entity subject to suit; (2) describe all previous attempts to locate and identify the defendant; (3) establish a prima facie case against the defendant, including a plausible claim for copyright infringement; and (4) show that the requested discovery is necessary and narrowly tailored to uncover the defendant's identity. *Id.* at 578–80.

These requirements are intended to balance a plaintiff's right to pursue legitimate claims with a defendant's right to remain anonymous until the claim is substantiated. Courts applying *seescandy* have emphasized that such discovery should be "limited and focused" to ensure minimal intrusion into privacy. *See also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants [is] not known prior

to the filing of a complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants…").

As shown below, Plaintiff satisfies all four *seescandy* criteria and respectfully requests leave to serve the Proposed Subpoena on Google, LLC to obtain the information sought therein.

## II. ARGUMENT

### 1. The Operator of the Frauditor Troll Channel is a Person or Entity Capable of Being Sued.

Where the identity of a defendant is unknown at the time of filing, a plaintiff should be permitted discovery to identify the unknown party and to identify the individual responsible for the infringing activity. *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). As discussed below, Plaintiff has identified the owner/operator of the YouTube channel "Frauditor Troll" as a real person or entity engaged in ongoing commercial activity through monetized content and regular uploads.[4]

Based on the June 6, 2023 counter-notification filed in response to the June 5, 2023 takedown notice regarding the Infringing Video, as well as multiple other DMCA counter-notifications submitted under 17 U.S.C. § 512(g)(2)(C) concerning several of Plaintiff's other videos, Plaintiff reasonably believed that the operator of the FT Channel was Jonathan Huneault. (Newman Decl. ¶¶ 13-14, Exs. G, H). However, it is now confirmed that Defendant provided a fictitious address without a suite number in his counter-notices, and that development raises the probability that Huneault is either using an alias or does not actually own/operate the FT Channel. Given the use of fraudulent contact information and the pseudonymous nature of the FT Channel, Plaintiff cannot confirm the identity of the responsible party or attempt to effectuate service without Court-authorized discovery.

---

[4] A video was uploaded to the FT Channel on July 5, 20205 *See* https://www.youtube.com/watch?v=JSMHjwUSwJY.

i.  **Defendant is Likely Subject to this Court's Jurisdiction.**

17 U.S.C. § 512(g)(3)(D) states that a counter notification must contain:

[t]he "subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider [i.e., YouTube] may be found, and that the subscriber will accept service of process from the person who provided" the DMCA takedown notice.

Here, Defendant submitted a counter-notification regarding the Infringing Video listing the address "99 Wall Street, New York, NY 10005" with no suite number[5], an address Plaintiff has determined to be fictitious. (Newman Decl. ¶¶ 6-8, Ex. B). Based on available evidence, Plaintiff believes that Huneault, or the true operator of the FT Channel, resides in Canada. (Id. ¶¶ 9-10, Exs. C, D). If Hunealt is actually a Canadian resident he would be subject to jurisdiction in this District under 17 U.S.C. § 512(g)(3)(D).[6]

By submitting a counter-notification with a false U.S. address, Defendant triggered YouTube's obligation to restore the disputed content while simultaneously attempting to shield himself from proper service and jurisdiction. Courts have repeatedly rejected such gamesmanship. Defendant cannot invoke the benefits of the DMCA's counter-notice procedure and then rely on fraudulent information to avoid the jurisdiction he expressly

---

[5] This was not an isolated error. Defendant submitted multiple DMCA counter-notices using the same fictitious address, "99 Wall Street, New York, NY 10005," ?>n vc cvbm,./;" without a suite number, demonstrating a deliberate pattern of deception rather than an inadvertent mistake. (Newman Decl. ¶ 14 and Ex. H).

[6] In paragraph 10 of the Complaint, Plaintiff alleged that the 99 Wall Street address was likely fictitious and that Huneault was actually a resident of Canada. (Complaint ¶ 10).

consented to. Jurisdiction is proper in this District under both § 512(g)(3)(D) and traditional principles of fair play and substantial justice.

### 2. Plaintiff has Already Made Good-Faith Efforts to Contact and Serve the FT Channel Operator.

On June 6, 2025, June 12, 2025, and June 23, 2025, Plaintiff's counsel sent three separate emails to the address listed on the counter-notice, FrauditorTroll@gmail.com, each attaching a copy of the complaint and requesting that Defendant execute a waiver of service pursuant to Rule 4(d). (Newman Decl. ¶ 4, Ex. A). Defendant failed to respond to any of these communications. (Newman Decl. ¶ 5).

Plaintiff also retained a professional process server to attempt service at the address listed in Defendant's DMCA counter-notification: 99 Wall Street, New York, NY 10005. (Newman Decl. ¶ 6). Service could not be completed, as the address lacked a suite number and appears to be fictitious. (Newman Decl. ¶ 7, Ex. B.)

These multiple waiver requests and the failed physical service attempt demonstrate Plaintiff's diligent, good-faith efforts to identify, notify and serve the operator of the FT Channel prior to seeking early third-party discovery.

### 3. Plaintiff Has Made a *Prima Facie* Claim of Copyright Infringement.

Plaintiff owns the exclusive rights to Registered Video and has registered the copyright with the U.S. Copyright Office. (Newman Decl. ¶ 11, Ex. E). To state a claim for copyright infringement, Plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of original elements of the work. *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff's Complaint satisfies both elements. First, Plaintiff is the original author and owner of the video titled *Another Chad Exposed!!! Worthless Denver Cops…ASSAULTED!!!*, which captures real-time, expressive footage of a police encounter and was published on Plaintiff's YouTube channel @DenverMetroAudits. (Compl. ¶ 32).

Plaintiff has registered this video with the U.S. Copyright Office. (Newman Decl. ¶ 11, Ex. E).

Second, the Complaint alleges that Defendant incorporated approximately 56% of Plaintiff's copyrighted work into the Infringing Video without a license or permission. (Compl. ¶ 63). Excluding the intro and outro, approximately 87% of the Infringing Video is footage from the Registered Video. (*Id*.) Plaintiff alleges that Defendant's use was not transformative, as the Infringing Video contains minimal to no commentary during large stretches of Plaintiff's footage. (*Id*. ¶ 65). These facts, taken as true, are more than sufficient to establish a prima facie claim of copyright infringement.

### 4. The Discovery Request is Narrowly Tailored.

Plaintiff's Proposed Subpeona is narrowly tailored to seek only the limited information necessary to identify the owner/operator of the FT Channel and his actual location. (Newman Decl. Ex. F). The proposed Subpoena to Google, LLC seeks basic subscriber registration information, IP address logs, and other information associated with the YouTube channel "Frauditor Troll". (Newman Decl. Ex. F).

The Proposed Subpeona does not request content, communications, or any information beyond what is reasonably calculated to identify the individual or entity responsible for the infringing upload. It is narrowly limited in scope, directed only to Google, and concerns a specific channel. This is precisely the type of early discovery routinely approved in cases involving what appears to be an anonymous defendant. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) ("[T]he discovery request must be narrowly tailored to minimize the impact on the First Amendment rights of the Doe defendants.").

Without this narrowly targeted information, Plaintiff cannot amend the complaint, serve Defendant, or proceed with the case. The attached subpoena represents the least intrusive means to advance this litigation in a fair and proportionate manner. In short, the Subpoena seeks no more information than is necessary to accomplish service, precisely the function Rule 26(d) is intended to support in Doe-defendant cases.

### 5. In the Alternative, Plaintiff requests a Stay of this Action to Pursue a Subpoena using 17 U.S.C. § 512(h) Without Court Intervention.

Under 17 U.S.C. § 512(h), a copyright owner may obtain a subpoena to identify an alleged infringer directly from the Clerk of Court, without filing a lawsuit, making any evidentiary showing, or demonstrating personal jurisdiction over the individual. Plaintiff submitted a valid takedown notice under § 512(c). (Newman Decl. Exs. E, G). As such, Plaintiff would have been entitled to a § 512(h) subpoena by simply submitting a short form and sworn declaration.

Under these circumstances, it would be incongruous to deny Plaintiff the limited discovery necessary to serve the complaint as it would allow Huneault to hide behind his fraudulent counter-notices. Granting early discovery here upholds the spirit of due process and reinforces the Court's supervisory role.

This case is distinguishable from anonymous file-sharing lawsuits where courts in this District have expressed concern about privacy rights and the potential for abuse. Here, Plaintiff filed a legitimate takedown pursuant to 17 U.S.C. § 512(c), holds a registered copyright, and seeks to identify a commercial operator of a public, monetized YouTube channel that republished Plaintiff's copyrighted work for profit. Unlike copyright "troll" cases involving alleged downloads of pornographic content, this action is transparently filed, supported by a registered work, and does not seek coercive settlements or exploit sealed proceedings.

Moreover, a § 512(h) subpoena may be issued by the Clerk of *any* federal district court, without regard to the alleged infringer's residence. (17 U.S.C. § 512(h)(1) states that "…the copyright owner…may request the clerk of any United States district court to issue a subpoena to a service provider…"). Accordingly, it would be inconsistent to deny discovery here when the same unmasking relief could be obtained through § 512(h), without any jurisdictional showing at all.

By proceeding via a public complaint instead of an administrative subpoena, Plaintiff has invoked full judicial oversight and afforded the owner of the FT Channel the protections of Rule 45 and the Federal Rules of Civil Procedure. This approach promotes transparency, fairness, and due process, and it should not be penalized for demanding *more* procedural protection, not less.

Therefore, should the Court determine that early discovery is unavailable in this action, Plaintiff respectfully requests that the case be stayed to permit the filing of a separate proceeding under § 512(h) solely to identify the operator of the FT Channel and determine his location. However, requiring such procedural gymnastics would unnecessarily burden both Plaintiff and the judiciary, given that the requested information can be obtained more efficiently—and with greater fairness—through targeted discovery in this properly filed case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve the proposed subpoena on Google, LLC, in the form attached as Exhibit F, for the limited purpose of identifying the Doe Defendant. Plaintiff has stated a *prima facie* claim of copyright infringement, has shown that the discovery sought is both necessary and narrowly tailored, and cannot proceed without identifying the individual responsible for the infringing conduct. Early discovery is therefore warranted under applicable law.

Dated: July 11, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*