UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br>Plaintiff,<br>v.<br>JONATHAN HUNEAULT,<br>Defendant. | Case No. 25-cv-04685-VKD<br><br>**ORDER RE EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 11 |

In this copyright infringement action, plaintiff Christopher J. Cordova seeks leave to serve a third-party subpoena on Google LLC d/b/a YouTube ("YouTube") prior to a Rule 26(f) conference.

Mr. Cordova has established that good cause exists to serve a third-party subpoena on YouTube for the purpose of identifying the alleged infringer in order to effect service. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Mr. Cordova has demonstrated that (1) he can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) he has identified previous steps taken to locate the defendant, (3) his action against the defendant could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Specifically, Mr. Cordova has sufficiently demonstrated that, while

the case was originally filed against a named defendant, this name and the information associated with it may be fictious and discovery is needed to identify the correct individual for service. *See* Dkt. No. 11-1, Declaration of Randall S. Newman. Additionally, Mr. Cordova's application indicates that he has satisfied the registration requirements under 17 U.S.C. § 411(a) for commencing a copyright infringement lawsuit. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

However, the Court does not find that the proposed subpoena as currently drafted is narrowly tailored to obtain only the information necessary to identify the alleged infringer. *See* Dkt. No. 11-1, Ex. F. Attachment A to the subpoena includes two requests:

1. All identifying information, including the name(s), address(es), telephone number(s), email address(es), and IP address(es) for the user(s) associated with the following YouTube channel: https://www.youtube.com/@FrauditorTroll. Please include all identifying information provided when this channel was established, as well as all identifying information provided subsequently for billing, administrative or AdSense revenue purposes.

2. All identifying information, including the name(s), address(es), telephone number(s), email address(es), social media profile data, and IP address(es), for the users who posted, uploaded, downloaded or modified the data at the following URL: https://youtu.be/I-J8sdKZ504 ?si=s9kES3XTGpURZ1A3.

*Id.* To the extent the subpoena would require YouTube to disclose "social media profile data," that term is neither defined nor explained in the subpoena or in the ex parte application, but it appears to encompass information beyond the identity of the alleged infringer. *Id.* In addition, to the extent the subpoena would require YouTube to disclose information about any user who "downloaded" the allegedly infringing video, the subpoena seeks information well beyond the information necessary to identify the alleged infringer. *Id.* The Court is satisfied, however, that these concerns can be addressed by deleting the phrases "social media profile data" and "downloaded" from the text of the second document request in the proposed subpoena.

Accordingly, the Court grants Mr. Cordova's application and orders as follows:

1.  Mr. Cordova may serve a Rule 45 subpoena on YouTube commanding YouTube to

provide Mr. Cordova with the information requested in a **revised** Attachment A **that reflects the modifications set forth above**. Mr. Cordova shall attach a copy of this order to the revised subpoena.

2. The return date on the revised subpoena must permit **at least 30 days** for YouTube to respond.

3. YouTube shall serve a copy of the revised subpoena and a copy of this order on the user(s) whose information is required to be disclosed **within 15 days** of the date of service of the subpoena on YouTube. YouTube may serve the user(s) using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service.

4. Mr. Cordova may only use the information disclosed by YouTube in response to the Rule 45 subpoena served on YouTube for the purpose of identifying the alleged infringer in order to effect service of process in this action.

5. Any affected party or user may object to the Rule 45 subpoena, and may also seek a protective order.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Virginia K. DeMarchi
United States Magistrate Judge