1    RANDALL S. NEWMAN (SBN 190547)
2    Attorney at Law
3    99 Wall St., Suite 3727
     New York, NY 10005
4    212.797.3735
5    rsn@randallnewman.net

6    *Attorney for Plaintiff,*
7     *Christopher J. Cordova*

8

9                **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12   CHRISTOPHER J. CORDOVA,                Case No. 25-cv-04685-VKD

13            Plaintiff,                    **HON. VIRGINIA K. DEMARCHI**

14
                                           **EX PARTE APPLICATION TO**
15        vs.                              **STRIKE NON-PARTY FILING OR**
                                           **FOR EXTENSION OF TIME TO**
16   JONATHAN HUNEAULT,                     **RESPOND TO PATRICK J.**
                                           **D'ARCY'S MOTION FOR LEAVE**
17                                         **TO FILE AMICUS CURIAE BRIEF**
          Defendant.
18

19

20

21

22

23

24

25

26

27

28

                                           1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Christopher J. Cordova ("Plaintiff") will, and hereby does, apply to this Court ex parte for an order (1) striking the non-party filing submitted by Patrick J. D'Arcy ("D'Arcy") (ECF No. 16), (2) removing D'Arcy from the docket and terminating his ECF service in this case, and (3) precluding D'Arcy from filing further non-party documents in this matter absent an appearance as counsel for a party.

This application is based upon the accompanying Memorandum of Points and Authorities, the pleadings and evidence on file in this matter, and such additional evidence or arguments as may be presented to the Court.

Dated:        August 19, 2025            Respectfully submitted,


                                By:    s/ Randall S. Newman
                                       Randall S. Newman, Esq.

                                       *Attorney for Plaintiff,*
                                       *Christopher J. Cordova*

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of his ex parte application to Strike Non-Party Filing or in the alternative Motion to Extend Time to Respond.

**INTRODUCTION**

Plaintiff, through undersigned counsel, respectfully moves ex parte to strike the "Motion for Leave to File Amicus Curiae Brief" submitted by non-party and _YouTuber_ Patrick J. D'Arcy ("D'Arcy"). (ECF No. 16). The filing is frivolous, procedurally improper, substantively irrelevant, and transparently harassing. It is also a blatant abuse of this Court's ECF filing system and warrants sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent authority.

D'Arcy's filing comes directly on the heels of his August 8, 2025 threat to Plaintiff's counsel, where he publicly declared

I know you're watching, Randy…you have now brought me into your life, and **_you're going to find that it's going to be a very expensive and difficult process for you_**. Now, I will fund your adversaries. I will help you lose cases.[1]

True to that threat, D'Arcy has now filed a frivolous non-party submission styled as a motion for leave to file an "amicus" brief, despite not being a defendant, not representing any party, and having no legitimate role in these proceedings. No defendant has been served or appeared in this case. Plaintiff is awaiting subpoena compliance from Google to confirm Defendant's identity. (ECF No. 12). No motions are pending.

It is entirely possible that no defendant will ever appear in this action. Against this backdrop, there is no conceivable role for D'Arcy's frivolous non-party filing, thinly disguised as an "amicus" submission. D'Arcy's motion is not a friend-of-the-court brief; it is an abusive non-party filing intended as an extension of a YouTube feud, designed to prejudice the Court against Plaintiff and his counsel and to inflate litigation costs, exactly

---

[1] https://www.youtube.com/watch?v=sn-7Wabymew&t=222s at 3:42.

_Ex Parte_ **Application to Strike Non-Party Filing or For Extension of Time to Respond**

as D'Arcy threatened. More fundamentally, it serves no function in this case: there is no party, no pending motion, and no live dispute that an amicus brief, even if properly filed, which this is not, could conceivably assist with.

D'Arcy's filing is not a legitimate amicus submission, but a frivolous non-party motion born of personal resentment. By his own exhibits, it is apparent that he is upset because undersigned counsel mocked him on YouTube for claiming to have seen a 40-foot "electronic Jesus" in his backyard who spoke to him. (ECF No. 16-1 at 1). Why D'Arcy chooses not to respond on his own YouTube channel is unknown. What is clear, however, is that an unrelated attorney with no connection to this case cannot transform a YouTube feud into a federal court proceeding, nor can he enlist this Court to silence criticism that he and his YouTube allies dislike.

Requiring Plaintiff to respond to such a frivolous and unauthorized filing by a non-party, particularly after D'Arcy publicly threatened to increase litigation costs in this proceeding, would reward harassment and undermine judicial economy. Misusing his ECF credentials and this Court's docket in this manner is improper, unethical, and warrants sanctions under 28 U.S.C. § 1927 or the Court's inherent authority. Accordingly, Plaintiff respectfully requests that the Court strike D'Arcy's non-party motion from the docket, direct that he be removed from the docket and service list, and grant such other and further relief as the Court deems just and proper.

## BACKGROUND

Plaintiff owns and operates a First Amendment YouTube channel called Denver Metro Audits. For years, so-called "anti-auditor" YouTube channels reposted and monetized copyrighted videos created by Plaintiff and other First Amendment auditors without significant transformation. Collectively, these channels published more than 10,000 infringing videos, typically under the guise of "fair use." For a long time, no one challenged them, and infringement flourished unchecked.

When Plaintiff and other auditors began enforcing their intellectual property rights by filing this action, along with several related actions, against the operator of the Frauditor

*Ex Parte* Application to Strike Non-Party Filing or For Extension of Time to Respond

Troll channel (the Defendant here) and other anti-auditor channels, those channels did not defend their conduct on the merits. Instead, they responded with mass deletion. Defendant's channel alone removed more than 1,700 videos rather than test its claims in court. (See ECF No. 8-1, ¶ 13). Having abandoned legal defenses, the anti-auditor community pivoted to retaliation, directing its efforts toward personal attacks on Plaintiff and undersigned counsel. D'Arcy's frivolous non-party motion, thinly disguised as an "amicus" brief, is not a neutral submission but an extension of that coordinated campaign of harassment.

D'Arcy is not a party to this case nor does he represent any party to *any* pending action. He is a YouTuber with more than 8,100 subscribers, a far larger platform than counsel's own small channel of 451 subscribers. In his "amicus" motion, D'Arcy admits to communicating with Defendant and other anti-auditors, and openly aligning himself with them. He even claims to have advised them to seek copyright counsel. From this position, D'Arcy and the anti-auditors have produced more than a dozen videos about Plaintiff, Plaintiff's counsel, and this lawsuit, mischaracterizing the law, disparaging the case, and inciting harassment of Plaintiff and his counsel.

In an August 8, 2025 video (@hoyaloya) titled *Trial Lawyer Reviews Randall S. Newman's Losses In Two Federal Cases, Including Office Space*, D'Arcy addressed undersigned counsel directly:

> I know you're watching, Randy[2]… you have now brought me into your life, and ***you're going to find that it's going to be a very expensive and difficult process for you***. I will fund your adversaries. I will help you lose cases.

D'Arcy's filing could more accurately have been captioned as a "Motion to Prevent Hurt Feelings" rather than a motion for leave to file an amicus brief. Even more remarkably, D'Arcy boasts in his own filing that he spent approximately $24,000 of his time preparing his frivolous "amicus" brief. (ECF No. 16 at p. 8). That expenditure is not

---

[2] Randy is Plaintiff's counsel, Randall S. Newman, Esq.

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

evidence of devotion to the Court's work; it is proof of a personal campaign to make this litigation "very expensive," exactly as he promised in his August 8, 2025 video. By his own words and actions, this is the textbook definition of a bad-faith filing, one undertaken not to aid the Court, but to harass Plaintiff and his counsel and inflate costs. The impropriety is compounded by the fact that D'Arcy has no connection whatsoever to this case or any other pending case involving the parties, and his submission advances no legal authority or factual analysis that could assist the Court.

Notably, D'Arcy's submission does not even attempt to address "fair use," the very doctrine long invoked by the anti-auditor community to justify wholesale reposting of Plaintiff's work. Instead of defending fair use in court, D'Arcy and his allies now resort to attacking Plaintiff and his counsel personally. This underscores the true purpose of the filing: to distract from widespread copyright infringement by shifting the focus away from the merits of Plaintiff's claims and onto irrelevant personal attacks.

D'Arcy's own exhibits confirm this. Rather than offer legal authority or analysis, he submitted screenshots of memes and YouTube comments, apparently to show that undersigned counsel mocked D'Arcy for claiming to have seen a 40-foot "electronic Jesus" in his backyard. That material has no bearing on this lawsuit. It merely demonstrates that D'Arcy's purpose is to retaliate for personal ridicule and hurt feelings and to increase Plaintiff's litigation costs, not to assist the Court.

Moreover, Plaintiff and his counsel have every right to respond to the ongoing public attacks launched by D'Arcy and the anti-auditor community on YouTube. That, in truth, is the crux of his frivolous "amicus" motion: after mocking and ridiculing Plaintiff and other auditors for years without challenge, D'Arcy and his allies now object when they themselves become subject to criticism. His filing is not about law but about silencing lawful responses to his own campaign of disparagement because Plaintiff's counsel mocked him for saying he saw Electronic Jesus in his backyard.

In short, D'Arcy is no "friend of the court." He is a friend and subscriber to Defendant's channel and other anti-auditor channels. His loyalties are openly

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

1  acknowledged, and his filing reflects those loyalties, not any attempt to provide useful

2  guidance to this Court on copyright issues.

3      Finally, Plaintiff's counsel currently has six other copyright cases pending in this

4  District on behalf of Plaintiff and fellow auditors, all involving the same pattern of

5  infringement. In none of those actions has an infringing defendant appeared. Given

6  D'Arcy's public threat to "fund adversaries" and escalate costs, a firm ruling striking this

7  filing and warning against repetition is essential to protect judicial economy across multiple

8  matters.

9                          **ARGUMENT**

10      **A.    There Is No Role for an Amicus in This Case.**

11      D'Arcy's filing is not a legitimate amicus brief but an impermissible attempt to

12  circumvent the rules governing party participation. Non-parties cannot simply self-appoint

13  as amici; only the Court has discretion to accept such filings, and only when they aid the

14  Court on live issues. *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233,

15  1249 n.34 (11th Cir. 2006) ("District courts possess the inherent authority to appoint

16  'friends of the court' to assist in their proceedings."); *Ryan v. Commodity Futures Trading*

17  *Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term "amicus curiae" means friend of

18  the court, not friend of a party"). Here, there is no defendant, no pending motion, and no

19  live dispute. D'Arcy provides no legal analysis, only personal grievances and YouTube

20  commentary. Because there is no role for an amicus at this stage, and because his

21  submission is merely a frivolous non-party motion in disguise, the Court should strike it

22  from the docket.

23      **B.    Courts Have Inherent Authority to Strike Improper Filings.**

24      Federal courts possess the inherent power to control their dockets, which includes

25  striking unauthorized or improper filings. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d

26  402, 404 (9th Cir. 2010). Non-parties in particular have no standing to inject filings into

27  ongoing litigation absent leave of court.

28

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

D'Arcy is not a party, does not represent a party, and has no legal basis to appear in this action. His submission misuses the Court's ECF system to lodge personal attacks into the permanent federal docket under the guise of an amicus brief. The Court should exercise its inherent authority to strike the filing, remove D'Arcy from the ECF service list, and make clear that further non-party filings of this nature will not be tolerated.

**C.    D'Arcy's Filing Was Submitted In Bad Faith and Warrants Sanctions.**

D'Arcy's August 8, 2025 video removes any doubt about his motive: he openly threatened to insert himself into this case to increase costs, to "fund adversaries," and to "help [Plaintiff's counsel] lose cases." He has now done precisely that, boasting that he spent $24,000 preparing a brief that contains no meaningful law and instead consists largely of memes and screenshots from YouTube commentary.

Sanctions are warranted when litigation conduct is undertaken in bad faith or multiplies proceedings unreasonably and vexatiously. 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (A court may assess attorney's fees when a party has acted in bad faith, vexatiously, or for oppressive reasons); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). That is exactly what has occurred here. While Plaintiff's primary request is that the filing be struck, D'Arcy should be cautioned that future misuse of the docket will expose him to monetary sanctions under § 1927 or the Court's inherent powers.

**D.    A Preventive Order is Necessary to Protect Judicial Economy.**

Plaintiff currently has six other copyright cases pending in this District[3] and several at the subpoena stage under 17 U.S.C. § 512(h). D'Arcy has publicly vowed to escalate litigation costs across all of Plaintiff's and undersigned counsel's cases. Without a clear order curtailing his conduct, he is likely to replicate this tactic in other actions, multiplying burdens on Plaintiff, undersigned counsel, and the Court alike. The Court's inherent

---

[3] *Cordova v. John Doe*, 25-cv-05207-DMR; *Executive Lens LLC v. Rapkin*, 25-cv-06048-NC; *Liberty Troll LLC v. Buma*, 25-cv-06100-TLT; *DeCastro v. O'Dea*, 25-cv-06567-NC; *Helping Hands for Dignity Coalition v. Gurka*, 25-cv-06750-WHO; and *Liberty Troll LLC v. Reed*, 25-cv-06878-SVK.

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

authority to manage its docket supports an order striking this filing and precluding further submissions by D'Arcy absent a proper appearance as counsel of record.

**E.    In the Alternative, Extension of Time to Respond.**

Should the Court decline to strike D'Arcy's frivolous non-party filing outright, Plaintiff respectfully requests an extension of time to respond. No defendant has been served or appeared in this matter, and it is entirely possible that no defendant will ever appear. Under these circumstances, requiring a response to a frivolous non-party "amicus" submission serves no purpose and rewards harassment. Indeed, compelling a response now would give D'Arcy exactly what he publicly threatened on August 8, 2025, namely, to make litigation "very expensive" by inserting himself into these proceedings. Accordingly, any deadline to respond should be extended until thirty (30) days after the first defendant appears.

**CONCLUSION**

D'Arcy's frivolous non-party filing is not a contribution to the Court's work but an abuse of it. He is not a friend of the Court, but a friend and subscriber to Defendant's YouTube channel and other anti-auditor channels. His submission is indistinguishable from an online YouTube rant, repackaged in legal formatting, and lodged on PACER improperly using his ECF credentials for no reason other than to harass Plaintiff and his Counsel. The Court should not permit non-parties to misuse the docket as a permanent weapon. Striking the filing and curtailing further abuse is both proper and necessary.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.    Strike the "Motion for Leave to File Amicus Curiae Brief" filed by Patrick J. D'Arcy (ECF No. 16);

2.    Direct the Clerk to terminate D'Arcy from the docket and remove him from the ECF service list;

3.    Bar D'Arcy from filing any papers in this case or in Plaintiff's six other pending copyright cases (including those involving 17 U.S.C. § 512(h) subpoenas) unless and until he properly appears as counsel of record for a party; and

*Ex Parte* **Application to Strike Non-Party Filing or For Extension of Time to Respond**

4.  Caution D'Arcy that further filings of this nature may subject him to sanctions under 28 U.S.C. § 1927 or the Court's inherent authority.

Dated:  August 19, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

***Ex Parte* Application to Strike Non-Party Filing or For Extension of Time to Respond**