UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HUNEAULT,<br><br>Defendant. | Case No. 25-cv-04685-VKD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Re: Dkt. Nos. 16, 17 |

Non-party Patrick Joseph D'Arcy seeks leave to file an amicus brief in support of defendant Jonathan Huneault, who has not appeared in this action. Dkt. No. 16. Plaintiff Christopher J. Cordova opposes this request and asks the Court to strike the filing and impose sanctions. Dkt. No. 17.

Courts have broad discretion to permit the filing of amicus briefs. *Stanley v. Ayers*, No. 07-cv-04727-EMC, 2021 WL 121191, at *2 (N.D. Cal. Jan. 13, 2021). "However, '[a]n amicus curiae is not a party to litigation.'" *Id.* (quoting *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982)). "Instead, the 'classic role' of amicus curiae is 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Id.* (quoting *Miller-Wohl Co., Inc.*, 694 F.2d at 204). "An amicus curiae is merely a 'friend of the court,' not a party to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, Case No. M 02-01486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007). While there is no rule that amici must be completely disinterested in the litigation, partisanship generally "'is

not proper in a trial court.'" *Feld Entm't, Inc. v. Arena Group 2000, LP*, No. 06cv1077 J (WMc), 2006 WL 8455518, at *2 (S.D. Cal. June 2, 2006); *cf. Funbus Sys., Inc. v. Cal. Public Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (finding appellate amici briefing proper where amici "d[id] not present highly partisan ... account[s] of the facts, or indeed, any account of the facts[.]").

The Court denies Mr. D'Arcy's request for leave to file an amicus brief in this action. The proposed brief purports to share information regarding alleged unprofessional behavior by plaintiff's attorney, Randall S. Newman—information that appears to have no bearing on the merits of this *copyright infringement* action. Dkt. No. 16. In any event, there is nothing in the proposed brief that draws the Court's attention to any pertinent law or matter that would otherwise escape the Court's consideration, or that would "assist" the Court in any respect. The proposed brief also purports to seek interim injunctive relief on behalf of the defendant in this action. *Id.* However, Mr. D'Arcy has not noticed an appearance on behalf of the defendant, and, as noted above, the defendant has not even appeared in the action.

In short, there is no basis in fact or law for Mr. D'Arcy's request for leave to file *anything* in this action, including an amicus brief. The Clerk of the Court is instructed to remove Mr. D'Arcy as amicus from this docket.

Mr. Cordova's motion to strike is denied as moot.

**IT IS SO ORDERED.**

Dated: August 19, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2