UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HUNEAULT, et al.,<br><br>Defendants. | Case No. 25-cv-04685-VKD<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 23 |

Plaintiff Christopher J. Cordova moves *ex parte* for an order authorizing service on defendants Jonathan Huneault and Nneka Ohiri and non-party Patrick J. D'Arcy by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. No. 23. For the reasons discussed below, the Court grants in part Mr. Cordova's application.

**I.    BACKGROUND**

According to the complaint, Mr. Cordova is a Colorado resident and the creator and operator of the YouTube channel "Denver Metro Audits." Dkt. No. 20 ¶ 15. He alleges that Mr. Huneault and Ms. Ohiri own and operate the YouTube channel "Frauditor Troll Channel." *Id.* ¶¶ 16, 17. He further alleges that Mr. Huneault and Ms. Ohiri are married or domestic partners residing in Canada. *Id.* ¶ 17.

In this action, Mr. Cordova asserts that defendants infringed Mr. Cordova's copyright in an original YouTube video called *Another Chad*, in violation of 17 U.S.C. § 501. *Id.* ¶¶ 60-68. In addition, Mr. Cordova asserts that defendants made material misrepresentations in counter-notices submitted to YouTube in response to Mr. Cordova's DMCA take down notices for several videos,

1  in violation of 17 U.S.C. § 512(f). *Id. ¶¶* 69-78. The counter-notices included Mr. Huneault's full
2  name, a physical address in New York, NY, and the email address frauditortroll@gmail.com. Dkt.
3  No. 23 at 4; Dkt. No. 20, Ex. A.

4      In his *ex parte* application, Mr. Cordova reports that he has been unable to serve Mr.
5  Huneault and Ms. Ohiri at the New York address that Mr. Huneault provided in his DMCA
6  counter-notices because the New York address is fake. Dkt. No. 23 at 3. Plaintiff's counsel has
7  attempted to communicate with defendants by email regarding waiver of service but received no
8  response. Dkt. No. 23-1 ¶ 4. Mr. Cordova asserts that Mr. Huneault and Ms. Ohiri are aware of
9  this action. *See* Dkt. No. 20 ¶ 75 (alleging defendants deleted over 1,700 videos from their
10 YouTube channel "[a]fter being notified of this lawsuit"); Dkt. No. 23 at 3 ("Defendants have
11 actual notice of this lawsuit."). Neither defendant has appeared in this action nor responded to this
12 *ex parte* application.

13     Mr. Cordova now seeks an order authorizing him to serve defendants Mr. Huneault and
14 Ms. Ohiri by email, including by email to non-party Mr. D'Arcy. Dkt. No. 23.

15 **II.   LEGAL STANDARD**

16     "Rule 4(f)(3) permits service in a place not within any judicial district of the United States
17 by means not prohibited by international agreement as may be directed by the court." *Rio Props.,*
18 *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3))
19 (citation modified). The rule does not "create a hierarchy of preferred methods of service of
20 process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary
21 relief." *Id.* at 1014-15 (citation modified). Rule 4(f)(3) requires only that service be (1) directed
22 by the court and (2) not prohibited by international agreement. *Id*. at 1014. So long as service is
23 "court-directed and not prohibited by an international agreement, service of process ordered under
24 Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*. Any
25 alternate means of service must comport with due process, and thus "must be reasonably
26 calculated, under all the circumstances, to apprise interested parties of the pendency of the action
27 and afford them an opportunity to present their objections." *Id*. at 1016 (citation modified). The
28 determination whether the circumstances in a particular case require alternate service of process

under Rule 4(f)(3) is a matter within the Court's discretion. *Id*.

**III.    DISCUSSION**

As defendants have not responded to Mr. Cordova's application for alternative service, despite having notice of both the action and the application, the Court concludes that it is appropriate to decide the application on an *ex parte* basis. *See Zoho Corp. v. Target Integration, Inc.*, No. 23-cv-00054-SI, 2023 WL 2837676, at *2 (N.D. Cal. Apr. 7, 2023) (deciding application for alternative service on an *ex parte* basis because "requiring plaintiffs to serve defendants before requesting authorization for alternative service would be paradoxical.").

**A.    International Agreement**

Canada, where defendants allegedly reside, is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). *See* Status Table 14, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/FZ9H-75C8] ("Status Table 14"). The Hague Service Convention does not expressly prohibit email service. *See Facebook, Inc. v. Banana Ads, LLC*, No. 11-cv-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting authority). Canada has not objected to any portion of the Hague Service Convention, including Article 10, which allows service through "postal channels" and "directly through the judicial officers, officials or other competent persons of the State of destination." Status Table 14; Hague Service Convention art. 10, Nov. 15, 1965, T.I.A.S. No. 6638.

The Court finds persuasive the several decisions in this District that have concluded in circumstances similar to this case that alternate service via email, when directed by a court, does not violate the Hague Service Convention. *See, e.g.*, *Zoho*, 2023 WL 2837676, at *3; *Wang v. Ehang Holdings Ltd.*, No. 20-cv-00569-BLF, 2020 WL 11891323, at *3 (N.D. Cal. June 29, 2020); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, No. 18-cv-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011).

### B. Alternative Service by Email on Mr. Huneault and Ms. Ohiri

Mr. Cordova argues that service by email is proper because defendants "expressly stated nine times in the Counter-Notices, under penalty of perjury, that they 'will accept service' at the physical address or email address they provided." Dkt. No. 23 at 11. Mr. Cordova does not accurately describe the statements in the cited counter-notices. Mr. Huneault did not expressly agree to accept service of process *by email*, as Mr. Cordova suggests. Rather, Mr. Huneault stated that he "will accept service of process from the claimant," without specifying that he agreed to accept service in any particular form. Dkt. No. 20, Ex. A.[1]

Nonetheless, Mr. Cordova has demonstrated that alternative service via email directed to Mr. Huneault and Ms. Ohiri at the frauditortroll@gmail.com email address is reasonably calculated to apprise Mr. Huneault and Ms. Ohiri of the pendency of this action. The frauditortroll@gmail.com email address is disclosed in defendants' DMCA counter-notices, and that email address is also linked with their Google AdSense account, which is in turn associated with the "Frauditor Troll Channel." Dkt. No. 23 at 4; Dkt. No. 23-1 ¶ 10, Ex. E. Given that the physical address Mr. Huneault provided appears not to be his address or Ms. Ohiri's, service by email at the frauditortroll@gmail.com email address is "the method of service most likely to reach" both Mr. Huneault and Ms. Ohiri. *See Rio Props., Inc.*, 284 F.3d at 1017; *see also id.* at 1018 ("If any method of communication is reasonably calculated to provide RII with notice, surely it is email—the method of communication which RII utilizes and prefers.").

In addition to the frauditortroll@gmail.com email address, Mr. Cordova identifies several other email addresses that he contends are associated with one or both defendants. Dkt. No. 23 at 5. The other email addresses that Mr. Cordova proposes using to serve defendants are associated with other YouTube channels and other activities that are not at issue in this action. *See id.* The

---

[1] Mr. Cordova also incorrectly states that Mr. Huneault's counter-notices "contained the representation required by 17 U.S.C. § 512(g)(3)(D) that the filer 'will accept service of process' for any lawsuit concerning those videos." Dkt. No. 23 at 4. The statute requires a response to include "a statement that . . . the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." 17 U.S.C. § 512(g)(3)(D). The statute does not require the filer to say he will accept service of process for any lawsuit.

4

Court does not authorize service of process on defendants by email at any of these other email addresses.

To ensure that both Mr. Huneault and Ms. Ohiri receive notice of this action, the Court also directs Mr. Cordova to serve defendants by certified mail at the following address: 125 Stewart Crescent, Bradford West Gwillimbury, Ontario L3Z 0T3, Canada. On August 25, 2025, in response to Mr. Cordova's subpoena, Google identified this mailing address as associated with defendants' Google AdSense billing profile. *See* Dkt. No. 23 at 5; Dkt. No. 23-1 ¶ 10, Ex. E. Mr. Cordova contends that he should not be required to attempt service at the address because "[h]aving once provided a fabricated address under oath, Defendants cannot now be trusted to have provided an authentic or serviceable address to Google." Dkt. No. 23 at 9. However, unlike the New York address, the address provided to Google is consistent with Mr. Cordova's allegations that both defendants reside together in Canada. *Id.* at 5. Thus, there is indeed reason to believe that address in Canada is their true address, and Mr. Cordova has not shown otherwise, having never attempted service at that address.

Accordingly, the Court directs that Mr. Cordova may serve the operative complaint and summons on Mr. Huneault and Ms. Ohiri by email at the frauditortroll@gmail.com. However, if Mr. Cordova elects to serve by email at this email address, he must also send a copy of the operative complaint and summons by certified mail to defendants at 125 Stewart Crescent, Bradford West Gwillimbury, Ontario L3Z 0T3, Canada.

### C.  Alternative Service by Email on Mr. D'Arcy

Mr. Cordova also requests an order authorizing him to serve defendants by serving non-party Mr. D'Arcy. Dkt. No. 23 at 11. Mr. Cordova contends that service on Mr. D'Arcy should be authorized because Mr. D'Arcy, an attorney, involved himself in this action by filing a motion seeking leave to file an amicus brief in support of defendants and by discussing this action with defendants. *Id.* at 12.

Alternative service by service on an attorney is permissible where the attorney has litigated the case on the defendant's behalf. *See Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017) (permitting alternative service on defendant's counsel who declined to accept

service on defendant's behalf because counsel had previously litigated a motion to dismiss on defendant's behalf); *see also Columbia Pictures v. Galindo*, No. 2:20-cv-03129-SVW-GJSx, 2021 WL 10139466, at *3 (C.D. Cal. Oct. 13, 2021) (authorizing alternative service on counsel who denied representing defendant, but who had earlier litigated the question of personal jurisdiction on defendant's behalf).

Here, Mr. D'Arcy has never appeared on behalf of Mr. Huneault or Ms. Ohiri in this action, nor has he litigated any motions on defendants' behalf. The Court is not persuaded that permitting Mr. Cordova to serve Mr. D'Arcy by email is reasonably calculated to provide notice of the action to defendants.

Mr. Cordova's request to alternatively serve Mr. D'Arcy on defendants' behalf is denied.

## IV. CONCLUSION

For these reasons, the Court grants in part Mr. Cordova's application for an order authorizing alternative service. The Court orders that Mr. Cordova may serve the operative complaint and summons on Mr. Huneault and Ms. Ohiri by email at frauditortroll@gmail.com but only if he also sends those documents by certified mail to defendants at 125 Stewart Crescent, Bradford West Gwillimbury, Ontario L3Z 0T3, Canada.

The 90-day time limit for service in Rule 4(m) does not apply to service of an individual in a foreign country. Fed. R. Civ. P. 4(m); *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *4 (N.D. Cal. June 7, 2019). The Court directs Mr. Cordova to file proof of service no later than **September 30, 2025**.

**IT IS SO ORDERED.**

Dated: September 12, 2025

Virginia K. DeMarchi
United States Magistrate Judge