# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JONATHAN HUDON-HUNEAULT,<br>NNEKA OHIRI,<br><br>  Defendants. | Case No. 25-cv-04685-VKD<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:  November 4, 2025<br>Time:  1:30 p.m.<br>Place:  Videoconference<br>Judge:  Hon. Virginia K. DeMarchi |

Case 5:25-cv-04685-VKD   Document 37   Filed 10/28/25   Page 2 of 10

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's June 4, 2025 (ECF No. 4) and August 11, 2025 (ECF No. 14) Orders, Federal Rule of Civil Procedure 16 and Civil L.R. 16-9, the parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order.

**I.    JURISDICTION & SERVICE**

The parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

The parties further agree that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial portion of the events giving rise to the claims occurred here and the relevant conduct was directed toward this District through the use of YouTube's U.S.-based servers and DMCA processes.

Personal jurisdiction is proper because Defendants expressly consented to jurisdiction in this District by submitting DMCA counter-notifications pursuant to 17 U.S.C. § 512(g)(3), which designate the Northern District of California as the appropriate forum for any action arising from the disputed takedowns.

Plaintiff intends to file a First Amended Complaint on or before November 3, 2025, adding 14693663 Canada Inc. as a Defendant. Defendants' counsel has agreed to accept service of the First Amended Complaint on behalf of that entity via ECF upon filing. The parties are not aware of any outstanding issues regarding service, joinder, or jurisdiction at this time.

**II.    FACTS**

**A.    Plaintiff's Statement of Facts**

Plaintiff Christopher J. Cordova is the creator and operator of the YouTube channel Denver Metro Audits ("DMA"), which publishes original video journalism documenting interactions with public officials, police officers, and other government employees to promote transparency and accountability. Plaintiff's channel is part of the broader

2
**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

"auditor" movement, a genre of citizen journalism focused on First Amendment rights and public oversight.

Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. operate the Frauditor Troll YouTube channel, a self-described "reaction" channel and, in substance, a satirical commentary channel that mocks or ridicules First Amendment auditors. The channel monetizes videos built from unlicensed uses of other creators' copyrighted works. Plaintiff alleges that Defendants used video-ripping or other circumvention software in violation of YouTube's Terms of Service and 17 U.S.C. § 1201 to obtain native copies of approximately 50 to 100 of Plaintiff's copyrighted videos, which they uploaded to generate advertising revenue through YouTube's AdSense program.

Defendants' uploads contained lengthy, unaltered portions of Plaintiff's footage, including up to six-minute stretches with no commentary, interspersed with brief ridicule, public-domain or third-party copyrighted memes, or short comments that did not meaningfully transform the original works. Between 2022 and 2025, Plaintiff estimates Defendants published at least 50 such videos without authorization. The precise number cannot yet be determined because Defendants deleted more than 1,700 videos from the Frauditor Troll channel after learning of this action.

As of this filing, Plaintiff identifies three principal infringing videos:

1. "Frauditor DMA Gets Confronted by Angry Citizen (Hilarious)" – incorporates approximately 25 minutes and 54 seconds of Plaintiff's Another Chad Exposed video (Reg. No. PA0002457989), representing about 56% of the copyrighted work;
2. "Frauditor DMA Gets Camera Touched and Cries a River" – incorporates approximately 37 minutes and 16 seconds of Angry Mob at Belmar Library (Reg. No. PA0002549333), representing about 81% of the work;
3. "Frauditors Ejected from Federal Courthouse (NEW)" – incorporates approximately 18 minutes and 46 seconds of Federal Courthouse Fail (registration pending), representing about 62% of the work.

Each video contains long, uninterrupted segments of Plaintiff's recordings with minimal commentary and was monetized through the YouTube Partner Program for commercial gain.

After Plaintiff issued DMCA takedown notices in July and October 2023, Defendants filed twelve counter-notifications under 17 U.S.C. § 512(g), claiming their uploads were protected by "the fair use act of 1976," that Mr. Huneault was "the original creator of the Fair Use videos," and that counsel had been retained. Plaintiff alleges these statements were false, asserting that the channel is owned and monetized by Ms. Ohiri, that both Defendants reside in Canada though they listed "99 Wall Street, New York, NY" as their address, and that no attorney had been retained. Public statements by Defendants indicate they viewed the counter-notice process as a way to force YouTube to reinstate their videos rather than to assert a legitimate fair-use defense.

YouTube reinstated nine of the disputed videos in reliance on those counter-notifications. Following service of this lawsuit, Defendants deleted more than 1,700 videos, including most of the reinstated works, while continuing to deny wrongdoing.

**B.   Defendants' Statement of Facts**

YouTube is not forced to forward counternotices to a party issuing a DMCA takedown letter. Many times, they determine a person does not have good standing, and they refuse to forward the counternotice. As Plaintiff notes, YouTube DID forward these counternotices recognizing that while the clip use may involve a good portion of Plaintiff's original videos, Defendants videos are a MEME and a PARODY of Plaintiff's "first amendment auditing" that involves this Plaintiff having been forced to cease and desist activities at the social security administration office, and he has even instigated confrontation in at least one courthouse creating a ruckus and interfering with the administration of justice. They do this for one reason only, to create a YouTube channel. The evidence will show other creators use large portions of Plaintiff's works and he does not sue them because they are favorable to their disruptive activities that interrupt government services, and costs taxpayers' money for this. Defendant's videos are clearly

a 100% parody (much like the 2 Live Crew case) and Defendants are entitled to fair use defense. The final product is completely transformative using commentary, memes, and criticism of their activities. There is no infringement. Plaintiff has no evidence of illegal ripping tools being used, and such allegation will be subject to Rule 11 overview.

### III.  LEGAL ISSUES

1. Whether Defendants engaged in unlawful circumvention of technological protection measures in violation of 17 U.S.C. § 1201.
2. Whether Defendants' use of Plaintiff's copyrighted video content constitutes fair use under 17 U.S.C. § 107.
3. Whether Defendants' DMCA counter-notifications contained material misrepresentations in violation of 17 U.S.C. § 512(f).
4. Whether Plaintiff is entitled to damages, injunctive relief, or attorneys' fees under the Copyright Act or the DMCA.
5. Whether Plaintiff is the prevailing party to this action and should be awarded attorney fees.

### IV.  MOTIONS

Defendants intend on filing a Motion to Dismiss Plaintiff's First Amended Complaint on or before November 24, 2025 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and for dismissal due to clear fair use rights.

### V.  AMENDMENT OF PLEADINGS

Plaintiff will file a First Amended Complaint on November 3, 2025. Plaintiff intends to file a Second Amended Complaint after the registration for Federal Courthouse Fail is issued by the U.S. Copyright Office.

### VI.  EVIDENCE PRESERVATION

The parties certify that they have reviewed the ESI Guidelines, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**A.   Plaintiff's Position**

Defendants purportedly deleted more than 1,700 videos from the Frauditor Troll channel after being informed about this action. Plaintiff believes that between 50 and 100 of those videos contained substantial portions of Plaintiff's copyrighted works and that many others were created using similar technical methods of reproduction and re-upload, which are relevant to both Defendants' knowledge and Plaintiff's claim under 17 U.S.C. §1201.

Plaintiff does not contend that every deleted video is substantively relevant, but seeks discovery sufficient to: (1) identify which deleted videos used Plaintiff's footage, and (2) evaluate Defendants' methods of obtaining and re-posting copyrighted material. To that end, Plaintiff requests preservation and production of metadata (video titles, upload dates, durations, and available thumbnails) for all deleted videos, with full video file production limited to those shown to contain Plaintiff's works.

**B.   Defendants' Position:** There is a timing question and a proof issue as to whether Defendant was aware of any evidence preservation issue.

**VII.   DISCLOSURES**

Plaintiff and Defendants will have served their Rule 26(a) Initial Disclosures as of the date of this Joint Case Management Statement, October 28, 2025.

**VIII.   DISCOVERY**

Plaintiff was previously granted leave to serve a third-party subpoena on Google LLC regarding the ownership and operation of the Frauditor Troll YouTube channel. Google produced responsive documents on August 25, 2025.

The parties agree that the most relevant evidence will consist of YouTube videos, channel metadata, and correspondence with Google concerning the disputed takedowns. Plaintiff has preserved all source files, copyright registration certificates, and related communications. Plaintiff has requested that Defendants preserve all raw video files, channel analytics, and communications with YouTube or any other hosting platforms.

Given the limited volume of electronically stored information (ESI) anticipated, the parties do not presently expect to require e-discovery vendors, formal search protocols, or specialized review platforms. The parties will cooperate in good faith to exchange relevant materials in native or reasonably usable format and will meet and confer regarding a stipulated E-Discovery Order if the need arises.

No discovery disputes have been identified at this time.

### IX.    CLASS ACTION

This is not a class action.

### X.    RELATED CASES

There are no related cases.

### XI.    RELIEF

#### A.    Plaintiff's Position

Plaintiff seeks monetary damages for copyright infringement, statutory and/or actual damages for violations of 17 U.S.C. § 1201 (circumvention of technological protection measures), and damages and attorneys' fees under 17 U.S.C. § 512(f) for the knowing submission of materially false DMCA counter-notifications.

Plaintiff also seeks injunctive relief prohibiting further infringement or circumvention, and an order requiring the removal of infringing videos and related derivative works from YouTube and any other online platforms under Defendants' control.

#### B.    Defendants' Position:  Defendant will seek attorney fees as prevailing party to this action.

### XII.    SETTLEMENT AND ADR

The parties have discussed settlement prior to the filing of this case, and the possible terms of settlement are understood by the parties. Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the following conclusions:

#### A.    Plaintiff's Position: Plaintiff may be open to mediation after a decision on Summary Judgment regarding Defendants' Fair Use Affirmative Defense.

**B.  Defendants' Position:** Following discovery, Defendant may be open to mediation.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consented to the Magistrate Judge for all purposes

## XIV.  OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING OF ISSUES

The parties do not believe that it is possible to narrow the issues at this time. Potential narrowing after discovery on ownership and counter-notice authenticity

## XVI.  EXPEDITED TRIAL PROCEDURE

The parties do not believe that his case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

## XVII.  SCHEDULING

| Event | Proposed Deadline |
|---|---|
| Completion of Fact Discovery | June 30, 2026 |
| Expert Disclosures | July 31, 2026 |
| Completion of Expert Discovery | August 31, 2026 |
| Deadline for Dispositive Motions | September 30, 2026 |
| Pretrial Conference | January 2027 |
| Bench Trial (Estimated 2 days) | February 2027 |

## XVIII.  TRIAL

The parties consent to a bench trial (estimated 2 days).

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed the required certification; no non-party interested entities other than Google LLC (YouTube) may be implicated.

**XX.     PROFESSIONAL CONDUCT**

Counsel have reviewed the Guidelines for Professional Conduct and will comply.

**XXI.     OTHER**

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing

Dated: October 28, 2025

s/ Randall S. Newman
Randall S. Newman, Esq. (190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

Dated: October 28, 2025

/s/ Steve Vondran
Steven C. Vondran, Esq. (232337)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
(949) 945-8700
steve@vondranlegal.com

*Attorney for Defendants*

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

VIRGINIA K. DEMARCHI, UNITED MAGISTRATE JUDGE