UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HUNEAULT, et al.,<br><br>Defendants. | Case No. 25-cv-04685-VKD<br><br>**CASE MANAGEMENT ORDER**<br>Re: Dkt. No. 37 |

On November 4, 2025, the parties appeared for a Case Management Conference. Based on the parties' Joint Case Management Statement, and the discussion held at the conference, the Court orders as follows:

The presumptive limits on discovery set forth in the Federal Rules of Civil Procedure shall apply.

In the event discovery disputes arise, the parties shall comply with the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases,[1] which sets forth the requirements for filing joint discovery letter briefs rather than noticed discovery motions. Parties are encouraged to promptly address discovery disputes. At the latest, discovery disputes relating to fact discovery must be submitted to the Court no later than seven days after the fact discovery cutoff, and discovery disputes relating to expert discovery must be submitted to the Court no later than seven days after the expert discovery cutoff. Civil L.R. 37-3.

---

[1] Parties may obtain copies of all of Judge DeMarchi's standing orders from the Clerk of the Court, or on Judge DeMarchi's web page on the Court's website (https://cand.uscourts.gov/judges/demarchi-virginia-vkd/).

The parties shall comply with the requirements, deadlines and procedures outlined in Judge DeMarchi's Standing Order re Pretrial Preparation for all cases scheduled for trial. If the parties agree to extend the briefing schedule for any motion or the schedule for the exchange of pretrial materials, they may file a stipulated request for the Court's approval of such agreement, so long as the requested schedule does not alter any of the dates set below.

The following schedule shall apply to this case:

| | |
|---|---|
| Deadline to file motion to amend pleadings | February 2, 2026[2] |
| Fact discovery cutoff | June 30, 2026 |
| Deadline for Rule 26(a)(2) disclosures[3] | July 21, 2026 |
| Deadline for Rule 26(a)(2) rebuttal disclosures[4] | August 11, 2026 |
| Expert discovery cutoff | August 31, 2026 |
| Last day for hearing on dispositive motions/*Daubert* motions | November 10, 2026 (Tentative) |
| Final Pretrial Conference[5] | January 6, 2027, 9:30 a.m. |
| Bench Trial (2 days) | February 1-2, 2027, 9:00 a.m. |

By **March 2, 2026**, the parties shall file a joint report advising the Court of which form of alternate dispute resolution ("ADR") they have selected and a proposed deadline for completion of any such ADR.

By **September 8, 2026**, the parties shall file a joint report advising the Court of any issue

---

[2] As discussed at the conference, this is an outside deadline that is separate from a deadline to amend (if any) that the Court may set in connection with defendants' forthcoming motion to dismiss.

[3] This deadline applies to any witness a party will use at trial to present evidence under Fed. R. Evid. 702, 703 or 705, and includes the disclosures required under Fed. R. Civ. P. 26(a)(2)(B) and (C).

[4] This deadline applies to any witness a party will use at trial to present evidence under Fed. R. Evid. 702, 703 or 705, and includes the disclosures required under Fed. R. Civ. P. 26(a)(2)(B) and (C).

[5] Lead counsel who will try the case must attend the pretrial conference.

that a party believes can and should be resolved by summary judgment or a *Daubert*[6] motion in advance of the bench trial.  Each such issue should be described briefly and without argument.  After receiving the parties' report, the Court will issue an order identifying which issues, if any, should be briefed.

**IT IS SO ORDERED.**

Dated: November 4, 2025

                                               VIRGINIA K. DEMARCHI
                                               United States Magistrate Judge

---

[6] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  This deadline applies to any motion challenging the qualifications or reliability of an expert witness testifying pursuant to Fed. R. Evid. 702.  *See id.*; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).