Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
steve@vondranlegal.com

Attorney for Defendant JONATHAN HUNEAULT
A/K/A "FRAUDITOR TROLL" (14693663 CANADA INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER J CORDOVA<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUNEAULT A/K/A "FRAUDITOR TROLL", and 14693663 CANADA INC. and NNEKA OHIRI<br><br>Defendants. | No. 5:25-cv-04685-VKD<br><br>Honorable Judge: Virginia K. DeMarchi<br><br>**DEFNDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**<br><br>HEARING<br>Date: December 30, 2025<br>Time: 10:00 AM<br>Place: 280 South 1st Street,<br>Courtroom: 2 (5th Floor), San Jose, CA 95113.<br><br>[*Filed concurrently with notice of motion, proposed order, and declaration of Jonathan Huneault*] |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CAUSES OF ACTION 2, 3, AND 4 OF THE FAC.**

1

## I. INTRODUCTION/BACKGROUND

Plaintiff has sued Defendants for making a parody video of his "First Amendment Auditor" videos on YouTube. Plaintiff's schtick is simple, they go into "public areas" to force a confrontation with business owners and/ law enforcement officers. Once, Plaintiff pulled his routine in a Courthouse, and he has been banned from the social security administration office. For people like Plaintiff, they don't care if they are interfering with the lives of normal people, or even pulling 4 or 5 officers to the scenes of their videos (at taxpayer expense, of course, and depleting law enforcements ability to pursue "real legal issues, such as crimes." No, Plaintiff could care less about all this and instead cares more about their video channel and getting viewers and subscribers. While this may be protected first amendment activity, it is also ripe for comment and ridicule, including the parody videos Defendants make of Plaintiff's activities, referring to them as "frauditors."

Plaintiff has been known to allow commentaries of his videos without suing other people, as long as they act kindly to him, but the minute someone criticizes and ridicules his work, he goes off the deep end and decides its time to file a lawsuit. This law has no viability in any of its four causes of action. A parody video is protected as fair use, and as clearly set forth in the first motion to dismiss (the copyright action), this is protected under *17 U.S.C. 107* as briefed (docket 29, 33) and incorporated herein to this memorandum by reference.

To summarize, the four factor of the fair use test each favor Plaintiff:

1. **Purpose and character of the use:** Defendants work is transformative as a commentary and parody of Plaintiff's original video. He makes fun of Plaintiff in many ways as set

2

MOTION TO DISMISS – MEMORANDUM OF POINTS AND AUTHORITIES

forth in his attached declaration.  He has transformed the original into "something new" with a different audience that Plaintiff.  Even Plaintiff admits this. **See declaration of Defendant. Defendant relies on** *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) and other cases holding that a parody is protected free speech, even though the entire song was used.

2. **Nature of the copyrighted work:** Plaintiff admits he is a news journalist.  His "news" videos are based on factual events (how people react to folks that like to cause a scene in public, dealing with a public issue, the first amendment).  There is scan editing by Plaintiff.  Thus, Plaintiffs work is entitled to only the most minimal, or "thin" copyright protection.  **See declaration of Defendant.**

3. **Amount and substantiality of the portion used:** The amount used was, fairly extensive, but necessary to conjure the absurdity of Plaintiff's original work.  There really is no "*heart of the work*" at stake in Plaintiff's videos as it is nothing more than an ongoing attempt to create a public scene and make fun of business owners and law enforcement.

4. **Effect of use on the potential market for the original.**  A parody does not usurp the market opportunities for Plaintiff's work.  Plaintiff even admits that Plaintiff and Defendant "have different audiences." **See declaration of Defendant.**

During the case management conference, it was discussed that fair use is a mixed question of law and fact, as such, should not be decided on a motion to dismiss.  However, the fact that the fair use factors weigh in favor, this makes it clear that there could be no "bad faith" that could be found under 17 U.S.C. 512(f), the second cause of action, and this claim cannot meet the plausibility standard and must be dismissed.

3

Plaintiff also seeks Declaratory Relief relating to his cause of action for copyright infringement. This claim is duplicative and must be dismissed. The only reason Plaintiff asserts this cause of action is to seek attorney fees which are not available due to the untimely registration of his copyright. This should be dismissed with prejudice.

Finally, Plaintiff added a new claim that alleges Defendants circumvented YouTube's technology protection measures which allowed him to get access to Plaintiff's video on YouTube. This too lacks credibility, is false, and Plaintiff has no legal standing to assert this claim on behalf of YouTube, apparently.

Thus, causes of action two, three and four should be dismissed with prejudice as amendment is futile. If Plaintiff claims to have facts to amend, the court should require them to say so on the record in detail as to what those facts are.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

A.  ISSUES TO BE DECIDED:

1. Whether Plaintiff filed their DMCA takedown notice in bad faith in light of application of the four-factor fair use test. Can such a claim meet the "plausibility" standard under these facts?

2. Whether the court should dismiss the *duplicative claim* for declaratory judgment of copyright infringement, bad faith take down, and anti-circumvention, where these causes of action are separately alleged, and this request for relief adds nothing more than an attempt to seek to recover attorney fees they are not entitled to under the copyright infringement statute.

3. Whether Plaintiff has alleged plausible facts to support a claim of anti-circumvention, and whether they have "standing" to assert this claim.

**B. STANDARD OF REVIEW UNDER RULE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a complaint fails to state a claim upon which relief can be granted. Under federal procedural standards, courts decide a Rule 12(b)(6) motion by assuming the truth of well-pleaded facts, drawing reasonable inferences in the plaintiff's favor, and then determining whether the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts are not required to accept as true mere legal conclusions, unwarranted inferences, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

When a plaintiff's allegations are consistent with lawful conduct or equally suggest an innocent explanation, the claim is not plausible and must be dismissed. *Twombly*, 550 U.S. at 557. Dismissal is proper where the facts alleged, even if accepted as true, do not meet the essential elements of the claim. See *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (affirming dismissal where allegations lacked factual content showing required state of mind).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court reinterpreted the substance of Rule 8(a), holding that plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal under Rule 12(b)(6). Here, Plaintiff's cannot meet this basic requirement as to its causes of action for anti-circumvention, and bad faith counternotice. Plaintiff's complaint asserts THREE causes of action relevant to this motion:

5

1. **There is no bad faith by Defendant in issuing its objectively "good faith" counternotice based on fair use rights under 17 U.S.C. 107.**

**SECOND CAUSE OF ACTION**: Misrepresentation, bad faith counternotice under 17 U.S.C. 512f.  As noted above, application of the four fair use factors makes this 100% there could never be the required "bad faith" to hold Defendants liable for filing a counternotice to protect its parody video, and to ultimately protects its channel from being subject to takedown by YouTube ("three strikes and you're out with YouTube).  There is no possible way Plaintiff can make this allegation "stick."  Respectfully, this is without merit or plausibility and must be dismissed without amendment.  In their complaint, Plaintiff repeatedly asserts that Defendant acted "knowingly," "deliberately," and in "bad faith" when he used portions of Plaintiff's publicly posted video for online commentary. Plaintiff pleads only conclusions, not facts. There are no allegations showing that Defendant subjectively believed his use was unlawful or that he knowingly issued a false counter-notification.  Moreover, per Defendant's declaration, Plaintiff consented to the use.

### A. Section 512(f) requires actual, subjective knowledge of falsity

The Ninth Circuit has made the standard explicit and demanding.  Under *Rossi v. MPAA*, 391 F.3d 1000, 1005 (9th Cir. 2004), a defendant is liable under §512(f) only if the plaintiff pleads facts showing the defendant *subjectively knew* the challenged use was lawful and nonetheless misrepresented it as infringing. *Rossi* rejected an objective negligence or reasonableness standard. Even a mistaken belief in infringement is insufficient. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016) reaffirmed Rossi. Although Lenz held that copyright owners must consider fair use before sending takedown notices, it *also* held that §512(f) liability attaches only where a party actually knows the use is unauthorized by law. A mistaken or debatable view of fair use cannot constitute bad faith. *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017), aff'd

6

MOTION TO DISMISS – MEMORANDUM OF POINTS AND AUTHORITIES

900 F.3d 39 (2d Cir. 2018), similarly rejected bad-faith allegations where the defendant used portions of a video for commentary and parody. Because the use was facially transformative, the court held no reasonable jury could find subjective knowledge of illegality. Importantly, the court dismissed the §512(f) bad-faith claim at the motion-to-dismiss stage, confirming that allegations of "knowing misrepresentation" cannot survive absent concrete facts showing actual subjective awareness of unlawfulness.

**B. The complaint pleads no facts showing defendant knowingly misrepresented anything**

Plaintiff's "bad faith" theory is entirely conclusory. The complaint asserts that Defendant "knew" his use was infringing, acted "willfully," and "knew the registered video was protected." But Plaintiff alleges no factual content supporting the conclusion that Defendant subjectively believed his commentary video was unlawful. For example, there are no allegations that:

- Defendant admitted knowing his use was infringing.

- Defendant acknowledged fair use applied but chose to misrepresent the facts.

- Defendant had access to any information contradicting his belief.

- Defendant formed any view other than the one he stated: that the use was lawful commentary.

Moreover, Plaintiff's was NOT in fact copyright registered (until two years later).

Instead, the complaint makes clear that Defendant's counter-notice expressly claimed fair use. A claim of fair use, particularly in a context of commentary, parody, and criticism, affirmatively **<u>negates subjective bad faith.</u>** The Ninth Circuit is clear: without specific facts showing Defendant *actually knew* his use was unlawful, a §512(f) claim cannot survive. *Rossi*, 391 F.3d at 1005; *Lenz*, 815 F.3d at 1154.

7

MOTION TO DISMISS – MEMORANDUM OF POINTS AND AUTHORITIES

### C. Defendant's work, on its face, reflects a good-faith belief in fair use

Plaintiff's allegations confirm that Defendant added narration, humor, commentary, and expressive criticism of the "First Amendment auditor" genre. Whether Plaintiff agrees with the commentary is irrelevant. Courts repeatedly hold that parody, critique, or "reaction" formats constitute at minimum a legitimate fair-use question, which defeats any allegation of subjective knowledge of infringement. *Hosseinzadeh*, 276 F. Supp. 3d at 46. Where the legality of the fair use may even be debatable, there can be no §512(f) liability under the facts of this case. *Lenz*, 815 F.3d at 1154.

2. **Plaintiff has filed a duplicative claim for declaratory judgment for the sole purposes of seeking attorney fees, where it cannot due so due to its untimely copyright registration mandating dismissal with prejudice.**

**THIRD CAUSE OF ACTION:** Declaratory Relief 28 U.S.C. 2201 and 17 U.S.C. 512(f) (which must be dismissed as duplicative since Plaintiff has already asserted these two claims). Courts consistently hold that declaratory relief merges with the underlying claim when it presents no separate controversy or remedy. *Swirsky v. Carey*, 376 F.3d 841, 853 n.16 (9th Cir. 2004) (noting that declaratory relief merges with the copyright action); *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 965 (N.D. Tex. 2006) (dismissing declaratory claim as redundant where it mirrored the infringement claim); *Galan v. Walt Disney Co.*, No. 2:20-cv-04145, 2021 WL 2533905, at *6 (C.D. Cal. June 17, 2021) (same).

3. **There is no plausible claim of circumvention, and Plaintiff has no standing to assert rights only YouTube would have.**

**FOURTH CUASE OF ACTION:** Circumvention of Technological measures, 17 U.S.C. 1201, 1203. Plaintiff likewise alleges that Defendant engaged in DMCA "circumvention" by allegedly

8

MOTION TO DISMISS – MEMORANDUM OF POINTS AND AUTHORITIES

"downloading" or "recording" Plaintiff's YouTube video. Even assuming Plaintiff intended to plead a §1201 claim, the facts alleged do not identify any technological measure that Defendant bypassed. Courts have uniformly held that routine viewing, or screen-recording of publicly available YouTube videos is not "circumvention." See *iSpot.tv, Inc. v. Teyfukova*, No. 2:21-cv-06815, Order at 1–2 (C.D. Cal. May 22, 2023); *MDY Industries, LLC v. Blizzard Entertainment, Inc.,* 629 F.3d 928 (9th Cir. 2010).   This is all that Defendant has done, used a screen recorder, **see Defendant's declaration.**   Moreover, Plaintiff lacks standing to assert rights that only YouTube would possess.  It is not Plaintiff's technology at issue, nor is this alleged.

A. PLAINTIFF FAILS TO STATE ANY PLAUSIBLE §1201 ANTI-CIRCUMVENTION CLAIM.  Plaintiff repeatedly suggests that Defendant "downloaded," "took," or "accessed" his video without authorization. Even if construed as a §1201 theory, it fails as a matter of law. **Section 1201 requires bypassing a "Technological measure that effectively controls access"** Under *MDY Industries, LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2010):

- §1201 targets access controls, not mere copying;
- a violation occurs only when a defendant avoids, bypasses, removes, deactivates, or impairs a technological protection measure;
- ordinary use of content after it has been lawfully displayed, including downloading or screen-recording, does not violate §1201.

 A technological measure "effectively controls access" only if it prevents access in the ordinary course of operation. *MDY*, 629 F.3d at 952.  Similarly, in *iSpot.tv, Inc. v. Teyfukova* (C.D. Cal. May 22, 2023), the court dismissed a §1201 claim where the plaintiff failed to identify any protective technology that was bypassed. Simply "accessing," "viewing," or "recording" content made available by YouTube does not constitute circumvention. The complaint fails to allege

circumvention of any technological measure. Plaintiff's allegations describe nothing more than Defendant "downloading" or "screen-recording" a publicly available YouTube video. The complaint affirmatively states that the video was publicly posted, freely viewable, and accessible to anyone with an internet connection. Courts have consistently held that such conduct does not constitute circumvention under §1201 because it does not involve defeating a technological measure that "effectively controls access" to a work. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 952–54 (9th Cir. 2010) (distinguishing prohibited circumvention of access controls from mere use or copying after lawful access).

District courts applying MDY reach the same conclusion. See *iSpot.tv, Inc. v. Teyfukova*, No. 2:21-cv-06815, slip op. at 1–2 (C.D. Cal. May 22, 2023) (dismissing §1201 claim where plaintiff failed to identify any protective technology the defendant bypassed). Because Plaintiff identifies no technological measure and no act of defeating such a measure, his §1201 theory cannot proceed.

**CONCLUSION**

Causes of action 2, 3 and 4 must be dismissed with prejudice under Rule 12(b)(6).. Amendment would be futile. If Plaintiff claims they can amend, they should so state specific facts to support their contention.

Respectfully submitted.

DATED this 15th day of December 2025

**THE LAW OFFICES OF STEVEN VONDRAN, P.C.**

By /s/ SteveVondran
Steven C. Vondran, Esq.
Attorney for Defendants
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
steve@vondranlegal.com

12