1  Steven C. Vondran, [SBN 232337]
2  **THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
   One Sansome, Suite 3500
3  San Francisco, CA 94104
   Telephone: (877) 276-5084
4  steve@vondranlegal.com

5  Attorney for Defendants JONTHAN HUNEAULT A/K/A "FRAUDITOR TROLL," 14693663
   Canada Inc., and NNEKA OHIRI.

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9                         **SAN JOSE DIVISION**

10

11  CHRISTOPHER J CORDOVA                  No. 5:25-cv-04685-VKD

12          Plaintiff,                     Honorable Judge:  Virginia K. DeMarchi

13      vs.                                **DEFNDANT'S REPLY IN SUPPORT OF
                                           MOTION TO DISMISS**
14  JONATHAN HUNEAULT A/K/A
    "FRAUDITOR TROLL" and 14693663         HEARING: (taken under submission)
15  Canada Inc., and NNEKA OHIRI.
                                           Date: January 13, 2026
16                                         Time: 10:00 a.m. Place: 280 South 1st Street.
17          Defendant.
                                           Courtroom 2 (5th Floor) San Jose, CA 95113
18

19

20

21

22

23

24       **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS**

25                              **II, III, AND IV**

26

27    I.   Initial matters

28

                                        1

(a) **Defendant originally filed the motion with the intent that Defendant's wife be included.** This was a mistake as her name was omitted from the text of the actual motion. However, when filed, it was checked on the docket that she was also submitting the motion on her behalf. While undersigned counsel appreciates that this was my mistake in not making the pleading absolutely clear, ultimately opposing counsel took the right path to agree to set-aside the default as to her, to their credit.

**(b) Issues to be decided:**

1. Whether the court can consider extrinsic evidence when ruling on a 12(b) motion to dismiss.

2. Whether Plaintiff plausibly alleges that Defendant's issuance of counternotices to Plaintiff's multiple takedowns against his "Frauditor Troll" videos, which counternotices created an alleged bad faith fair use argument, and contained a fake address constitutes subjective bad faith.

3. Whether Plaintiff plausibly states a separate claim for "declaratory judgment" where his sole purpose is to seek attorney fees, and where the claim is basically a copycat of his other claims.

4. Whether Plaintiff validly states a claim for anti-circumvention, which they raised for the first time in an amended complaint, where no credible facts are alleged.

# I. INTRODUCTION

Plaintiff's Opposition fails to cure the fatal pleading defects in Counts II, III, and IV of the First Amended Complaint ("FAC"). Rather than identifying facts *plausibly* establishing liability under 17 U.S.C. §§512(f) or 1201 or demonstrating the existence of a concrete controversy warranting declaratory relief, Plaintiff relies on continued rhetoric, and speculation, regarding deletion of evidence, plausibility, and request for sanctions. The Opposition confirms that

2

1
2
3
4
5
6
7

Plaintiff's theories rest on disagreement with Defendants' legal positions—not on well-pleaded facts showing knowing misrepresentation, actual technological circumvention, or an actual case or controversy. Each challenged count should therefore be dismissed.

**Standard of review:** (per the case cited by Plaintiff-*Khoja v. Orexigen Therapeutics, Inc.* (9th Cir. 2018) 899 F.3d 988, 1002.) **extrinsic evidence may be considered**) under certain circumstances under the *incorporation by reference* doctrine.

8
9
10
11
12
13
14
15
16
17

> Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. **The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims**. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").........Although the doctrine is straightforward in its purpose, it is not always easy to apply. In *Ritchie*, we said that a defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 907. How "extensively" must the complaint refer to the document? This court has held that "the mere mention of the existence of a document is insufficient to incorporate the contents of a document" under *Ritchie. Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *Ritchie*, 342 F.3d at 908-09).  Emphasis added.

18
19
20
21
22
23
24
25
26
27

In their FAC, Plaintiff continues to point to the Defendant filed "counternotices" to establish subjective bad faith.  They have incorporated these counternotices by their continual reference into the complaint.  But the FAC is fatal once the other side of the argument is heard. Fair use.  Hunaulte's declaration documents his fair use rights (even if he did not know the name of the copyright law), the name of the channel makes clear it is a parody of Plaintiff (clearly no subjective bad faith in fighting against the takedown on these grounds), and their own admission that Defendants videos are a "mockery."  Under these circumstances, the court should hear the evidence and bar the bad faith claim.  This claim will ultimately defeat their claims after a fair

28

3

1    review of the four-factor test (which Plaintiff has chosen to avoid reaching the conclusion that

2    their claims are plausible without resort to basic facts including the four-factor test).

## II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER 17 U.S.C. § 512(f)

Section 512(f) imposes liability only where a party knowingly and materially misrepresents that content was removed by mistake.  Their "misrepresentation" appears to be arguing that Defendant's video was protected by fair use.  But that is not plausible given the facts.

The statute ultimately requires *subjective bad faith* at the time the counter-notice was submitted. Disagreement over fair use or allegations of motive are insufficient.  Plaintiff's Opposition does not plausibly allege that Defendants knew their counter-notices were false when submitted. At most, Plaintiff alleges disagreement with Defendants' fair use position, a "fake address" and false citation to "fair use law." They cannot say how he knowingly misrepresented that his video was protected by fair use while continuing to reference the counternotices as their proof.

**Per page 19 of their FAC:**

96. In the Counter-Notices submitted to YouTube under penalty of perjury, Defendants represented, among other things, that: (a) the removals were the result of "mistake or misidentification" and the Infringing Videos were protected by "fair use," citing a nonexistent "fair use act of 1976"; (b) Huneault owned the Frauditor Troll Channel and the videos at issue; (c) Defendants had already hired an attorney and were prepared to litigate; and (d) Defendants could be served at 99 Wall Street, New York, New York.

These allegations do not rise to a plausible level of subjective bad faith filing of a counternotice.  He did and does believe his videos are fair use, he did hire a lawyer (he was ready to litigate), there was a service address listed due to previous *doxing* concerns by Plaintiff, but no service was evaded.  He is here.  He has a lawyer.  He has fair use rights.  There is no case law supporting Plaintiff's claims that a bad address or "lying about having a lawyer" constitutes a 17 U.S.C. 512(f) violation.  No case law on these points appear to exist.

In their opposition, page 10, they argue at line 3:

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1

2    In order to state a claim for violation of § 512(f), a plaintiff must allege facts to show that
(1) **the defendants knowingly and materially misrepresented that the material was
removed by mistake**; (2) the service provider relied on that misrepresentation; and (3) the
plaintiff was injured as a result. See ENTTech Media Group LLC v. Okularity, Inc., 2:20-
cv-06298-JWH-Ex, 2021 WL 916307, at *4 (C.D. Cal. Mar. 10, 2021). To satisfy the
"knowingly" prong of § 512(f), a plaintiff must allege facts showing that the defendant
lacked a subjective good-faith belief that the material was lawful. Lenz v. Universal Music
Corp., 815 F.3d 1145, 1153-54 (9th Cir. 2016).

3

4

5

6    Their allegations do not reach this point.  What are their facts to show Defendant subjectively

7    filed the counternotice falsely stating the material was removed by mistake?  Clearly, he has fair

8    use rights for the parody video, and any allegation to the contrary is nothing more than wishful

9    thinking, and not a plausible allegation leading to liability.

10    The DMCA does not require detailed legal analysis be added to a counter-notice. Even

11    boilerplate language does not establish subjective bad faith. Count II fails as a matter of law.

12    Here, Plaintiff realizes, or should realize Defendant's video is a parody protected by the first

13

14    amendment and fair use doctrine.  For example, their opposition states:

15    The **[Frauditor Troll]** channel exists not to critique or analyze Plaintiff's work, but to
misappropriate Plaintiff's and other Auditors' copyrighted videos in bulk, **insert brief
mockery**, and monetize the resulting uploads through YouTube's Partner Program. (Id. ¶¶
1–12). The Frauditor Troll Channel is one of the largest anti-Auditor channels. (Id. ¶ 33).
Emphasis added.

16

17

18    The name of the channel alone informs the view that this is a mockery channel, a parody of

19

20    the "constitutional auditor" channel which has its own following and its own fans.  Moreover,

21    Plaintiff's characterization of "brief mockery" fails to address the massive amount of

22    transformation made as to each of the videos alleged.  Once again showing their claim for bad

23    faith is not plausible.  Defendant's channel is a 100% critique of the "auditors" that he sees as

24    "frauditors." This cannot be made any clearer.  Moreover, to the extent there was a fake address

25    provided, it was because Plaintiff is known for DOXXING individuals he does not like, and

26    defendant has received credible threats from other frauditors in the past.  Moreover, Plaintiff

27    alleges mis-citing the 1976 Copyright also shows bad faith.  This is interesting but lacks any case

28

5

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1    law.  The court is empowered to consider the evidence submitted and dismiss this claim.  There is

2    no subjective bad faith by Defendant, rather, a properly filed counternotice that (1) was going to

3    remove the strikes he received due to improper DMCA takedown notices and (2) asserts his proper

4    legal rights under the fair use doctrine. Moreover, Defendant is prepared to show evidence that

5    Plaintiff actually gave permission to Defendant to use his content.  In fact, he was once on

6    Defendant's show, and said words to the effect that he knows what Defendant is doing (using his

7    content) and has no objection (consent) since they have different audiences.  So, the entire lawsuit

8
9    lack merit as will be shown as to count I for copyright infringement when this cause of action

10   proceeds.

11

12   ## III.    PLAINTIFF   FAILS   TO   ESTABLISH   A   LIVE   CONTROVERSY   FOR
     DECLARATORY RELIEF

13

14        In their FAC, Plaintiff asserts:

15        112. Plaintiff seeks a judicial declaration that Defendants' use of Courthouse Fail does not
          qualify as fair use under 17 U.S.C. § 107 and an injunction requiring YouTube to remove
16        the video from its platform and prevent its re-upload.

17        Plaintiff's declaratory relief claim is an improper attempt to obtain an advisory ruling on

18   copyright liability for a video that they should have filed a counternotice for, and to seek legal fees

19   for such (where he cannot seek legal fees due to their untimely registration of the copyrights at

20   issue). In other words, this is a ruse to add a claim to their lawsuit.  The alleged *controversy* is

21   duplicative of Plaintiff's copyright infringement theory and lacks independent viability.

22   Declaratory relief requires a real, concrete and immediate dispute. Plaintiff alleges no imminent

23   enforcement threat, no pending DMCA process, and no concrete uncertainty requiring judicial

24
25   intervention outside of their first cause of action. Count III should be dismissed.  If they are

26   concerned, they can file another bogus takedown, wait for the counternotice, and then add the

27

28

6

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1  claim to this case instead of seeking relief in this court while side-stepping the established DMCA

2  process.

3  **IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER 17 U.S.C. §1201**

4  Plaintiff's §1201 circumvention claim rests on *conclusory* allegations that Defendants

5  "downloaded" or "ripped" Plaintiff's videos off Defendant's YouTube account. Plaintiff cites in

6
7  their opposition at page 21:

8  > Section 1201 squarely addresses this conduct. In order to state a claim for violation of 17
   > U.S.C. § 1201(a)(1)(A), a plaintiff must allege that: (1) the works at issue were protected
9  > under the Copyright Act; (2) the copyrighted works were protected by a "technological
   > measure"; and (3) the technological measure was "circumvented" in order to obtain access
10 > to the copyrighted works. iSpot.tv, Inc. v. Teyfukova, No. 21-cv-6815- MEMF (MARx),
   > 2023 WL 3602806, at *4 (C.D. Cal. May 22, 2023) (citing 17 U.S.C. § 1201(a)(1)(A)). As
11 > set forth below, Plaintiff plausibly alleges each of these elements.

12  Plaintiff claims there is no other way to obtain the content via YouTube without having

13  breached their content control mechanisms.  Yet, they are only guessing at what technology was

14  used.  This, again does not show plausibility. There is and has been for many years, a way you can

15
16  easily **screen record** a video without "circumventing a technological measure" and use it to create

17  a parody video.  People do it all the time, as Defendant did.  Without stating what tools were used,

18  when such was used, or having any plausible explanation *other than there is no other way to get*

19  *the video* Plaintiff is merely guessing, and wrongfully assuming there is no other way.  If these

20  allegations are sufficient to withstand a motion to dismiss, it will be asserted in every case like

21  this.  The claim should be dismissed with prejudice.  If they find such proof of circumvention tools

22  in discovery (which it won't) then they can plausibly allege a claim that would have to be

23
24  defended.

25  Accessing publicly available streamed content is not circumvention of a technological

26  measure that effectively controls access within the meaning of the statute. In fact, Plaintiff added

27  this claim at the 11th hour to try to find something that might stick.  This claim should have been

28

1    brought in the first instance in their original complaint if they believed it to be true.  This was only

2    added, without any real facts, in their amended complaint.  Plaintiff does not plausibly allege that

3    Defendants bypassed encryption, authentication, or permission barriers or used rolling cyphers.

4    Count IV fails.

5    **V. THERE ARE NO GROUNDS FOR SANCTIONS**

6

7            Respectfully, rule 11 is reserved for filings that are objectively unreasonable (frivolous) —

8    not for good-faith arguments concerning unsettled legal questions or the application of existing

9    precedent. *Operating Engineers Pension Trust v. A-C Co*., 859 F.2d 1336, 1344. Defendants'

10   motion easily falls within the bounds of permissible advocacy, and motions to dismiss can be

11   converted into motions for summary judgment.

12

13           Defendants do not contend that 17 U.S.C. §512(f) imposes a formal "heightened pleading

14   standard." Rather, Defendants argue that where a §512(f) claim ultimately turns on subjective bad

15   faith, Rule 8 requires more than conclusory allegations and demands factual content plausibly

16   supporting the absence of a good-faith belief for the filing of the counterclaim. That position flows

17   directly from *Twombly* and *Iqbal*, and from Ninth Circuit authority recognizing that §512(f)

18   requires actual knowledge or willful blindness—not negligence, mistake, or a debatable

19   interpretation of fair use. See *Rossi v. Motion Picture Association of America*, 391 F.3d 1000,

20   1004–05; *Lenz v. Universal Music Corp*., 815 F.3d 1145, 1153–54.  The court may review these

21   claims for guidance on required substantive elements when assessing plausibility at the motion-to-

22   dismiss stage.  As the court noted in *Eclectic Props. East, LLC v. Marcus & Millichap Co.* (9th

23   Cir. 2014) 751 F.3d 990, 995.)

24

25           The Supreme Court has held that an "entitlement to relief" requires "more than labels and
             conclusions . . . . Factual allegations must be enough to raise a right to relief above a
26           speculative level." *Twombly*, 550 U.S. at 555. Although "a well-pleaded complaint may
             proceed even if it strikes a savvy judge that actual proof is improbable," *id*. at 556,

27

28

8

1    plaintiffs must include sufficient "factual enhancement" to cross "the line between
2    possibility and plausibility."

3    Reliance on those authorities as substantive guidance is neither improper nor misleading nor
4    grounds for sanctions. Courts applying §512(f) have likewise rejected bad-faith theories where the
5    challenged use is **facially transformative or plausibly fair**. In *Hosseinzadeh v. Klein*, 900 F.3d
6    39, 50–51, (finding fair use as a matter of law) the Second Circuit affirmed summary judgment on
7    a §512(f) claim arising from the use of video clips for commentary and parody. Because the use
8    was undisputedly transformative, the court held that no reasonable jury could find the defendant
9    subjectively knew the use was unlawful. Although *Hosseinzadeh* was decided on a developed
10   factual record, it reinforces the substantive principle applicable here: allegations of "knowing
11   misrepresentation" cannot rest on mere disagreement with a debatable fair-use determination. That
12   principle informs—rather than alters—the Rule 8 plausibility analysis.

13   Defendants cited these cases for that limited and proper purpose: to explain the *demanding*
14   knowledge requirement under §512(f). There was no attempt to misstate their procedural posture
15   or fabricate a new pleading rule. This was a simple mistake noting the case was "affirmed" and
16   citation to a non-related case.  There was no intent to mislead this court.  To the extent Plaintiff
17   claims any imprecision regarding appellate history, such an issue—if assumed—would be non-
18   material and non-prejudicial. Rule 11 requires objective unreasonableness after a reasonable
19   inquiry, not perfection. *Holgate v. Baldwin*, 425 F.3d 671, 676.

20   Plaintiff's reliance on *United States v. Hayes* is misplaced. That case involved knowingly
21   fabricated quotations and nonexistent authority—conduct wholly unlike Defendants' briefing here,
22   which relies on real and relevant precedent addressing §512(f)'s knowledge requirement.  There
23   was no knowing false statements made in this case.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1    The Ninth Circuit has repeatedly cautioned that sanctions should be imposed "with

2    restraint" and only in "extraordinary circumstances." Where, as here, Defendants advance a

3    plausible legal argument grounded in existing precedent and for good faith extensions to existing

4    law (to either rule on the plausible merits of 512(f) now, or convert the relevant claim to a motion

5    for summary judgment) factoring in honest citation mistakes not knowing or intended, sanctions

6    are neither warranted nor appropriate.

7

8    **VI. CONCLUSION**

9    Because Plaintiff has failed to plead facts plausibly establishing liability under 17 U.S.C.

10   §§512(f) or 1201, or to demonstrate an actual separate controversy warranting declaratory relief,

11   Defendants respectfully request dismissal of Counts II, III, and IV with prejudice.

12

13

14   Respectfully Submitted

15   Dated: December 26, 2025.              THE LAW OFFICES OF STEVEN C. VONDRAN

16

17                                          /s/ Steve Vondran

18                                            Steve Vondran, Esq.

19                                          Attorney for Defendants
                                            One Sansome, Suite 3500
20                                          San Francisco, CA 94104
                                            Telephone: (877) 276-5084
21                                          steve@vondranlegal.com

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**

I declare as follows:

I am employed with The Law Offices of Steven C. Vondran P.C., whose address is *One Sansome, Suite 3500, San Francisco, CA 94104.* I am over the age of eighteen years and am not a party to this action.

On December 26, 2025, I served the foregoing document described as follows:

**DEFENDANTS REPLY IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in this action by:

**\_\_\_\_  U.S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named below or on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at The Law Offices of Steven C. Vondran. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

**\_\_\_  OVERNIGHT MAIL**: I sent a copy of the attached document via overnight mail to the address set forth below.

**\_\_\_  HAND DELIVERY**: I placed a copy in a separate envelope addressed to each addressee as indicated below and delivered it to _____ for personal service.

**\_\_\_  FACSIMILE**: I sent a copy via facsimile transmission to the fax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

**\_\_ X    EMAIL:** I sent a courtesy copy of the above referenced document by email to the following:

**SERVICE LIST**

Randall S. Newman, Esq.
99 Wall Street, Suite 3727
New York, NY 10005
Phone (212) 797-3735
rsn@randallnewman.net

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

1  _xx__    **ELECTRONIC FILING:** I filed the above-described document(s) electronically through
2  the Court's ECF filing system to all registered users.

3          I declare under penalty of perjury under the laws of the United States of America that the
4  above is true and correct. Executed on December 26, 2025.

5

6                                    _/s/_ Lisa Vondran_____
7                                    Lisa Vondran, legal assistant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS