Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansome Street, Sansome St #3500,
San Francisco, California 94104
Telephone: (877) 276-5084
Facsimile:  (888) 551-2252
steve@vondranlegal.com

Attorney for JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, and 14693663 CANADA INC

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, and<br>14693663 CANADA INC.<br><br>Defendants. | No. 5:25-cv-04685-VKD<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. ("Defendants"), by and through their undersigned counsel, hereby answer Plaintiff Christopher J. Cordova's First Amended Complaint ("FAC") and allege as follows:

1. Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit that Plaintiff purports to assert claims arising under federal law. Defendants deny that Plaintiff is entitled to any relief under those laws.

14. Defendants admit that Plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331 and 1338. Defendants deny that jurisdiction is proper as to all claims and Defendants.

15. Defendants deny that venue is proper in this District as alleged.

16. Defendants deny that submission of any DMCA counter-notification constitutes consent to personal jurisdiction or venue for all purposes.

17. Defendants lack sufficient information to admit or deny the allegations of paragraph 17 regarding Plaintiff's residence and therefore deny them.

18. Defendants admit that Plaintiff claims authorship of certain audiovisual works, but deny the remaining allegations in paragraph 18.

19. Defendant Ohiri admits that she is an individual residing in Canada. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that Defendant Hudon-Huneault is an individual residing in Canada and that he and Defendant Ohiri are married. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that 14693663 Canada Inc. is a Canadian corporation. Defendants deny the remaining allegations in paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit that YouTube is an online video platform operating under the Digital Millennium Copyright Act. Defendants deny the remaining allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants admit that Plaintiff published certain videos identified in the FAC. Defendants deny the remaining allegations in paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Copyright Infringement)

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

## SECOND CAUSE OF ACTION

(17 U.S.C. § 512(f))

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

### THIRD CAUSE OF ACTION

(Declaratory Relief)

76. Defendants deny the allegations in Paragraphs 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

## FOURTH CAUSE OF ACTION

(17 U.S.C. § 1201)

87. Defendants deny the allegations in Paragraphs 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

Further, Defendant asserts the following affirmative defenses, and reserves the right to assert additional defenses learned through discovery:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Defendants allege that each cause of action in the Complaint fails to state a claim upon which relief may be granted against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The First Amended Complaint is barred, in whole or in part, by

applicable statutes of limitation, including but not limited to those set forth in Title 17 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

3. Plaintiff failed to mitigate the damages alleged in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff's claims are barred by Plaintiff's own misconduct and inequitable actions. Defendants allege, on information and belief, that Plaintiff granted a license or otherwise authorized Defendants' use of the works at issue in Defendants' videos and represented that Plaintiff would not pursue legal action, but has now reversed course and filed this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

5. Plaintiff's claims are barred by 17 U.S.C. § 107 Fair Use Doctrine.

### SIXTH AFFIRMATIVE DEFENSE

### (Authorization and Consent)

6. Defendants are informed and believe and thereon allege that the alleged uses, performances, or displays, if any, were authorized, licensed, permitted, or otherwise consented to, in whole or in part, including through express and implied license, and or permissions granted by the rights holders or their agents.

WHEREFORE, defendants pray for judgment as follows:

1. For judgment in favor of defendants and against plaintiff, dismissing plaintiff's Complaint with prejudice and declaring Defendants the prevailing party;

2. For all costs incurred herein;

3. For attorney's fees;

4. For such further relief as the Court in its discretion deems just, equitable and proper. Defendant seeks a jury trial.

5. For a declaration that Defendants did not infringe Plaintiffs' copyrights.

RESPECTFULLY SUBMITTED

DATED this 6th day of January 2026.

**THE LAW OFFICES OF STEVEN VONDRAN, PC.**

By /s/ SteveVondran
Steven C. Vondran, Esq.
One Sansome Street, Sansome St #3500,
San Francisco, California 94104
*Attorney for* JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, and 14693663 CANADA INC.

# CERTIFICATE OF SERVICE

**ORIGINAL** of the foregoing *e-filed* this 6th day of January, 2026, to all registered ECF users:

Executed on January 6, 2026

By: */s/   Lisa Vondran*
　　　　Lisa Vondran, Assistant