RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., <br><br> Defendants. | Case No. 25-cv-04685-VKD <br><br> **Hon. Virginia K. DeMarchi** <br><br> **NOTICE OF MOTION AND MOTION FOR AN ORDER GRANTING SPECIAL MOTION TO STRIKE COUNT THREE OF DEFENDANTS' COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Cal. Code Civ. Proc. § 425.16] <br><br> HEARING: <br> Date: February 17, 2026 <br> Time: 10:00 a.m. <br> Place: 280 South 1st St. <br> Courtroom 2 (5th Floor) <br> San Jose, CA 95113 |

---

**Notice and Motion for Order Granting Special Motion to Strike Count Three of Defendants' Counterclaims**

**25-cv-04685-VKD**

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 (5th Floor) of the Honorable Virginia K. DeMarchi, United States District Judge, at the Robert F. Peckham Federal Courthouse, 280 South First Street, San Jose, California 95113, Plaintiff Christopher J. Cordova ("Plaintiff") will and hereby does move the Court for an order granting Plaintiff's Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16, striking Count Three of the Counterclaims (ECF No. 58) asserted by Defendants Jonathan Hudon-Huneault ("Huneault"), Nneka Ohiri ("Ohiri"), and 14693663 Canada Inc. ("Canada Inc.") (collectively, "Defendants"), namely the claim for Tortious Interference with Existing and Prospective Economic Advantage (the "Tortious Interference Claim").

Plaintiff further seeks an award of his reasonable attorney's fees and costs incurred in connection with this Special Motion to Strike, in an amount to be determined upon subsequent application.

This Motion is made on the following grounds:

1. Defendants' state-law Tortious Interference Claim arises from acts taken by Plaintiff in furtherance of his constitutional right of petition under the United States Constitution and the California Constitution; and

2. Defendants cannot establish a probability of prevailing on their Tortious Interference Claim.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing.

# TABLE OF CONTENTS

Contents

I. STATEMENT OF ISSUES TO BE DECIDED ........................................................................1

II. INTRODUCTION .................................................................................................................2

III. FACTUAL AND PROCEDURAL BACKGROUND ...................................................3

IV. LEGAL STANDARD GOVERNING ANTI-SLAPP MOTIONS ............................4

A. California's Anti-SLAPP Statute Applies in Federal Court and Is Construed Broadly ..................................................................................................................................4

B. California's Anti-SLAPP Statute Applies to Counterclaims......................................5

C. The Two-Prong Framework Under California Code of Civil Procedure § 425.16....5

V. DEFENDANTS' TORTIOUS INTERFERENCE CLAIM ARISES FROM PROTECTED ACTIVITY.................................................................................................6

VI. DEFENDANTS CANNOT ESTABLISH A PROBABILITY OF PREVAILING ON THE MERITS ..................................................................................................................8

VII. PLAINTIFF IS ENTITLED TO MANDATORY ATTORNEY'S FEES AND COSTS ..........................................................................................................................13

VIII. CONCLUSION ................................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Complex Media, Inc. v. X17, Inc.*, 18-cv-07588-SJO (AGRx),
   2019 WL 2896117 (C.D. Cal. Mar. 4, 2019) ................................................... 7-8, 12-13

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
   525 F.3d 822 (9th Cir. 2008) ...................................................................................... 11

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010) ........................................................ 5

*Ketchum v. Moses*, 24 Cal. 4th 1122, (2001) ....................................................................... 13

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ............................. 11

*Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134 (9th Cir. 2006) ............................................... 9

*Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*,
   632 F.3d 1056, 1060 (9th Cir. 2011) ............................................................................ 4

*Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) ....................................................................... 5

*Ningbo Yituo Enter. Mgmt. Co. LTD v. GoPlus Corp*. 24-cv-02548-SHK,
   2025 WL 1421394 at *4 (C.D. Cal. Apr. 10, 2025) ................................................ 7-9, 13

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890
   F.3d 828 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 1446 (2019) ...................................... 4

*Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) ........................................................................ 10

*Shande v. Zoox, Inc.*, 22-cv-05821-BFL,
   2024 WL 2306284 (N.D. Cal. May 21, 2024) .......................................................... 7-8

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990) ........................................................................ 10

*Tensor Law P.C. v. Rubin*, 18-cv-1490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal.
   Apr. 10, 2019) ............................................................................................................ 5, 6

*Thimes Solutions Inc. v. TP Link USA Corp.*, 19-cv-10374-PA (Ex),
   2020 WL 4353681, (C.D. Cal. June 8, 2020) ........................................................ 6, 10

*TP Link USA Corporation v. Careful Shopper LLC*, 19-cv-82-JLS-KES, 2020 WL
   3063956 (C.D. Cal. Mar. 23, 2020) .............................................................................. 4

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ......................................... 4-6

**STATUTES**

17 U.S.C. § 107 ........................................................................................................................ 3

17 U.S.C. § 301(a) ................................................................................................................... 8

17 U.S.C. § 512 ................................................................................................................ passim

California Civil Code § 47(b) ................................................................................................. 9

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Defendants' Tortious Interference Claim arises from Plaintiff's acts in furtherance of Plaintiff's constitutional right of petition, where the claim is based solely on Plaintiff's submission of DMCA takedown notices to YouTube.

2. Whether Defendants can demonstrate a probability of prevailing on the Tortious Interference Claim, where the alleged conduct is protected petitioning activity under California Code of Civil Procedure § 425.16.

3. Whether Plaintiff is entitled to mandatory attorney's fees and costs under California Code of Civil Procedure § 425.16(c)(1) upon granting of the Special Motion to Strike.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**II.    INTRODUCTION**

This Special Motion to Strike targets a single, narrow claim: Defendants' state-law Tortious Interference Claim.[1] That claim arises entirely from Plaintiff's submission of copyright takedown notices under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, et seq., core petitioning activity protected by both the United States Constitution and the California Constitution. California's anti-SLAPP statute exists precisely to prevent claims like this one from proceeding.

Defendants' Tortious Interference Claim does not allege any conduct independent of the DMCA process. Instead, Defendants seek to impose tort liability solely because Plaintiff invoked the statutory mechanism Congress created to enforce his copyrights. That is not merely protected activity; it is activity the law affirmatively encourages by conditioning liability and remedies exclusively under § 512(f). Any claim predicated on such conduct falls squarely within California Code of Civil Procedure § 425.16 and must be stricken unless Defendants can demonstrate a probability of prevailing, which they cannot.

Allowing Defendants' Tortious Interference Claim to proceed would undermine the DMCA's carefully balanced enforcement scheme by deterring Plaintiff and other copyright holders from asserting their rights for fear of retaliatory tort liability. Courts routinely reject such end-runs around federal copyright law, and California's anti-SLAPP statute provides an expedited mechanism to do so at the threshold.

Because Defendants' Tortious Interference Claim arises solely from Plaintiff's protected petitioning activity it is barred as a matter of law and the Court should strike it in its entirety and award Plaintiff mandatory attorney's fees and costs pursuant to Cal. Code of Civ. Proc. § 425.16(c)(1).

---

[1]    For the avoidance of doubt, Plaintiff intends to separately move to dismiss Counts One and Two of Defendants' Counterclaims (ECF No. 58) pursuant to Rule 12 within the time allowed by Rule 12(a)(1)(B), as extended if applicable.

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Colorado-based constitutional auditor and the creator of the Denver Metro Audits YouTube channel, where he publishes original audiovisual works documenting interactions with government officials, law enforcement, and public employees. (First Amended Complaint, ECF No. 39 ("FAC") ¶¶ 17, 29–31). His works form part of a broader movement of citizen-journalist creators ("Auditors") who film public-interest encounters and disseminate them through YouTube. (*Id.*)

Huneault, Ohiri, and Canada Inc. jointly operate the "Frauditor Troll" YouTube channel, which publishes reaction-style and commentary videos that incorporate substantial portions of Plaintiff's publicly available content. (FAC ¶¶ 19-22, 32-34; Counterclaim ¶¶ 1–8.)

Plaintiff alleges that Defendants unlawfully reproduced, displayed, and monetized portions of his copyrighted videos and asserts claims for copyright infringement, misrepresentation under 17 U.S.C. § 512(f), circumvention of technological measures, and declaratory relief. (FAC ¶¶ 85–123). Defendants deny liability and contend that their videos were authorized and/or are protected by fair use, 17 U.S.C. § 107. (Answer to FAC, ECF No. 57).

According to the FAC, Plaintiff submitted multiple DMCA takedown notices to YouTube in 2023 identifying videos uploaded by Defendants that allegedly infringed Plaintiff's copyrighted works. (FAC ¶ 58). Defendants responded by submitting DMCA counter-notifications pursuant to 17 U.S.C. § 512(g), asserting that the challenged videos were non-infringing and requesting reinstatement of the removed content. (FAC ¶¶ 59-61; Counterclaim ¶¶ 21, 27).

In response to the FAC, Defendants filed counterclaims and asserted a claim for tortious interference with contractual and prospective economic relations. (Counterclaim ¶¶ 62–72). Defendants allege that Plaintiff interfered with Defendants' relationship with YouTube and their economic interests by submitting DMCA takedown notices that resulted in the removal or temporary disabling of Defendants' videos. (*Id.*)

The Counterclaim identifies no conduct by Plaintiff other than the submission of DMCA takedown notices to YouTube. It does not allege threats, harassment, false statements outside the DMCA process, or any conduct independent of Plaintiff's exercise of rights under the DMCA. (*Id.*) Defendants' tortious interference theory is expressly premised on the allegation that Plaintiff's DMCA takedowns to YouTube were improper and caused economic harm through interruption of monetization, viewership, and channel performance. (*Id.*)

## IV. LEGAL STANDARD GOVERNING ANTI-SLAPP MOTIONS

### A. California's Anti-SLAPP Statute Applies in Federal Court and Is Construed Broadly

"When exercising supplemental jurisdiction over state law claims, the Court applies California substantive law." *TP Link USA Corporation v. Careful Shopper LLC*, 19-cv-82-JLS-KES, 2020 WL 3063956 at *3 (C.D. Cal. Mar. 23, 2020), *reconsideration denied*, 2020 WL 4353678 (C.D. Cal. June 30, 2020), citing *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011). "In California, '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the [party] has established that there is a probability that [they] will prevail on the claim.'" *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 832-33 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 1446 (2019), quoting Cal. Code Civ. Proc. § 425.16(b)(1).

A motion to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). The Ninth Circuit has held that "Anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment." *Planned Parenthood*, 890 F.3d at 836. "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and

4

consider whether a claim is properly stated." *Id.* at 834. "And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard [applies]." *Id.*

### B. California's Anti-SLAPP Statute Applies to Counterclaims

California's anti-SLAPP statute applies to counterclaims as well as complaints. The statute authorizes a special motion to strike "any cause of action" arising from protected petitioning activity, Cal. Code Civ. Proc. § 425.16(b)(1), and courts construe this language broadly. *Navellier v. Sletten*, 29 Cal. 4th 82, 92 (2002). Therefore, the Tortious Interference Claim's procedural posture as a counterclaim does not exempt that claim from anti-SLAPP scrutiny.

### C. The Two-Prong Framework Under California Code of Civil Procedure § 425.16

California's anti-SLAPP statute was enacted as an attempt to curb the increasing number of lawsuits being "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code. Civ. Proc. § 425.16(a). Courts evaluating an anti-SLAPP motion must engage in a two-step, burden shifting analysis. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). First, the moving party must make a prima facie showing that the challenged claim arises from an act in furtherance of the moving party's right of petition or free speech. *Id.* (citations omitted). If that showing is made, the burden shifts to the non-moving party to demonstrate a probability of prevailing on the claim. *Id.* (citations omitted). Courts in the Ninth Circuit have emphasized that the moving party's burden at the first step "is not an onerous one." *Tensor Law P.C. v. Rubin*, 18-cv-1490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019). (citations omitted).

At the second prong, the non-moving party must demonstrate that the challenged claim is legally sufficient and supported by a prima facie showing of facts that, if credited, would sustain a favorable judgment. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). The Court does not weigh evidence or resolve credibility disputes, but it must strike

the claim where the non-moving party fails to establish a legally viable theory of liability. *Id.*

Because the anti-SLAPP statute is intended to prevent the chilling of constitutionally protected petitioning activity, it "shall be construed broadly." Cal. Code Civ. Proc. § 425.16(a). Its purpose is to protect litigants' "utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions." *Thimes Solutions Inc. v. TP Link USA Corp.*, 19-cv-10374-PA (Ex), 2020 WL 4353681, at *5 (C.D. Cal. June 8, 2020) (internal quotation marks and citations omitted).

## V. DEFENDANTS' TORTIOUS INTERFERENCE CLAIM ARISES FROM PROTECTED ACTIVITY

Defendants' Tortious Interference Claim is subject to an anti-SLAPP motion if it arises from any act taken by Plaintiff in furtherance of his constitutional right of petition or free speech. Cal. Code Civ. Proc. § 425.16(b)(1). Here, Defendants' Tortious Interference Claim is based exclusively on Plaintiff's submission of DMCA takedown notices to YouTube.

At the first step of the anti-SLAPP analysis, the moving party need only make a prima facie showing that the challenged conduct falls within the statute's definition of protected petitioning or speech activity. *Vess v. Ciba-Geigy Corp.USA*, 317 F.3d at 1110. Section 425.16 expressly protects written statements made before or in connection with judicial proceedings, as well as other conduct in furtherance of the constitutional right of petition. Cal. Code Civ. Proc. § 425.16(e). Courts applying the statute have consistently held that communications preparatory to, or in anticipation of, litigation qualify as protected petitioning activity, including pre-suit enforcement communications directed to interested parties. *Tensor Law P.C.*, 2019 WL 3249595, at *6. The anti-SLAPP statute is construed broadly to protect access to courts and to prevent derivative tort claims based on the exercise of petitioning rights and the "abuse of the judicial process." Cal. Code Civ. Proc. § 425.16(a).

Applying these principles, Plaintiff's submission of DMCA takedown notices to

YouTube constitutes protected petitioning activity under Section 425.16. A DMCA notice invokes a congressionally created statutory enforcement mechanism designed to resolve copyright disputes and expressly contemplates federal litigation as the consequence of a counter-notification. *See* 17 U.S.C. § 512(g)(2)(C). Courts therefore treat DMCA takedown notices as communications made in anticipation of litigation and in connection with judicial proceedings. *See Complex Media, Inc. v. X17, Inc.*, 18-cv-07588-SJO (AGRx), 2019 WL 2896117, at *3 (C.D. Cal. Mar. 4, 2019); *Shande v. Zoox, Inc.*, 22-cv-05821-BFL, 2024 WL 2306284, at *6–7 (N.D. Cal. May 21, 2024); *Ningbo Yituo Enters. Mgmt. Co. LTD v. GoPlus Corp*. 24-cv-02548-SHK, 2025 WL 1421394 at *4 (C.D. Cal. Apr. 10, 2025).

Measured against these standards, Defendants' own allegations confirm that prong one is satisfied. Here, Defendants' Tortious Interference Claim itself leaves no room for dispute as it is based exclusively on Plaintiff's submission of DMCA takedown notices to YouTube. Defendants expressly allege that Plaintiff "intentionally engaged in conduct designed to interfere with Counterclaimant's economic relationships by submitting multiple copyright takedown notices and causing copyright strikes to be issued against Counterclaimant's channel." (Counterclaim ¶ 66). Defendants further allege that the asserted interference consisted of "knowing and material misrepresentations in copyright takedown notices," "submission of takedowns without a good-faith fair use analysis," and "misuse of the copyright enforcement process." (Counterclaim ¶ 67). Critically, Defendants' Counterclaim does not allege any independent wrongful conduct separate from Plaintiff's submission of DMCA takedown notices to YouTube. Every alleged act of interference is expressly tied to Plaintiff's DMCA takedown notices and the resulting strikes. (Counterclaim ¶¶ 66–69).

Because the alleged economic harm is claimed to have resulted directly from Plaintiff's DMCA takedown notices, conduct that constitutes protected petitioning activity, the tortious interference claim "arises from" protected activity within the meaning of California Code of Civil Procedure § 425.16(b)(1). In fact, Courts routinely find prong one

satisfied where, as here, a tortious interference claim is entirely predicated on DMCA takedowns submitted to YouTube and other online platforms. *See Complex Media, Inc. v. X17, Inc.*, 18-cv-07588-SJO (AGRx), 2019 WL 2896117, at *3 (C.D. Cal. Mar. 4, 2019); *Shande v. Zoox, Inc.*, 22-cv-05821-BFL, 2024 WL 2306284, at *6–7 (N.D. Cal. May 21, 2024); *Ningbo Yituo Enters. Mgmt. Co. LTD v. GoPlus Corp*. 24-cv-02548-SHK, 2025 WL 1421394 at *4 (C.D. Cal. Apr. 10, 2025). Accordingly, based on Defendants' allegations in the Tortious Interference Claim, the first prong of the anti-SLAPP analysis is satisfied as a matter of law.

## VI. DEFENDANTS CANNOT ESTABLISH A PROBABILITY OF PREVAILING ON THE MERITS

### A. The Tortious Interference Claim is Preempted by Federal Copyright Law

Defendants cannot demonstrate a probability of prevailing on the Tortious Interference Claim because that claim is preempted by the Copyright Act as a matter of law. Where a state-law claim is premised entirely on alleged misuse of the DMCA takedown process, Congress has provided an exclusive federal remedy: 17 U.S.C. § 512(f). State-law tort claims may not be used to circumvent that statutory scheme.

Courts applying California law have consistently held that tortious interference claims predicated on copyright enforcement activity, particularly DMCA takedown notices, are preempted and fail at the second prong of the anti-SLAPP analysis. *See*, e.g., *Complex Media, Inc. v. X17, Inc.*, 2019 WL 2896117, at *3–4 (C.D. Cal. Mar. 4, 2019) (striking tortious interference claim based on DMCA notices and holding that § 512(f) provides the exclusive remedy); *Shande v. Zoox, Inc.*, 2024 WL 2306284, at *6–7 (N.D. Cal. May 21, 2024) (same); *Ningbo Yituo Enter. Mgmt. Co. LTD v. GoPlus Corp*. 24-cv-02548-SHK, 2025 WL 1421394 at *4 (C.D. Cal. Apr. 10, 2025) (§ 512(f) preempts state law claims based on DMCA takedowns).

The Copyright Act expressly preempts state-law claims that seek to impose liability for conduct governed by federal copyright law. 17 U.S.C. § 301(a). A state-law claim is

preempted where (1) the work at issue falls within the subject matter of copyright, and (2) the rights asserted are equivalent to rights protected by the Copyright Act. *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006).

Both elements are satisfied here. Defendants' Tortious Interference Claim alleges interference based on Plaintiff's assertion of copyright rights through DMCA takedown notices directed at audiovisual works protected under the Copyright Act. (Counterclaim ¶¶ 62–72). The alleged "wrongful conduct" is nothing more than Plaintiff's purportedly improper assertion of those rights. That theory falls squarely within the scope of copyright law and cannot be recast as a state-law tort.

Congress specifically addressed alleged abuse of the DMCA takedown process by enacting 17 U.S.C. § 512(f), which provides a narrow cause of action for knowing and material misrepresentations in takedown notices. Allowing a tortious interference claim based on the same conduct would nullify Congress's deliberate choice to impose a heightened scienter requirement and limited remedies. Courts therefore routinely reject attempts to plead around § 512(f) through state-law tort theories. *See Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*, 24-cv-2548-SHK, 2025 WL 1421394, at *4 (C.D. Cal. Apr. 10 2025) (holding that tortious interference claims based on DMCA takedowns are preempted and barred).

Here, the Tortious Interference Claim is entirely derivative of the alleged DMCA misconduct. Because federal law occupies the field and supplies the exclusive remedy, Defendants cannot establish a legally viable claim. Defendants' Tortious Interference Claim therefore fails as a matter of law and must be stricken pursuant to California Code of Civil Procedure § 425.16.

### B. The Tortious Interference Claim is Barred by the Litigation Privilege

Even if Defendants' Tortious Interference Claim was not preempted by the Copyright Act, it independently fails because it is barred by California's litigation privilege. California Civil Code § 47(b) provides an absolute privilege for communications made in connection with judicial proceedings, including communications made in

anticipation of litigation. The privilege is broad, applies regardless of malice, and bars all tort claims other than malicious prosecution. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006).

The litigation privilege applies where a communication is: (1) made in a judicial or quasi-judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) has some connection or logical relation to the action. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (citations omitted). Courts construe these elements broadly in favor of applying the privilege. *Id.* at 211.

Communications made prior to the filing of a lawsuit are covered by the privilege so long as they are made in contemplation of litigation even though the publication is made outside of a courtroom and no court is involved. *Id.* at 212. Federal courts applying California law routinely hold that statutory enforcement communications, such as cease-and-desist letters and intellectual property enforcement notices, are privileged pre-litigation communications. *See Thimes Solutions, Inc. v. TP Link USA Corp.*, 2020 WL 4353681, at *7 (C.D. Cal. June 8, 2020).

DMCA takedown notices fall squarely within the scope of the litigation privilege. A DMCA notice is a formal legal communication invoking a federal statutory enforcement scheme and expressly contemplates litigation as the next step if a counter-notification is filed. 17 U.S.C. § 512(g)(2)(C). Here, Defendants' Tortious Interference Claim is based entirely on Plaintiff's submission of DMCA takedown notices to YouTube. (Counterclaim ¶¶ 62–72). Those DMCA takedown notices were submitted for the purpose of asserting Plaintiff's claimed copyright rights, triggering YouTube's statutory enforcement process, and preserving Plaintiff's ability to file suit if Defendants submitted counter-notifications. Such conduct is paradigmatic petitioning activity protected by the litigation privilege.

Because the litigation privilege is absolute, it bars Defendants' Tortious Interference Claim regardless of whether Plaintiff acted with alleged bad faith or improper motive. *Silberg*, 50 Cal. 3d at 215–16. The privilege exists precisely to prevent litigants from recasting enforcement communications as derivative tort claims and thereby chilling access

to the courts. Accordingly, Defendants cannot establish a probability of prevailing on the Tortious Interference Claim, which is independently barred by the litigation privilege and must be stricken pursuant to California Code of Civil Procedure § 425.16.

      C.     **Even Accepting Defendants' Allegations as True, Defendants Cannot Establish the "Independently Wrongful Act" Required for Tortious Interference**

Even if the Court were to ignore copyright preemption and the litigation privilege, Defendants' do not state claim for tortious interference with prospective economic advantage under California law. The elements of a tortious interference with contract claim are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 825 (9th Cir. 2008) (citations omitted). A tortious interference with prospective economic advantage claim has the same elements (focusing instead on the existence and knowledge of a prospective economic relationship) but also requires that the defendant's conduct be "wrongful by some legal measure other than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1153 (2003) (internal quotation marks omitted).

In other words, to establish a tortious interference claim, Defendants must plead that Plaintiff engaged in an independently wrongful act, separate from the alleged interference itself. *Id.* at 1153-54. An act is independently wrongful only if it is "unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159.

Here, Defendants expressly identify the alleged "wrongful" conduct underlying the Tortious Interference Claim as Plaintiff's submission of DMCA takedown notices to YouTube. (Counterclaim ¶¶ 62–72). Defendants do not allege any conduct independent of the DMCA enforcement process; rather, they assert that the DMCA takedowns were

"wrongful" because they were allegedly made in bad faith, without a proper fair use analysis, and for improper purposes. (Counterclaim ¶ 67). That theory fails as a matter of law.

Where the allegedly wrongful conduct consists solely of invoking a statutory enforcement mechanism, California courts require a party to identify a legal violation independent of the enforcement activity itself. Allegations that a defendant misused a legal process, asserted rights aggressively, or acted with improper motive do not suffice. *Korea Supply*, 29 Cal. 4th at 1159.

Defendants' Tortious Interference Claim attempts to satisfy this requirement by pointing to alleged misrepresentations in Plaintiff's DMCA takedown notices. But Congress has already defined the exclusive legal standard governing such conduct in 17 U.S.C. § 512(f). As a result, any alleged "wrongfulness" arising from DMCA takedown notices must be adjudicated under that statute and cannot independently support a state-law tort claim. *See Complex Media, Inc. v. X17, Inc.*, 2019 WL 2896117, at *5 (C.D. Cal. Mar. 4, 2019).

Indeed, the Counterclaim itself confirms that the alleged wrongdoing is not independent of copyright law, but derivative of it. The Tortious Interference Claim incorporates by reference the same factual allegations underlying the § 512(f) claim, including alleged misrepresentations in takedown notices and misuse of the DMCA process. (Counterclaim ¶ 62).

That pleading choice is fatal because the Tortious Interference Claim does not, and cannot, identify any independently wrongful conduct separate from Plaintiff's protected and statutorily governed DMCA enforcement activity. Therefore, Defendants cannot establish a probability of prevailing on the Tortious Interference Claim. The claim therefore also fails at prong two of the anti-SLAPP analysis and must be stricken pursuant to California Code of Civil Procedure § 425.16.

## VII. PLAINTIFF IS ENTITLED TO MANDATORY ATTORNEY'S FEES AND COSTS

California's anti-SLAPP statute mandates an award of attorney's fees and costs to a prevailing defendant. Cal. Code Civ. Proc. § 425.16(c)(1). The statute provides that "a prevailing defendant on a special motion to strike **shall be** entitled to recover his or her attorney's fees and costs." *Id.* (emphasis added). The fee-shifting provision is mandatory, not discretionary. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); *Ningbo Yituo Enter. Mgmt. Co., LTD. v GoPlus Corp.*, 24-cv-02548-SHK, 2025 WL 1421394 at *5 (C.D. Cal. Apr. 10, 2025).

A defendant "prevails" for purposes of California Code of Civil Procedure § 425.16(c)(1) when a special motion to strike is granted. Courts consistently award fees where an anti-SLAPP motion succeeds as a matter of law. *See Complex Media, Inc. v. X17, Inc.*, 2019 WL 2896117, at *6 (C.D. Cal. Mar. 4, 2019). The dispositive question is not how the claim is resolved, but whether the defendant has obtained the relief the statute is designed to provide: dismissal of a claim arising from protected petitioning activity. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Where, as here, the anti-SLAPP motion eliminates such a claim, an award of attorney's fees and costs is mandatory. *Id.* ("Any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

Here, Plaintiff's Special Motion to Strike targets Defendants' Tortious Interference Claim, which arises entirely from Plaintiff's protected petitioning activity, namely, the submission of DMCA takedown notices to YouTube. As discussed above, that claim is barred by federal copyright preemption and the litigation privilege, and therefore cannot survive anti-SLAPP scrutiny as a matter of law. Because Defendants' Tortious Interference Claim is subject to being stricken under § 425.16, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in bringing this Special Motion to Strike.

Fee-shifting is especially appropriate where, as here, Defendants seek to impose tort liability based solely on statutory copyright enforcement activity. Allowing that claim to

proceed without consequence would undermine the anti-SLAPP statute's core purpose: preventing litigants from chilling the constitutional right of petition through meritless derivative tort claims.

Accordingly, Plaintiff respectfully request that the Court award his reasonable attorney's fees and costs incurred in connection with this Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16(c)(1), in an amount to be determined upon submission of a subsequent motion for attorney's fees and costs.

## VIII. CONCLUSION

Defendants' Tortious Interference Claim is precisely the type of derivative state-law claim California's anti-SLAPP statute was enacted to eliminate. The claim arises solely from Plaintiff's protected petitioning activity, namely, the submission of DMCA takedown notices to YouTube and is barred as a matter of law by federal copyright preemption and California's litigation privilege. Defendants therefore cannot establish a probability of prevailing on the claim.

Accordingly, Plaintiff respectfully requests that the Court grant this Special Motion to Strike, strike Defendants' Tortious Interference Claim in its entirety and award Plaintiff his mandatory attorney's fees and costs pursuant to California Code of Civil Procedure § 425.16(c)(1), in an amount to be determined upon further submission.

Dated: January 13, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

**Notice and Motion for Order Granting Special Motion to Strike Count Three of Defendants' Counterclaims**