Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansome Street, Sansome St #3500,
San Francisco, California 94104
Telephone: (877) 276-5084
E-mail: steve@vondranlegal.com

Attorney for Defendants and Counterclaimants: JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, and 14693663 CANADA INC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J CORDOVA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUDON-HUNEAULT,<br>NNEKA OHIRI, and<br>14693663 CANADA INC.<br><br>Defendant(s) and<br>Counterclaimant(s). | Case No. 5:25-cv-04685-VKD<br><br>Honorable Judge Virginia K. DeMarchi<br><br>**DEFENDANT'S VOLUNTARY DISMISSAL OF THIRD CAUSE OF ACTION FOR INTENTIONAL TORTIOUS INTERFERENCE.**<br><br>Filed concurrently with proposed Order.<br><br>*Pursuant to Civil Local Rule 7-1(b), Plaintiff respectfully requests that the Court decide this motion without oral argument.* |

NOTICE OF VOLUNTARY DISMISSAL OF TORTIOUS INTERFERENCE CLAIM. *(Rule 41 et seq).* To the Court and all Interested Parties: Defendant**s** JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, and 14693663 CANADA INC., by and through counsel, hereby voluntarily dismisses

Count Three of the Counterclaims, the claim for Tortious Interference with Existing and Prospective Economic Advantage, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). This dismissal is limited solely to the tortious interference claim. All other claims and defenses in this action remain unaffected. Plaintiff seeks dismissal to streamline the case and conserve judicial resources. *Pursuant to Civil Local Rule 7-1(b), Plaintiff respectfully requests that the Court decide this motion without oral argument.*

I.     **Explanation and Reservation of Rights**

1. **This dismissal is not an admission on the merits.**
   The dismissal is made for purposes of judicial economy and efficiency only and does not constitute a concession regarding the merits of the dismissed claim.

2. **The anti-SLAPP theory was raised for the first time by motion.**
   Prior to the filing of the Special Motion to Strike, opposing counsel did not meet and confer or otherwise raise the applicability of California Code of Civil Procedure §425.16 or related preemption or litigation-privilege arguments. The standing order for all judges in the Northern District calls for parties to honor the rules of professional conduct. These rules point to meeting and conferring to avoid necessary motion practice. This was not done here.

> https://www.cand.uscourts.gov/professional_conduct_guidelines                    4/7
>
> 1/24/2019            Guidelines For Professional Conduct | United States District Court, Northern District of California
>
> **10. Motion Practice**
>
> Motions should be filed or opposed only in good faith and when the issue cannot be otherwise resolved.
>
> *For example:*
>
> a. ==Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly.==
>
> b. A lawyer should not engage in conduct that forces opposing counsel to file a motion that he or she does not intend to oppose.
>
> c. In complying with any meet and confer requirement in the Federal Rules of Civil Procedure or other applicable rules, a lawyer should speak personally with opposing counsel or a self-represented party and engage in a good faith effort to resolve or informally limit all applicable issues.

Had counsel simply picked up the phone, this claim would have been dismissed without motion practice, but appears to have been done for the sole purpose of avoiding meet and confer requirements to try to seek legal fees that could easily have been prevented.  Allowing dismissal here avoids an unnecessary ruling on constitutional or state-law issues and prevents the inequitable result of fee-shifting absent any merits determination. Plaintiff acted promptly upon recognizing the procedural posture, and dismissal does not reflect gamesmanship or an attempt to evade an adverse ruling.

3. **The dismissal moots the pending Special Motion to Strike as to this claim.** Because the sole claim targeted by the Special Motion to Strike has now been voluntarily dismissed, there is no remaining controversy for the Court to adjudicate with respect to that motion.

4. **No party should be deemed a "prevailing party" for fee purposes.** This voluntary dismissal occurred promptly after the anti-SLAPP theory was identified and before any adjudication on the merits.  Under these circumstances, Defendant is not a prevailing

party within the meaning of California Code of Civil Procedure §425.16(c), and an award of attorney's fees would be inappropriate.

5. **Fees should be denied in light of lack of meet-and-confer and unnecessary motion practice.** Opposing counsel's failure to raise the issue through reasonable meet-and-confer efforts resulted in avoidable motion practice. Fee-shifting under these circumstances would not serve the purposes of the anti-SLAPP statute and would instead be punitive.

**Conclusion**

Defendant/Counterclaimant respectfully submits that dismissal of the tortious interference claim renders the pending Special Motion to Strike moot, and that no attorney's fees or costs should be awarded under these circumstances. Defendant/Counterclaimant dismissed immediately upon recognizing the legal issue; this was not a concession of merit but a good-faith litigation correction. No party will suffer legal prejudice from dismissal, and Defendant will not be a "prevailing party" for purposes of California Code of Civil Procedure §425.16 because the Court will not adjudicate Defendant's anti-SLAPP motion.

Respectfully Submitted,

DATED: January 13, 2026

**THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**

By:  /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
*Attorney for Defendants and Counterclaimants*
JONATHAN HUDON-HUNEAULT; NNEKA OHIRI AND 14693663 CANADA INC.
One Sansome Street, Sansome St #3500,
San Francisco, California 94104
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

## CERTIFICATE OF SERVICE

I served this document as follows, on January 13, 2026:

__xx__   **ELECTRONIC FILING:** I filed the above-described document(s) electronically through the Court's ECF filing system to all registered users.

## SERVICE LIST

RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on January 13, 2026.

                                    /s/ Lisa Vondran
                                    Lisa Vondran, legal assistant