RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC.,<br><br>Defendants. | Case No. 25-cv-04685-VKD<br><br>**Hon. Virginia K. DeMarchi**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF VOLUNTARY DISMISSAL (ECF NO. 62) AND OBJECTION TO DEFENDANTS' PROPOSED ORDER REGARDING ATTORNEY'S FEES (ECF NO. 62-1)** |

Plaintiff Christopher J. Cordova ("Plaintiff") submits this response to Defendants' Notice of Voluntary Dismissal (ECF No. 62) and objects to Defendants' proposed order (ECF No. 62-1) to the extent it purports to adjudicate attorney's fees under California Code of Civil Procedure § 425.16.

## I. PLAINTIFF DOES NOT OPPOSE DISMISSAL OF DEFENDANTS' THIRD CAUSE OF ACTION FOR TORTIOUS INTERFERENCE

Plaintiff does not oppose Defendants' voluntary dismissal, without prejudice, of the Third Cause of Action for Intentional Tortious Interference with Prospective Business Advantage pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and 41(c). Plaintiff agrees that dismissal of that claim is appropriate, that no court order is required to effectuate dismissal, and that no further adjudication of the merits of the dismissed claim is necessary.

## II. DEFENDANTS' PROPOSED ORDER IMPROPERLY SEEKS TO ADJUDICATE ATTORNEY'S FEES WITHOUT MOTION PRACTICE

Defendants' Proposed Order (ECF No. 62-1) is titled as an order granting Defendants' "Motion for Voluntary Dismissal." Defendants, however, did not file a motion for voluntary dismissal. Instead, they filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) and 41(c). Because no motion was filed, the proposed order is procedurally improper. Plaintiff therefore objects to any portion of the proposed order characterizing Defendants' filing as a motion or purporting to grant relief that was not properly requested through motion practice.

Plaintiff further objects to Paragraphs 3 and 4 of the proposed order, which seek to (1) deny Plaintiff's pending special motion to strike as "moot" for all purposes and (2) declare that Plaintiff is not a prevailing party and that no attorney's fees or costs may be awarded under California Code of Civil Procedure § 425.16(c)(1).

Attorney's fees under § 425.16(c)(1) are mandatory for a prevailing defendant. Whether a party is a prevailing party under the anti-SLAPP statute is a legal determination that must be resolved through proper motion practice, not through a proposed dismissal order. Defendants' proposed order improperly asks the Court to adjudicate a contested

1

**Plaintiff's Response to Defendants' Notice of Voluntary Dismissal and Objection to Defendants' Proposed Order Regarding Attorney's Fees**

statutory fee issue without a noticed motion, briefing, or an evidentiary record.

A proposed order accompanying a notice of voluntary dismissal is not the proper procedural vehicle to resolve entitlement to attorney's fees under the anti-SLAPP statute.

### III. VOLUNTARY DISMISSAL AFTER FILING OF AN ANTI-SLAPP MOTION DOES NOT EXTINGUISH MANDATORY FEE ENTITLEMENT

Defendants voluntarily dismissed the Tortious Interference Claim only after Plaintiff filed a Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16. As a matter of California law, voluntary dismissal, whether with or without prejudice, does not eliminate a moving party's entitlement to attorney's fees where the moving party achieved its litigation objective through the filing of an anti-SLAPP motion. *See Rutherford v. Palo Verde Health Care District*, 13-cv-1247-JAK (SPx), 2014 WL 12634510, at *5–6 (C.D. Cal. May 13, 2014). In fact, when the non-moving party dismisses a challenged cause of action a presumption arises that the moving party is the prevailing party. *Id.* (citations omitted).

Courts applying § 425.16 determine prevailing-party status based on the practical outcome of the litigation, not on whether the court reached the merits of the special motion to strike. *Id.*; *see also Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (Cal. Ct. App. 4th Dist. 2nd Div. 1998); *Liu v. Moore*, 69 Cal. App. 4th 745, 752 (Cal. Ct. App. 2d Dist. 3d Div. 1999). Attorney's fees under § 425.16(c)(1) are mandatory once a party is determined to be a prevailing party.

Federal courts applying California's anti-SLAPP statute have expressly held that dismissal following the filing of a special motion to strike may render the motion moot for merits purposes, but does not resolve fee entitlement, which must be decided separately through proper motion practice. *Rutherford*, 2014 WL 12634510, at *5–6.

Defendants' characterization of the dismissal as "without prejudice" does not alter this analysis. Nor does Defendants' contention that a meet-and-confer was required prior to filing the anti-SLAPP motion. No such requirement exists in the Northern District of California.

## IV. CLARIFICATION REGARDING THE EFFECT OF DEFENDANTS' DISMISSAL

In light of Defendants' Notice of Voluntary Dismissal (ECF No. 62), Plaintiff respectfully requests that the Court clarify the procedural effect of that filing and decline to enter Defendants' proposed order (ECF No. 62-1) to the extent that it exceeds the scope of Rule 41.

Specifically, Plaintiff requests that the Court:

1. Acknowledge that Defendants' Third Cause of Action for Tortious Interference with Prospective Business Advantage was voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and 41(c), without the need for court order;

2. Decline to enter Defendants' proposed order, or any portion thereof, purporting to deny Plaintiff's pending special motion to strike for all purposes, determine prevailing-party status, or adjudicate entitlement to attorney's fees under California Code of Civil Procedure § 425.16;

3. Clarify that Defendants' voluntary dismissal does not resolve or extinguish Plaintiff's statutory right to seek attorney's fees and costs under California Code of Civil Procedure § 425.16(c)(1); and

4. Confirm that Plaintiff may file a noticed motion for attorney's fees and costs in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

//
//
//
//
//
//
//
//

3

**Plaintiff's Response to Defendants' Notice of Voluntary Dismissal and Objection to Defendants' Proposed Order Regarding Attorney's Fees**

Dated: January 14, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

**Plaintiff's Response to Defendants' Notice of Voluntary Dismissal and Objection to Defendants' Proposed Order Regarding Attorney's Fees**