RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC.,<br><br>　　　　　Defendants. | Case No. 25-cv-04685-VKD<br><br>**HON. VIRGINIA K. DEMARCHI**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND CASE MANAGEMENT ORDER AND EXTEND DEADLINE TO AMEND PLEADINGS**<br><br>**HEARING:**<br>Date: March 31, 2026<br>Time: 10:00 a.m.<br>Place: 280 South 1st St.<br>Courtroom 2 (5th Floor)<br>San Jose, CA 95113 |

**Notice of Motion and Motion to Amend Case Management Order**

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 (5th Floor) of the Honorable Virginia K. DeMarchi, United States Magistrate Judge, at the Robert F. Peckham Federal Courthouse, 280 South First Street, San Jose, California 95113, Plaintiff Christopher J. Cordova ("Plaintiff") will and move the Court for an order amending the Case Management Order entered November 4, 2025 (ECF No. 41) pursuant to Federal Rule of Civil Procedure 16(b)(4).

Specifically, Plaintiff seeks a limited modification of the deadline to amend pleadings to permit amendment after issuance of the pending copyright registration for the *Courthouse Fail* video, for which Plaintiff filed an application with the U.S. Copyright Office on October 15, 2025.

This Motion is based on good cause, including Plaintiff's diligence, the reasonable reliance on then-current Copyright Office processing times, and the fact that the delay in issuance is entirely outside Plaintiff's control.

This Motion is made on the following grounds:

1. Plaintiff acted diligently by filing the copyright registration application well in advance of the amendment deadline set by the Court;

2. The Copyright Office has not yet issued the registration despite Plaintiff's timely application;

3. The delay is attributable to administrative backlog, not any lack of diligence by Plaintiff;

4. The requested amendment is narrow, non-prejudicial, and limited to conforming the pleadings to an issued registration for a work already central to the case; and

5. Defendants will suffer no prejudice from a modest extension tied to issuance of the registration.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiff has demonstrated "good cause" under Federal Rule of Civil Procedure 16(b)(4) to modify the Case Management Order to extend the deadline to amend pleadings.

2. Whether Plaintiff acted diligently by filing a copyright registration application for the *Courthouse Fail* video on October 15, 2025, in reasonable reliance on then-existing Copyright Office processing times.

3. Whether the delay in issuance of the copyright registration, presumably caused by administrative backlog at the U.S. Copyright Office and outside Plaintiff's control, constitutes good cause to modify the scheduling order.

4. Whether the requested amendment is narrow, limited, and non-prejudicial, where it seeks only to plead an issued registration for a work already central to the case and previously addressed by the Court.

5. Whether modification of the Case Management Order will promote judicial efficiency by avoiding piecemeal litigation and aligning the pleadings with undisputed administrative reality.

Dated: January 30, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,
Christopher J. Cordova*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is a narrow, practical motion driven by a single, objective fact: the U.S. Copyright Office has not yet issued the registration for Plaintiff's *Courthouse Fail* video, despite Plaintiff having filed the application on October 15, 2025. (Declaration of Randall S. Newman dated January 30, 2026 "Newman Decl."). The Case Management Order sets February 2, 2026 as the deadline to amend pleadings. (ECF No. 41). Plaintiff seeks a modest extension of that deadline solely to permit amendment once the registration issues and Plaintiff expects that registration to issue any day.

This request reflects diligence, not delay. When Plaintiff filed the registration, Copyright Office processing times were routinely issuing registrations within approximately sixty days. (Newman Decl. ¶ 8). Plaintiff reasonably relied on those timelines. (*Id.*) The delay is external, unpredictable, and entirely outside Plaintiff's control.

Defendants refused to stipulate to an extension of deadline to amend the pleading and claim Plaintiff should have sought expedited registration. (*Id.* ¶ 11). That argument fails as a matter of law and equity. Expedited registration is discretionary, costly, and not required where a party acted diligently under then-existing processing norms.

Moreover, Defendants will suffer no prejudice as a result of extending the deadline to amend the operative complaint as Defendants are aware of the dispute regarding the *Courthouse Fail* video and discovery is still in its early stages. In sum, Rule 16's "good cause" standard is satisfied and the Court should grant Plaintiff's motion.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed the operative Complaint on November 3, 2025 (ECF No. 39). The Case Management Order, entered November 4, 2025, set February 2, 2026 as the deadline to amend pleadings (ECF No. 41). Plaintiff filed the copyright registration application for *Courthouse Fail* on October 15, 2025. (Newman Decl. ¶ 7, Ex. "A"). As of the filing of this motion, the Copyright Office confirms the application remains pending. (*Id.*)

The Court is already familiar with the significance of the *Courthouse Fail* work,

having addressed it extensively in ruling on Defendants' motion to dismiss. *See Cordova v. Huneault*, No. 25-cv-04685-VKD, 2026 WL 184598, at *7 (N.D. Cal. Jan 23, 2026).

## III. LEGAL STANDARD UNDER RULE 16(b)(4)

Federal Rule of Civil Procedure 16(b) requires the court to issue a scheduling order with various deadlines, including a time by which parties must seek leave to amend their pleadings. A party must have "good cause and ... the judge's consent" to seek relief from a scheduling order deadline. Fed. R. Civ. P 16(b)(4). "The good cause standard primarily considers the diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (internal citation removed). Though prejudice to the opposing party is relevant, diligence is Rule 16(b)'s primary focus. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, if the party seeking modification was diligent, the inquiry ends. Prejudice to the opposing party is secondary.

## IV. ARGUMENT

### A. Plaintiff Acted Diligently Under Existing Copyright Office Timelines

Plaintiff filed the registration application on October 15, 2025. (Newman Decl. ¶ 7, Ex. "A"). At that time, standard applications were routinely issuing within approximately sixty days. (*Id.* ¶ 8). Plaintiff reasonably expected the registration to issue well before the February 2, 2026 amendment deadline. (*Id.* ¶ 9).

Plaintiff did exactly what Rule 16 requires: acted promptly, anticipated deadlines, and took the necessary steps in advance.

### B. The Delay Is Entirely Outside Plaintiff's Control

The delay at issue is attributable solely to the U.S. Copyright Office's well-documented processing backlog, a systemic administrative condition over which Plaintiff has no control. Once an application is filed, a copyright claimant has no mechanism to compel issuance, unilaterally accelerate review, or meaningfully predict when registration will issue. See *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 304–05 (2019) (recognizing that in 2019 the average processing time for registration applications was seven months).

"Good cause" means a scheduling deadline cannot be met despite the diligence of the party seeking the extension. *See*, e.g., *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). This principle applies with particular force where, as here, the amendment is contingent on agency action that must precede suit or pleading.

In short, Plaintiff did everything the law permits, and requires, by submitting the application for *Courthouse Fail* shortly after becoming aware that the video was still live on the Frauditor Troll Channel in October 2025. (Newman Decl. ¶¶ 5-7). The remaining delay is entirely the product of agency backlog, not lack of diligence, and therefore constitutes textbook good cause for modification of the scheduling order.

### C. Expedited Registration Is Not Required to Show Diligence

Defendants declined to stipulate to the amendment of the Case Management Order because they apparently believe Plaintiff lacked diligence for not seeking expedited copyright registration which requires an $800 fee. (Newman Decl. ¶ 11). That contention misunderstands Rule 16's "good cause" standard.

Rule 16(b)(4) does not require a party to pursue every conceivable, extraordinary, or costly procedural option to preserve diligence. Rather, diligence is measured by whether the moving party acted reasonably under the circumstances and in light of the information available at the time. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff filed the registration application on October 15, 2025, well in advance of the February 2, 2026 amendment deadline, at a time when standard Copyright Office processing times routinely resulted in issuance within approximately sixty days. (Newman Decl. ¶¶ 8-9). Plaintiff reasonably relied on those processing norms. The subsequent delay was neither predictable nor within Plaintiff's control.

Expedited registration is a discretionary, fee-based option intended for exceptional circumstances. Nothing in Rule 16, or copyright law, requires a litigant to incur additional expense or pursue extraordinary administrative relief to preserve scheduling rights,

particularly where the party acted diligently and reasonably relied on ordinary processing timelines.

Plaintiff did exactly what Rule 16 requires: he acted promptly, reasonably, and in reliance on established timelines. The absence of expedited registration does not undermine diligence and does not defeat good cause.

### D.   No Prejudice to Defendants

Defendants will suffer no prejudice from the requested modification of the Case Management Order. Discovery is in its earliest stages, no depositions have been taken, and no discovery cutoff is imminent. (Newman Decl. ¶ 12, ECF No. 41). Extending the deadline to amend pleadings therefore does not disrupt any completed discovery, trial preparation, or motion practice.

The requested amendment is narrow and administrative in nature. Plaintiff seeks only to amend the pleadings to reflect the issuance of a copyright registration for the *Courthouse Fail* video, an underlying work already at issue in this action and already addressed by the Court. The amendment does not alter the factual landscape, introduce new parties, or materially expand the scope of discovery.

Because Defendants face no disruption, surprise, or tactical disadvantage, and because the case remains in its early procedural posture, the requested extension causes no prejudice and supports a finding of good cause.

### V.   CONCLUSION AND REQUESTED RELIEF

Plaintiff respectfully requests that the Court amend the Case Management Order to extend the deadline to amend pleadings until thirty (30) days after issuance of the *Courthouse Fail* copyright registration, or to a date certain the Court deems appropriate. This limited modification preserves judicial efficiency, avoids piecemeal litigation, and aligns the pleadings with undisputed administrative reality.

//
//
//

4

**Notice of Motion and Motion to Amend Case Management Order**

Dated: January 30, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,
Christopher J. Cordova*

**Notice of Motion and Motion to Amend Case Management Order**