1  Simon Lin – State Bar No. 313661
   4388 Still Creek Drive, Suite 237
2  Burnaby, British Columbia, Canada V5C 6C6
   T : 604-620-2666
3  F : 778-805-9830
4  E : simonlin@evolinklaw.com

5  *Attorney for Defendants Jonathan Hudon-Huneault,*
   *Nneka Ohiri, and 14693663 Canada Inc.*
6

7              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,  Plaintiff,  vs.  JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC.,  Defendants. | Case Number: 5:25-cv-04685-VKD  **DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATES FOR ECF Nos: 64 and 61**  **Judge:** Magistrate Judge Virginia K. Demarchi  **Complaint Filed**: June 3, 2025  **Trial Date**: February 1-2, 2027 (Bench Trial) |

DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATE FOR ECF Nos: 64 and 61; Case Number: 5:25-cv-04685-VKD

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

Pursuant to Civ. L.R. 7-11, Defendants hereby move the Court for an Order:

a. enlarging the deadline to February 20, 2026 for the Defendants' response papers for Plaintiff's Motion to Dismiss Counts 1 and 2 (ECF No. 64) and the Defendants' response papers for Plaintiff's Motion to Amend Case Management Order and Extending Deadline (ECF No. 66); and

b. continuing the March 3, 2026 hearing for Plaintiff's Motion to Dismiss Counts 1 and 2 (ECF No. 64) to March 31, 2026, or alternatively March 24, 2026; and continuing the February 17, 2026 hearing for Plaintiff's Special Motion to Strike (ECF No. 61) to March 31, 2026 or alternatively March 24 or March 3, 2026.

## I. RELEVANT PROCEDURAL BACKGROUND

The Complaint in this action was filed on June 3, 2025. On November 4, 2025, the parties appeared at an initial case management conference and a Case Management Scheduling Order was issued the same day fixing various timelines including discovery cut-off and fixing a trial date of February 1-2, 2027.

Both parties filed a number of motions thereafter:

a. Defendants' Motion to Dismiss under *FRCP* 12(b)(6) (ECF No: 43), granted in part and denied in part on January 23, 2026 (ECF No: 65);

b. Plaintiff's Special Motion to Strike under Cal. Code Civ. Proc. § 425.16 (ECF No. 61) **on calendar for February 17, 2026**;

c. Plaintiff's Motion to Dismiss Counts 1 and 2 (ECF No. 64) **on calendar for March 3, 2026**; and

d. Plaintiff's Motion to Amend Case Management Order and Extending Deadline (ECF No. 66) **on calendar for March 31, 2026**.

On February 2, 2026, all of the Defendants retained the undersigned as their new counsel. A motion to substitute was filed on February 3, 2026 and has been granted (ECF No: 72).

1

DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATE FOR ECF Nos: 64 and 61; Case Number: 5:25-cv-04685-VKD

## II.    ENLARGING DEADLINES FOR RESPONSE PAPERS FOR ECF NO: 64 and 66

Prior to filing this administrative motion, Defendants' requested Plaintiff to stipulate to extending these two deadlines for the response papers (Declaration of Simon Lin, ¶ 2 and Exhibit 1, pp. 6 and 10):

    a. For ECF No: 64 moving the deadline from February 6, 2026 to February 20, 2026

    b. For ECF No: 66 moving the deadline from February 13, 2026 to February 20, 2026

Plaintiff was agreeable to the first request for ECF No. 64 but not the second request for ECF No. 66 (Declaration of Simon Lin, Exhibit 1, p. 4). There is evidently no prejudice to the Plaintiff in the short extension of <u>one week</u> for ECF No: 66.

The primary reason for Defendants' request is that new counsel has just been retained, and is awaiting transfer of file materials. The undersigned also has a number of prior commitments for the remainder of this week and the beginning of next week, which would make it extremely difficult to meet a short deadline (Declaration of Simon Lin, ¶ 3).

Defendants request the deadline for their response papers for ECF Nos: 64 and 66 be enlarged to February 20, 2026.

## III.    CONTINUING HEARING DATES FOR ECF NO: 64 and 61

Defendants request to continue the hearing scheduled for March 3, 2026 (ECF No: 64). Plaintiff was *somewhat* agreeable to the continuation but insisted the hearing be continued to March 17, 2026 only. **However,** Plaintiff was already informed beforehand that the undersigned had prior commitments on both March 10 and 17, 2026 (Declaration of Simon Lin, Exhibit 1, p. 6). On March 17, 2026, the undersigned is appearing for a full day at a Court of Appeal hearing that was scheduled months ago, involving multiple counsel and cannot be changed (Declaration of Simon Lin, Exhibit 2).

Defendants request the hearing for ECF No. 64 be continued to March 31, 2026, the same day that ECF No. 66 is already on calendar. It would be most efficient for the Court to address

2

DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATE FOR ECF Nos: 64 and 61; Case Number: 5:25-cv-04685-VKD

all motions on the same day rather than multiple motions back-to-back one week after another. Alternatively, the Defendants request the hearing be continued to March 24, 2026.

Defendants also request to continue the February 17, 2026 motion hearing for ECF No. 61. The reason for this continuation is that the undersigned is not available on February 17, 2026 due to a personal commitment that morning (Declaration of Simon Lin, ¶4). The undersigned's earliest availability is on March 3, 2026. It may be most efficient for this Court to continue this motion to March 31, 2026, the same date as ECF No. 66. Alternatively, Defendants request that the hearing for ECF No. 61 be continued to March 24, 2026 or March 3, 2026.

For greater certainty, the Defendants are not seeking to enlarge the deadline for filing response papers to ECF No. 61, as the merits of the motion had already been resolved and is moot because of the voluntary dismissal that was already filed on the same day as ECF No. 61. Defendants plan to briefly address mootness or provide any necessary clarifications in oral submissions, if this Court finds necessary. Alternatively, it may also be open to this Court to order supplemental briefings specific to the mootness topic only in lieu of or in addition to oral submissions.

## IV. **CONCLUSION**

This Court should grant the Order, as detailed in the Proposed Order.

Respectfully submitted,

Date: February 3, 2026            By: ___*Simon Lin*___

Simon Lin – State Bar No. 313661