| | |
|---|---|
| 1 | Simon Lin – State Bar No. 313661 |
| 2 | 4388 Still Creek Drive, Suite 237 |
|   | Burnaby, British Columbia, Canada V5C 6C6 |
| 3 | T : 604-620-2666; F : 778-805-9830 |
|   | E : simonlin@evolinklaw.com |

*Attorney for Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, | |
| vs. | **DECLARATION OF SIMON LIN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATE FOR ECF No: 64 and 61** |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., | |
| Defendants. | |
| | **Judge:** Magistrate Judge Virginia K. Demarchi |
| | **Complaint Filed**: June 3, 2025 |
| | **Trial Date**: February 1-2, 2027 (Bench Trial) |

I, Simon Lin, do hereby declare as follows:

1. I am an attorney at law and counsel of record for the Defendants JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I make this Declaration in support of Defendants' Administrative Motion to enlarge time and continue two motion hearing dates. I have personal knowledge of the facts set forth in this Declaration, gained in my capacity as counsel for Defendants, and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 2, 2026, I wrote to counsel for the Plaintiff requesting stipulation for various dates of the upcoming motions. Multiple emails were exchanged on February 2, 2026 and February 3, 2026 with the Plaintiff's final position being provided on at 8:35 a.m. on February 3, 2026. A true, complete, and correct copy of the email chain is attached to this declaration as **Exhibit 1**.

3. At this time, I am fully occupied for the remainder of this week with full day motion hearings fixed for February 5-6, 2026 in the Supreme Court of British Columbia. For the week of February 9, 2026, I also have other personal and professional commitments including deadlines that had been fixed for other matters.

4. I am not available on February 17, 2026 at 10:00 a.m. as I had already been scheduled to attend my child's pre-school interview that morning at the same time.

5. On March 17, 2026, I am scheduled to appear before the Court of Appeal for British Columbia for a full day hearing. A true and correct copy of the Notice of Hearing is attached to this declaration as **Exhibit 2**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 3, 2026 in the District of North Vancouver, Province of British Columbia, Canada.

*/s/ Simon Lin*
Simon Lin

Declaration of Simon Lin ISO DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11: (A) ENLARGING TIME FOR RESPONSE PAPERS FOR ECF Nos: 64 and 66; and (B) TO CONTINUE HEARING DATE FOR ECF Nos: 64 and 61; Page 2/2

# EXHIBIT 1



**Simon Lin <simonlin@evolinklaw.com>**

## 5:25-cv- 04685-VKD Cordova v. Huneault

**rsn@randallnewman.net** <rsn@randallnewman.net>　　　　　　　　　　　　　　Tue, Feb 3, 2026 at 8:35 AM
To: Simon Lin <simonlin@evolinklaw.com>

Dear Mr. Lin,

I have seen the motion to substitute.

With respect to your email below, Plaintiff does not agree to continue the February 17, 2026 hearing on the Special Motion to Strike (ECF No. 61). In any event, it is unlikely that the Court will require oral argument on that motion, and it is more probable that the matter will be taken under submission.

As to the Motion to Dismiss Counts I and II (ECF No. 64), Plaintiff is willing to agree to a limited extension of the opposition deadline by two weeks, with a corresponding continuance of the hearing from March 3, 2026 to March 17, 2026. Plaintiff does not agree that a four-week continuance to March 31, 2026 is necessary or appropriate. Here as well, Plaintiff believes it is unlikely that the Court will require oral argument.

Plaintiff's position as to ECF No. 66 remains unchanged.

Please let me know if Defendants wish to proceed on that basis.

Regards,

Randall S. Newman

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Tuesday, February 3, 2026 11:04 AM

**To:** rsn@randallnewman.net
**Subject:** Re: 5:25-cv- 04685-VKD Cordova v. Huneault

Dear Mr. Newman,

We have filed the motion to substitute.

We look forward to your substantive response to our email from yesterday evening.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor

 LAW

**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Tue, Feb 3, 2026 at 5:39 AM <rsn@randallnewman.net> wrote:

> Dear Mr. Lin,
>
> At this point, it is still unclear whether you are appearing as substitute counsel or as co-counsel, as no Notice of Appearance or Substitution of Counsel has been filed. In the absence of such a filing, I will continue to treat Mr. Vondran as counsel of record for Defendants.
>
> I also note that Mr. Vondran has already filed a request to appear remotely at the February 17, 2026 hearing. Accordingly, unless and until your role is formally clarified on the docket, Plaintiff will proceed on the assumption that Mr. Vondran remains responsible for appearances, briefing, and scheduling matters in this case.

Best regards,

Randall S. Newman

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Monday, February 2, 2026 10:02 PM
**To:** rsn@randallnewman.net
**Subject:** Re: 5:25-cv- 04685-VKD Cordova v. Huneault

Dear Mr. Newman,

Thank you for the clarification regarding ECF No. 69/70. We had not suggested any changes to that.

If the response date for **ECF No. 64** (motion to dismiss counts 1 and 2) is moved to February 20, there would still need to be a period necessary for reply and March 3 for a hearing would not be possible. We suggested March 31 as we would be appearing anyways. I have other commitments on March 10 and 17 so the earliest would be March 24. Please let us know if you would be agreeable to March 31 in the circumstances.

With respect to **ECF No. 66** (motion to amend CM order), we understand from your email below, you are agreeable to February 20 for our response deadline. Please confirm.

Finally, if we are not able to come to an agreement on the hearing date for **ECF No. 61** (motion to strike based on anti-slapp), we will bring an administrative motion to change the hearing date to sometime in March when I am able to attend. We do not intend to change the date for the response papers, as in our view the motion is already moot due to the withdrawal. We intend to make some brief oral submissions if the Court has any residual questions. **Please let us know if your client would reconsider**. It would seem unlikely for the Court to refuse the change of a hearing date when new counsel is not available on the original date.

Thank you and we look forward to hearing from you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Mon, Feb 2, 2026 at 2:11 PM <rsn@randallnewman.net> wrote:

> Dear Mr. Lin,
>
> Thank you for your email.
>
> To clarify at the outset, the filing you reference (ECF No. 70) was solely a request for Mr. Vondran to appear remotely at the February 17, 2026 hearing. It was not a response or substantive filing directed to the Special Motion to Strike (ECF No. 61), and it does not resolve or obviate the Court's need to dispose of that motion. Plaintiff therefore does not agree to continuing or consolidating the hearing on ECF No. 61, nor to any stipulation affecting that motion.
>
> With respect to the remaining motions:
>
> ECF No. 64 (Motion to Dismiss Counts I and II): Plaintiff is willing to consider a short extension of the opposition deadline to February 20, 2026. However, Plaintiff does not agree that a four-week continuance of the hearing, from March 3, 2026 to March 31, 2026, is necessary or reasonable. If an extension is granted, Plaintiff's position is that the hearing should remain set as close to the currently scheduled date as practicable.
>
> ECF No. 66 (Motion to Amend Case Management Order): The hearing is already set for March 31, 2026.
>
> Any stipulation would need to be narrowly confined to ECF Nos. 64 and 66, limited to briefing/hearing logistics only, and would not affect ECF No. 61 or any other procedural deadlines.
>
> Please let me know if you wish to proceed on that basis.

Best regards,

Randall S. Newman

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Monday, February 2, 2026 4:59 PM
**To:** rsn@randallnewman.net
**Subject:** Re: 5:25-cv- 04685-VKD Cordova v. Huneault

Dear Mr. Newman,

Thank you for alerting me to the procedural steps upcoming. I appreciate that.

Would your client be amenable to move the hearings for all three items (#1-3) to March 31, 2026? We ask that #1 be moved since I am not available that day, and it seems to make the most sense to have all motions dealt with on the same day and same time.

It appears the defendant's current counsel already filed a Notice in relation to Doc. 61 so we would not need further briefing on that. We would, however, ask for the response papers for #2-3 to be due February 20.

Please let us know if that would work for your client. Thank you.

*Sent from my iPhone

Kind Regards,
Simon Lin
Barrister & Solicitor (British Columbia/Ontario)
Attorney (California)

Evolink Law Group
237-4388 Still Creek Drive
Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830 (our fax number has changed as of May 12, 2023)

www.evolinklaw.com
This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby

notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Mon, Feb 2, 2026 at 12:46 <rsn@randallnewman.net> wrote:

> Dear Mr. Lin,
>
> Thank you for your email. I want to clarify the current procedural posture and the dates that are actually subject to stipulation.
>
> As reflected on the docket, the following matters are pending:
>
> 1. January 13, 2026 – Special Motion to Strike (ECF No. 61).
>    The opposition deadline was January 27, 2026. That deadline has passed. While the February 17, 2026 hearing remains on the Court's calendar, Plaintiff is not willing to stipulate to reopening or extending briefing deadlines on the Special Motion to Strike as the deadline to oppose the motion has passed.
>
> 2. January 23, 2026 – Motion to Dismiss Counts I and II (ECF No. 64).
>    Opposition is due February 6, 2026, with the hearing set for March 3, 2026.
>
> 3. January 30, 2026 – Motion to Amend Case Management Order (ECF No. 66).
>    Opposition is due February 13, 2026, with the hearing set for March 31, 2026.
>
> 4. February 2, 2026 – Administrative Motion to Appear via Zoom (ECF No. 69).
>    This motion relates to the February 17, 2026 hearing currently on calendar.
>
> Plaintiff does not agree to any stipulation that would revive or extend briefing deadlines associated with the Special Motion to Strike (ECF No. 61), as the opposition deadline has already passed. However, Plaintiff is willing to consider a reasonable stipulation as to the remaining pending motions (ECF Nos. 64 and 66), provided the requested changes are clearly identified and limited to those motions.

If you wish to propose specific adjustments with respect to those matters, please let me know.

Best regards,

Randall S. Newman

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Monday, February 2, 2026 2:41 PM
**To:** rsn@randallnewman.net
**Subject:** 5:25-cv- 04685-VKD Cordova v. Huneault

Dear Mr. Newman,

I am writing with respect to the aforementioned file. I am in the process of being retained and expect to have our appearance filed later today, and we will be appearing for Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 CANADA INC.

I understand that your client has a motion that is currently calendared for February 17, 2026 with response papers due on February 6 (i.e., Doc. 61).

I am writing to inquire whether the plaintiff will agree to stipulate for a short continuation (i.e., March 10 for the motion hearing; February 20 for the response papers). The reason for the request is that I would need a bit of time to get up to speed on this file, after receiving file materials from current counsel. I am also not available on February 17 due to other prior commitments.

Please kindly advise by **5PM PST today** if this is agreeable. We trust that an administrative motion would not be necessary.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor (British Columbia/Ontario)
Attorney (California)



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6

T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

# EXHIBIT 2

# COURT OF APPEAL FOR BRITISH COLUMBIA

**FORM 5** — **NOTICE OF HEARING OF APPEAL** *(RULE 33(2), 34(2) )*

Page 1 of 2

Court of Appeal File No.: **CA51094**

*The file number can be found on the upper right corner of the Notice of Appeal.*

[Stamp: VANCOUVER 31-Dec-25 COURT OF APPEAL REGISTRY]

**AIR PASSENGER RIGHTS** v. **WESTJET AIRLINES LTD.**

*Name of the first appellant named on Form 1: Notice of Appeal.*

*Name of the first respondent named on Form 1: Notice of Appeal.*

**To the party(ies) filing the Notice of Hearing of Appeal:**

**You are required to attach a copy of the orders under appeal to this form.** The court will review any appeal set for one day or longer and may adjust the length.

**Address of the courthouse where the appeal will be heard**

BC Court of Appeal
The Law Courts
400-800 Hornby Street
Vancouver, BC
V6Z 2C5

**Date the appeal will be heard**: 17/03/2026 (DD/MM/YYYY) — time to be confirmed by court scheduler

**Estimated length of appeal in days**
*The default length for an appeal is half a day.*

| Appellant's estimate | Respondent's estimate |
|---|---|
| 1 day | 1 day |

| I agree to pay all hearing fees payable under Item 5 of Division 1 of Schedule 2 - Court Fees. |
|---|

| Date form completed | 19/12/2025 | Name of lawyer or party authorizing filing of this form | Simon Lin |
|---|---|---|---|
| | *DD/MM/YYYY* | | |



**COURT OF APPEAL FOR BRITISH COLUMBIA**

**COURT OF APPEAL**

*required fields

CA File No.* `CA51094`    Abbreviated Style of Proceeding* `Air Passenger Rights v. WestJet Airlines Ltd.`

Hearing involves multiple appeal files ☐

## APPENDIX - PUBLIC BROADCAST OF APPEALS

*To be completed by any person filing Form 5: Notice of Hearing and any criminal respondent filing their factum/statement*

On 3 January 2023 the British Columbia Court of Appeal will publicly broadcast by video all of its appeal hearings subject to the exceptions noted below or where otherwise directed by the Court. For more information about public broadcast of appeals see section 2.2 of the [Court's Record and Courtroom Access Policy](#).

As the party filing this form, I confirm that I have advised all parties that this appeal will be publicly broadcast subject to the following exceptions:

1. Appeals involving a matter prosecuted under the *Youth Criminal Justice Act*;
2. Appeals where publication bans or sealing orders are in place that are incompatible with a public broadcast; or,
3. Appeals where privacy, confidentiality, or other concerns are incompatible with a public broadcast.

**Does any party object to the public broadcast of this appeal?*** ☐ Yes ☒ No

**IF NO PARTY OBJECTS,** identify any measures necessary to mitigate privacy or confidentiality concerns, if they exist (e.g. referring to an individual by their initials, suspending the broadcast if confidential information is discussed or other precautionary measures?)

**IF ANY PARTY OBJECTS,** identify the applicable exception to public broadcast listed above and explain the basis of the objection:

If any person appearing at the appeal has concerns about the broadcast relating to their personal health, safety, or a disability, they should contact the Associate Registrar, Maria Littlejohn, at 604-660-2865 to discuss these issues confidentially.

Name of lawyer or party authorizing filing of this Appendix `Simon Lin`

Date submitted `December 19, 2025`

[Save As]