RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., <br><br> Defendants. | Case No. 25-cv-04685-VKD <br><br> **HON. VIRGINIA K. DEMARCHI** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> **HEARING:** <br> Date: March 31, 2026 <br> Time: 10:00 a.m. <br> Place: 280 South 1st St. <br> Courtroom 2 (5th Floor) <br> San Jose, CA 95113 |

**Notice of Motion and Motion for Leave to File Second Amended Complaint**

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 (5th Floor) of the Honorable Virginia K. DeMarchi, United States Magistrate Judge, at the Robert F. Peckham Federal Courthouse, 280 South First Street, San Jose, California 95113, Plaintiff Christopher J. Cordova ("Plaintiff") will and hereby does move the Court for an order granting leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

Plaintiff seeks leave to amend for two limited purposes:

1. To add a claim for copyright infringement concerning the work titled *FEDERAL COURTHOUSE FAIL!!! Threatened with arrest for recording and not one officer identifies!* ("*Courthouse Fail*"), which was registered with the U.S. Copyright Office on February 6, 2026 (effective October 15, 2026), with Plaintiff receiving notice of registration on February 9, 2026 (Reg. No. PA0002565781); and

2. To conform the pleadings to this newly registered work and the statutory rights that became available only after the filing of the operative complaint.

The proposed amendments are narrow and corrective and do not expand the scope of this action, add any new parties, or introduce new theories of liability. Rather, they reflect the intervening events outside Plaintiff's control, namely, the issuance and notice of copyright registration, that now permit Plaintiff to assert an infringement claim that could not previously be pled.

This Motion is made on the following grounds:

1. Plaintiff acted diligently in seeking leave to amend promptly after receiving notice of the *Courthouse Fail* registration;

2. The proposed amendment is based on newly accrued statutory rights and could not have been asserted earlier;

3. The amendment will not prejudice Defendants, who have long been on notice of the underlying conduct involving *Courthouse Fail*; and

**Notice of Motion and Motion for Leave to File Second Amended Complaint**

4. Leave to amend is liberally granted under Federal Rule of Civil Procedure 15(a)(2), and no factors such as bad faith, undue delay, futility, or prejudice are present here.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Randall S. Newman, the pleadings and papers on file in this action, the proposed Second Amended Complaint submitted concurrently herewith, and such further evidence and argument as may be presented at or before the hearing.

## **STATEMENT OF ISSUES TO BE DECIDED**

1. Whether leave to amend should be granted under Rule 15(a)(2) to permit Plaintiff to assert an infringement claim for *Courthouse Fail* based on a copyright registration issued after the filing of the operative complaint.

Dated: February 10, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

**Notice of Motion and Motion for Leave to File Second Amended Complaint**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully moves for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in the form attached as Exhibit A to the Declaration of Randall S. Newman (Newman Decl."). The proposed amendment is limited in scope and seeks only to: (1) add an infringement claim for *Courthouse Fail* to Count One based on a copyright registration issued after the filing of the First Amended Complaint; and (2) remove the declaratory relief claim concerning *Courthouse Fail* in light of this Court's decision in *Cordova v. Huneault*, No. 25-cv-04685-VKD, 2026 WL 184598 (N.D. Cal. Jan. 23, 2026).

Although this Motion is not brought within the amendment deadline set by the Court's Case Management Order ("CMO"), Plaintiff timely sought relief from that deadline. On January 30, 2026, Plaintiff filed a Motion to Amend the CMO to extend the deadline for amended pleadings (ECF No. 66). The proposed amendment is narrow and corrective, is based on newly accrued statutory rights arising from the issuance of a copyright registration, and will not prejudice Defendants, who were already aware that *Courthouse Fail* was the subject of a pending registration.

Consistent with Rule 15(a)(2)'s liberal standard favoring amendment, and in the absence of bad faith, undue delay, futility, or prejudice, leave to amend should be granted.

### II. PROCEDURAL BACKGROUND

Plaintiff filed the operative First Amended Complaint on November 3, 2025 (ECF No. 39). On November 4, 2025, the Court entered a CMO setting February 2, 2026 as the deadline to amend pleadings (ECF No. 41).

At the time the First Amended Complaint was filed, Plaintiff had submitted the work titled *Courthouse Fail* to the United States Copyright Office but had not yet received a registration. Because registration is a statutory prerequisite to asserting a claim for copyright infringement, Plaintiff could not assert an infringement claim for *Courthouse Fail* at that time.

1

**Notice of Motion and Motion for Leave to File Second Amended Complaint**

On January 30, 2026, prior to the CMO amendment deadline, Plaintiff filed a Motion to Amend the Case Management Order seeking a limited extension of the amendment deadline to permit amendment once the *Courthouse Fail* registration issued (ECF No. 66). That motion remains pending.

On February 6, 2026, the United States Copyright Office issued a registration for *Courthouse Fail* (Reg. No. PA0002565781). Plaintiff received notice of the issuance on February 9, 2026. (Newman Decl. ¶ 7).

Plaintiff now seeks leave to amend promptly after registration issued to assert the corresponding infringement claim and to conform the pleadings to intervening developments. Plaintiff intends to have this Motion and the pending Motion to Amend the CMO heard together on March 31, 2026.

### III.    LEGAL STANDARD UNDER RULE 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Courts consider several factors in evaluating a motion for leave to amend, including undue delay, bad faith, prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit applies Rule 15's policy of permitting amendments with extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Prejudice to the opposing party is the most important factor, and absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *DCD Programs*, 833 F.2d at 187.

Where a motion to amend is filed after the deadline set by a scheduling order, Rule 16(b)(4)'s "good cause" standard applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Good cause focuses primarily on the diligence of the party seeking amendment.

Here, Plaintiff has already sought relief from the CMO deadline by way of a pending Motion to Amend the CMO (ECF No. 66), and the present Motion is based on intervening

events outside Plaintiff's control, namely, the issuance of a copyright registration after the amendment deadline.

IV.     **ARGUMENT**

    **A.**     **Leave to Amend Should Be Granted Because the Amendment is Based on a Newly Issued Copyright Registration**

Plaintiff seeks leave to amend to add an infringement claim for *Courthouse Fail* based on a copyright registration that issued on February 6, 2026, with notice received on February 9, 2026. (Newman Decl. ¶ 7). Plaintiff could not have asserted this claim earlier because registration is a statutory prerequisite to suit.

Plaintiff should be granted leave to amend to assert a claim that could not be asserted at the time of the operative pleading and became available only after an intervening event, including the accrual of new statutory rights. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, Plaintiff could not assert an infringement claim for *Courthouse Fail* until the copyright registration issued on February 6, 2026, with notice received on February 9, 2026. Plaintiff acted diligently by promptly seeking leave to amend within days after the registration issued and by previously moving to amend the CMO in anticipation of that issuance. Under these circumstances, leave to amend is appropriate under Rule 15(a)(2). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (good cause satisfied where amendment is based on matters that "could not have been reasonably met despite the diligence of the party seeking the extension").

These facts satisfy Rule 15(a)(2)'s liberal standard and, to the extent applicable, Rule 16(b)(4)'s diligence-based "good cause" requirement.

    **B.**     **The Proposed Amendment is Narrow and Does Not Expand the Scope of the Case**

The proposed Second Amended Complaint makes a single substantive change: it adds an infringement claim for *Courthouse Fail* based on a newly issued registration. The amendment does not introduce new factual allegations, new parties, or new theories of

liability. Instead, it asserts statutory rights that accrued after the filing of the First Amended Complaint based on the same underlying conduct already at issue in this case.

Because the amendment is narrow and corrective, it falls squarely within the purpose of Rule 15.

### C.  Defendant Will Suffer No Prejudice From the Proposed Amendment

Defendants have long been on notice of the conduct underlying Plaintiff's claims involving *Courthouse Fail* and were aware that its copyright registration was pending. Allowing Plaintiff to amend to assert an infringement claim now will not alter the litigation posture, require additional discovery beyond what is already contemplated, or delay the proceedings.

In the absence of prejudice, leave to amend should be freely granted.

### D.  There is No Bad Faith, Futility, or Other Basis to Deny Leave

Plaintiff seeks amendment in good faith to reflect newly accrued statutory rights and intervening developments. The proposed infringement claim is legally cognizable, not futile on its face, and supported by the facts already alleged. None of the factors that would justify denial of leave to amend are present here.

## V.  CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed Second Amended Complaint attached as Exhibit A to the Newman Decl. A redline copy of the proposed Second Amended Complaint compared to the First Amended Complaint is attached as Exhibit B to the Newman Decl.

//
//
//
//
//
//
//

Dated:  February 10, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

**Notice of Motion and Motion for Leave to File Second Amended Complaint**