| | |
|---|---|
| 1 | Simon Lin – State Bar No. 313661 |
| 2 | 4388 Still Creek Drive, Suite 237 |
|   | Burnaby, British Columbia, Canada V5C 6C6 |
| 3 | T : 604-620-2666 |
|   | F : 778-805-9830 |
| 4 | E : simonlin@evolinklaw.com |

*Attorney for Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, | |
| vs. | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO: 64)** |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., | |
| Defendants. | |
| | **Judge:** Magistrate Judge Virginia K. Demarchi |
| | **Complaint Filed**: June 3, 2025 |
| | **Trial Date**: February 1-2, 2027 (Bench Trial) |
| | **Hearing on Motion**: March 3, 2026 (vacated on February 6, 2026 and motion will be decided on the papers – Dkt. No. 77). |

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO: 64); Case Number: 5:25-cv-04685-VKD

ii

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO: 64); Case Number: 5:25-cv-04685-VKD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. respectfully requests that the Court take judicial notice of Exhibits A to C to the Declaration of Simon Lin in support of its concurrently filed Opposition to Plaintiff's Motion to Dismiss Counterclaim.

## DISCUSSION

When ruling on a motion to dismiss, courts may consider documents incorporated by reference and matters subject to judicial notice without converting the motion into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Documents incorporated by reference include those that a complaint refers "'extensively to'" or that "'for[m] the basis of the plaintiff's claim,'" *id*. at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), as well as documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

A court may take judicial notice of matters that fall into any of three categories: (1) matters that are generally known within the trial court's territorial jurisdiction, (2) matters that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and (3) matters that are not subject to reasonable dispute. See Fed. R. Evid. 201(b).[1]

Here, the Court should take judicial notice of three documents: (A) YouTube's Terms of Service; (B) YouTube's DMCA Takedown Notice Form; and (C) YouTube's DMCA Counternotice Form, all of which are in Exhibits A to C to the Declaration of Simon Lin.

---

[1] These two exceptions apply not only to motions to dismiss under Rule 12(b)(6) (as in *Khoja*), but also to motions brought under Rule 12(b)(1). See *Poorsina v. Xiaosong Zhang*, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021) (when attacking subject matter jurisdiction under Rule 12(b)(1), "[a] court may . . . consider . . . documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment" (citing Ritchie, 342 F.3d at 907–08) (cleaned up)).

I. **Exhibit A – YouTube Terms of Service**

The YouTube Terms of Service (which are posted online) are subject to judicial notice because they are "not subject to reasonable dispute" and their "accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)). Because the contractual terms "are publicly available, standard documents that are capable of ready and accurate determination," *Opperman v. Path*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015), courts routinely find that "[p]ublic terms of service and privacy policies are proper subjects of judicial notice, " which is another basis to consider the YouTube Terms of Service in ruling on the Plaintiff's Motion to Dismiss the Coutnerclaim, *In re Zoom Video Commc'ns Inc. Priv. Litig.,* 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. Mar. 11, 2021) (judicially noticing online terms of service); see also *Coffee v. Google, LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3 (N.D. Cal. Feb. 10, 2021) (noticing Google's terms of service), *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of the Xbox Terms of Use); *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965-66 (C.D.Cal.2005) (taking judicial notice of admissions on a website associated with a witness as well as the contents of Amazon.com web pages describing books related to the case)

Other courts in other districts took have similarly judicial notice of the same YouTube Terms of Service in very similar circumstances. *Richardson v. Townsquare Media, Inc.*, No. 24 Civ. 4217 (AKH), 2025 WL 89191 at *4 (S.D.N.Y. Jan 14, 2025 - appeal filed Feb. 7, 2025); *Olson v. iHeartMedia, Inc.*, No. SA-24-CV-00627-XR. (WD Texas, Aug 7, 2025); see also *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's publicly available Terms of Use on a motion to dismiss).

II. **Exhibit B - YouTube DMCA Takedown Notice Form**

In the Order on Defendants' Motion to Dismiss (Dckt . 65) at p. 6, this Court stated "[a]lthough that doctrine [incorporation by reference]  might warrant consideration of the DMCA counternotices referenced in the FAC [First Amended Complaint]…" The same

2

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO: 64); Case Number: 5:25-cv-04685-VKD

reasoning should apply here, that it might warrant consideration of the DMCA takedown notices referenced in the Counterclaim Dkt. No. 58 ¶ 21, see also Dkt. No. 39 ¶ 58 where the Plaintiff himself pleaded that he had sent 12 DMCA takedown notices against the Defendants' videos. Since the Counterclaim expressly pleaded that the Plaintiff had filed DMCA takedown notice forms, the DMCA takedown notice forms should be considered incorporated by reference.

Moreover, it would also be a reasonable inference that those DMCA takedown notices that the Plaintiff has filed included the necessary statement under 17 U.S. Code § 512(c)(3)(A)(v), which explicitly provides that a DMCA takedown notice must include "[a] *statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.*").

In any event, this Court can take judicial notice of YouTube's standard form DMCA takedown form, for similar reasons as the YouTube Terms of Service. The court can take judicial notice of webpages of this nature. *In re NVIDIA GPU Litig.*, 2009 WL 4020104 at *8 (N.D.Cal. Nov. 19, 2009) (taking judicial notice of certain documents (including web pages)).

### III.  Exhibit C - YouTube DMCA Counternotice Form

In the Order on Defendants' Motion to Dismiss (Dckt . 65) at p. 6, this Court stated "[a]lthough that doctrine [incorporation by reference]  might warrant consideration of the DMCA counternotices referenced in the FAC [First Amended Complaint]…" The same reasoning should apply here, that it might warrant consideration of the DMCA counternotice notices referenced in the Counterclaim. Since the Counterclaim expressly pleaded that the Defendants had filed DMCA counternotice forms, the DMCA counternotice forms should be considered incorporated by reference.

In any event, the Defendants submit that this Court can take judicial notice of YouTube's standard form DMCA counternotice form, for similar reasons as the YouTube Terms of Service and/or YouTube's DMCA takedown notice form.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court consider Exhibits A to C of the concurrently filed Declaration of Simon Lin in its adjudication of Plaintiff's Motion to Dismiss Counterclaim.

Date: February 20, 2026

Respectfully submitted,

By: _____*Simon Lin*_____

Simon Lin – State Bar No. 313661

4

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO: 64); Case Number: 5:25-cv-04685-VKD