Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,
Nneka Ohiri, and 14693663 Canada Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC.,<br><br>Defendants. | Case Number: 5:25-cv-04685-VKD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66)**<br><br>**Judge:** Magistrate Judge Virginia K. Demarchi<br>**Complaint Filed**: June 3, 2025<br>**Trial Date**: February 1-2, 2027 (Bench Trial)<br><br>**Hearing on Motion**: March 31, 2026<br>**Time:** 10:00 a.m.<br>**Mode of Hearing**: Zoom |

# Table of Contents

**TABLE OF AUTHORITIES** .................................................................................................. ii

**I.   INTRODUCTION**.................................................................................................. 1

**II.   RELEVANT FACTS FOR MOTION TO EXTEND DEADLINE AND MOTION TO AMEND** ........................................................................................................ 2

    *i.   The Parties Operate Separate and Independent YouTube Channels*................................ 2

    *ii.   Plaintiff's Three YouTube Videos and Twelve (12) DMCA Takedown Notices* ................ 2

    *iii.   Copyright Registration for the "Courthouse Fail" Video* .................................................. 3

**III.   LEAVE TO AMEND COMPLAINT SHOULD BE DENIED** ..................................... 3

    *i.   Legal Standard / Test for Amending a Complaint* ............................................................ 3

    *ii.   Reason #1: Plaintiff Has No Standing to Sue for Infringement for the "Courthouse Fail" Video* ............................................................................................................................... 4

    *iii.   Reason #2: Plaintiff is Circumventing Fourth Estate Pub. Benefit Corp.* ......................... 6

**IV.   LEAVE TO AMEND SCHEDULING ORDER SHOULD BE DENIED** .................... 7

    *i.   Legal Standard / Test for Scheduling Order* ..................................................................... 8

    *ii.   Plaintiff Failed to Act Diligently* ........................................................................................ 8

**V.   CONCLUSION** ....................................................................................................... 9

i

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

# TABLE OF AUTHORITIES

### Cases

*Broad. Music, Inc. v. Hirsch,* 104 F.3d 1163 (9th Cir. 1997) .............................................. 8

*Bureau Fashion Week LLC v. Nataliya Nova LLC*, Case No. 2:24-cv-233-GMN-EJY, 2025 WL 720992 (Nevada Mar 5, 2025) ................................................................. 10

*Cortes-Rramos v. Martin-Morales*, Civil No. 16-1223 (DRD), 2020 WL 4920045 (D. Puerto Rico Aug 21, 2020) ...................................................................................... 10

*DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017) 7, 8

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) .... passim

*In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716 (9th Cir. 2013) ............ 11

*Izmo, Inc. v. Roadster, Inc.,* No. 18-cv-06092-NC, 2019 WL 2359228 (N.D. Cal. June 4, 2019) ..................................................................................................................... 10

*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) ................................................................ 6

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) .............................. 11

*Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019 (W.D. Tex. June 3, 2019) ........................................................................ 10

*Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) ............................................................................................................ 10

*Nunes v. Ashcroft*, 348 F.3d 815 (9th Cir. 2003) .................................................................. 6

*Oneok, Inc. v. Learjet, Inc.,* 135 S. Ct. 1591 (2015) ........................................................... 11

*Righthaven LLC v. Hoehn,* 716 F.3d 1166 (9th Cir. 2013) .................................................... 9

*Rodarte v. Alameda Cty.,* 2015 WL 5440788 (N.D. Cal. Sept. 15, 2015) .......................... 11

*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir.1989) ................................................... 7

*Silvers v. Sony Pictures Entertainment,* 402 F.3d 881 (9th Cir. 2005) (en banc) ................. 8

*Stringer v. Richard*, Case No. 4:21-cv-00632, 2022 WL 3223800 (N.D. Ohio Aug. 10, 2022) ...................................................................................................................... 10

*UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ........................................................................................ 10

*Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136 (9th Cir. 2003) .............................. 8

*Wheeler v. City of Santa Clara*, 894 F. 3d 1046 (9th Cir. 2018) .......................................... 6

*Xclusive-Lee, Inc. v. Hadid*, No. 19CV520PKCCLP, 2019 WL 3281013 (E.D.N.Y. July 18, 2019) ................................................................................................................ 10

**Statutes**

17 U.S. Code § 501(b) ..................................................................................................... 7

17 U.S. Code § 506(e) ..................................................................................................... 9

17 U.S.C. § 410(c) ............................................................................................................ 7

Fed. R. Civ. P. 16(b)(4) .................................................................................................. 11

iii

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

## I. INTRODUCTION

In the interests of expediency and judicial efficiency, Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. (the "**Defendant(s)**") present this opposition for <u>both</u> of the Plaintiff's motions: (a) Motion to Extend Deadline to Amend Pleadings (Dkt: 66, the "**Motion to Extend Deadline**"); and (b) Motion for Leave to File Second Amended Complaint (Dkt: 78, the "**Motion to Amend**"). Both the Motion to Extend Deadline and the Motion to Amend deal with the same substance – the Plaintiff seeks leave to file an amended Complaint to reflect a copyright registration recently received.

For two independent reasons detailed further below, the proposed amendment to add the copyright registration is **futile**, and leave should be denied.

**Firstly**, the Plaintiff has no standing to bring a copyright infringement claim for the video in question. He is neither the author, nor the owner, as confirmed in the U.S. Copyright registration that the Plaintiff has failed to present to this Court. The assertions in the Plaintiff's supporting declaration are squarely contradicted by the copyright registration certificate.

**Secondly**, and in any event, the Plaintiff ignored the clear guidance from the Supreme Court of the United States unanimously ruling that a copyright infringement suit must await successful registration of the copyright (*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019)). In other words, it is not proper to file a Complaint for a work that has not been registered. The Plaintiff failed to bring this to the Court's attention. More fundamentally, district courts across the nation have refused similar motions to amend to add copyright works that were registered *subsequent* to the filing of the Complaint. To do otherwise would be indirectly circumventing the *Fourth Estate Pub. Benefit Corp.* decision.

The Motion to Extend Deadline and Motion to Amend should be DENIED.

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

## II. RELEVANT FACTS FOR MOTION TO EXTEND DEADLINE AND MOTION TO AMEND

### i. The Parties Operate Separate and Independent YouTube Channels

Plaintiff pleaded that he owns, operates, and creates content for a YouTube channel called "Denver Metro Audits." (Dkt. No. 58 ¶ 5, Dkt. No. 39 ¶ 17, and Order on Defendants' Motion to Dismiss at p. 2). The Defendants also own and operate a YouTube channel titled "Frauditor Troll." (Dkt. No. 58 ¶ 4, Dkt. No. 39 ¶ 19-20, and Order on Defendants' Motion to Dismiss at p. 2). Defendants collectively own and/or operate the Frauditor Troll Channel. (Dkt. No. 58 ¶ 4, Dkt. No. 39 ¶ 21, and Order on Defendants' Motion to Dismiss at p. 2).

### ii. Plaintiff's Three YouTube Videos and Twelve (12) DMCA Takedown Notices

Plaintiff published three (3) videos on YouTube on various dates:

1) "*Federal Courthouse Fail!!! Threatened with arrest for recording and not one officer identifies!*" ("**Courthouse Fail**") was published on February 3, 2022, but Plaintiff has no copyright registration so far. Dkt. No. 39 ¶ 45 n.6. The recent registration of this video on February 6, 2026 is the subject of the two motions herein.

2) "*Another Chad Exposed!!! Worthless Denver Cops . . . Assaulted!!!*" ("**Another Chad**") was published on March 16, 2022, with copyright registration obtained on February 6, 2024. Dkt. No. 39 ¶ 41-42.

3) "*Angry Mob at Belmar Library!!! "Call 911! Cops don't show up"* ("**Belmar Library**") was published on October 1, 2023, with copyright registration obtained on February 6, 2024. Dkt. No. 39 ¶ 43-44.

Plaintiff submitted twelve (12) DMCA notices against several of the Defendants' videos published on the Defendants' YouTube channel, alleging that the Defendants infringed the copyright of the *Courthouse Fail, Another Chad,* and/or *Belmar Library* videos. Dkt. No. 39 ¶ 58; Dkt. No. 58 ¶ 21-22 and Exhibit D; Order on Defendants' Motion to Dismiss at p. 3.

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

   iii. *Copyright Registration for the "Courthouse Fail" Video*

In the supporting declaration, the Plaintiff only provided the US Copyright Office registration number for the "*Courthouse Fail*" video but did not explain why the actual certificate was not provided. The certificate actually states that: (a) the author and owner of the work was Executive Lens LLC, <u>not</u> the Plaintiff; and (b) the work was a work for hire:

```
Author _____

    • Author:          Executive Lens LLC
      Author Created:  entire motion picture
      Work made for hire: Yes
      Citizen of:      United States

Copyright Claimant _____

      Copyright Claimant: Executive Lens LLC
                          4643 S. Lowell Bvld Unit B, Denver
….
Rights and Permissions _____

      Organization Name:  Executive Lens LLC
```

                     Declaration of Simon Lin, Exhibit A

**III.** **<u>LEAVE TO AMEND COMPLAINT SHOULD BE DENIED</u>**

   i. *<u>Legal Standard / Test for Amending a Complaint</u>*

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." *Id*. (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *see also Wheeler v. City of Santa Clara*, 894 F. 3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

Defendants submit that the futility of the amendments alone is a complete answer for <u>both</u> motions. As detailed further below, the amendment are futile for two distinct reasons:

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

    1) Plaintiff has **no standing** to claim copyright infringement of "*Courthouse Fail.*"

    2) Plaintiff is seeking to circumvent the SCOTUS decision in *Fourth Estate Pub. Benefit Corp.* that copyright registration must precede the filing of a court action. Numerous district courts have refused leave to amend in similar circumstances where a plaintiff attempts to circumvent *Fourth Estate Pub. Benefit Corp.*

    ii. <u>Reason #1: Plaintiff Has No Standing to Sue for Infringement for the "Courthouse Fail" Video</u>

17 U.S. Code § 501(b) clearly provides that only a legal or beneficial owner of an exclusive right under a copyright is entitled to institute an action for any infringement of that particular right committed while he or she is the owner of it.

The U.S. Copyright Office certificate clearly shows the legal owner of the "*Courthouse Fail*" video is Executive Lens LLC, <u>not</u> the Plaintiff. A copyright registration is "<u>prima facie evidence of</u> the validity of the copyright <u>and the facts stated in the certificate</u>." [emphasis added] 17 U.S.C. § 410(c); see also *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir.1989).

The certificate also confirms that the Plaintiff could <u>not</u> have been the author of the "*Courthouse Fail*" video because the certificate also clearly indicated that it was a "work made for hire." According to the Copyright Act of 1976, ownership of a copyright initially vests in the "author or authors of the work." 17 U.S.C. § 201(a). "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author...." *Id.* § 201(b).

Accordingly, the Plaintiff is neither the legal owner, nor the author, of the "*Courthouse Fail*" video.

The Plaintiff is also not a beneficial owner of the "*Courthouse Fail*" video. As the Ninth Circuit confirmed in *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017): Although section 501(b) provides that a beneficial owner of a copyright is entitled to bring an infringement action, the Copyright Act does not define the term

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

"beneficial owner." The classic example of a beneficial owner is "an author who ha[s] parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1144 (9th Cir. 2003) (quoting H.R. Rep. No. 1476, at 159); *accord Broad. Music, Inc. v. Hirsch,* 104 F.3d 1163, 1166 (9th Cir. 1997) ("Beneficial ownership arises by virtue of section 501(b) for the purpose of enabling an author or composer to protect his economic interest in a copyright that has been transferred."). By contrast, an author who receives royalties for a work created under a work-for-hire agreement, and thus <u>who never had ownership of the work</u>, is not a beneficial owner. [emphasis added] *Warren,* 328 F.3d at 1144-45.

As illustrated above, the Plaintiff never had ownership of the "*Courthouse Fail*" video, and, accordingly cannot be the beneficial owner thereof.

Relatedly, paragraphs 7-8 of the declaration that the Plaintiff has filed in support appears to be squarely contradicted by the copyright certificate above:

> 7. On February 6, 2026, the United States Copyright Office issued a copyright registration for Courthouse Fail (Reg. No. PA0002565781). Plaintiff received notice of the issuance of that registration on February 9, 2026.
>
> 8. At the time the copyright registration for Courthouse Fail issued, the work was registered in the name of Executive Lens LLC, an entity wholly owned and controlled by Plaintiff. Plaintiff <u>retained the exclusive right to enforce the copyright in Courthouse Fail</u>, including the exclusive right to bring infringement actions in his own name, and retained all accrued causes of action. No transfer or assignment of enforcement rights to Executive Lens LLC occurred. Plaintiff therefore has standing to assert the infringement claim added by the proposed Second Amended Complaint.

[emphasis added]

For the sake of argument, ignoring the fact that there was no rights for the Plaintiff to "retain" because he was never the owner or author to begin with, in *DRK Photo*, 985-986 the Ninth Circuit similarly confirmed that conferring a "bare right to sue" is not permissible and does not give standing to the person with that "bare right to sue":

> In *Silvers v. Sony Pictures Entertainment,* 402 F.3d 881 (9th Cir. 2005) (en banc), we held that "an assignee who holds an accrued claim for copyright infringement, <u>but who has no legal or beneficial interest in the copyright itself</u>, [may not] institute an action for

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

infringement." *Id.* at 883. This conclusion naturally followed from the notable absence of the "right to sue" from the list of exclusive rights set forth in section 106 and was reinforced by the text and legislative history of the Copyright Act as a whole. *Id.* at 885-90.[5]

Later, we clarified that the purported transfer of legal title coupled with the transfer of accrued claims does not confer standing when the transaction, in substance and effect, <u>merely transfers a bare right to sue</u>. *Righthaven LLC v. Hoehn,* 716 F.3d 1166, 1169-70 (9th Cir. 2013). …

[emphasis added]

As such, the Plaintiff's proposed amendment is futile. The Plaintiff does not have standing to claim copyright infringement based on the plain text of the copyright certificate.

To the extent that the Plaintiff seeks to challenge the accuracy or correctness of their own statements in the copyright certificate or present facts that contradict their own certificate, that may not be permissible. 17 U.S. Code § 506(e) provides that it is a criminal offence to submit a copyright registration containing a false representation of a material fact. The requirement to submit accurate information is made clear on the copyright registration forms:



Declaration of Simon Lin, Exhibit B

   iii. <u>*Reason #2: Plaintiff is Circumventing Fourth Estate Pub. Benefit Corp.*</u>

In addition to and independent of the issue of standing, above, which may already be a complete answer, the Plaintiff is clearly seeking to circumvent the legal requirement that

**before** filing a lawsuit for copyright infringement, the work must first be registered with the copyright office, with a registration certificate in hand. *Fourth Estate Pub. Benefit Corp*, 890.

Many district courts have refused leave to amend in very similar circumstances when the registration was never obtained prior to filing the lawsuit, and then seeks to cure the deficiency after-the-fact by amendment. *Stringer v. Richard*, Case No. 4:21-cv-00632, 2022 WL 3223800, at *2 (N.D. Ohio Aug. 10, 2022); also see comments from *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint"); *Izmo, Inc. v. Roadster, Inc.,* No. 18-cv-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (granting motion to dismiss without leave to amend even though plaintiff had a pending application for a registration because "permitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*"); *Bureau Fashion Week LLC v. Nataliya Nova LLC*, Case No. 2:24-cv-233-GMN-EJY, 2025 WL 720992 at *2-3 (Nevada Mar 5, 2025); *Cortes-Rramos v. Martin-Morales*, Civil No. 16-1223 (DRD), 2020 WL 4920045 at *3-4 (D. Puerto Rico Aug 21, 2020); *Xclusive-Lee, Inc. v. Hadid*, No. 19CV520PKCCLP, 2019 WL 3281013, at *4 (E.D.N.Y. July 18, 2019); *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019).

Accordingly, leave to amend should be denied for this second reason as well.

**IV.   LEAVE TO AMEND SCHEDULING ORDER SHOULD BE DENIED**

The Plaintiff's only reason for seeking to amend the Scheduling Order is for the purpose of seeking leave to file an amended complaint. If the proposed amendment is futile, the issue of amending the Scheduling Order may be moot.

In any event, the Defendants will briefly address this below.

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

     *i.*    <u>Legal Standard / Test for Scheduling Order</u>

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order or to amend a pleading past the deadline set by a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.,* 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992)).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [ ] Rule 15." *Johnson,* 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s `good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.,* 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

     *ii.*    <u>Plaintiff Failed to Act Diligently</u>

On page 2 of his Memorandum for the Motion to Extend Deadline, the Plaintiff clearly referred to *Fourth Estate Pub. Benefit Corp* but appears to have misrepresented the Supreme Court's holding in that case. The Plaintiff failed to refer to the fact that the Supreme Court confirmed that a copyright registration must be completed **before** filing a copyright lawsuit.

The lack of diligence is apparent. The Plaintiff admitted he was <u>fully</u> aware of *Fourth Estate Pub. Benefit Corp*, but has either failed to read it, or is seeking to misrepresent what that case stands for.

This reason alone, other than mootness, may be sufficient to deny leave to amend the Scheduling Order.

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD

## V. **CONCLUSION**

The Motion to Extend Deadline and Motion to Amend should be DENIED.

Date: February 25, 2026

Respectfully submitted,

By: _*Simon Lin*_

Simon Lin – State Bar No. 313661

9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO: 78) and MOTION TO AMEND CASE MANAGEMENT ORDER (DKT. 66); Case Number: 5:25-cv-04685-VKD