1  Simon Lin – State Bar No. 313661
2  4388 Still Creek Drive, Suite 237
   Burnaby, British Columbia, Canada V5C 6C6
3  T : 604-620-2666
   F : 778-805-9830
4  E : simonlin@evolinklaw.com

5  *Attorney for Defendants Jonathan Hudon-Huneault,*
   *Nneka Ohiri, and 14693663 Canada Inc.*
6

7                     **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, | |
| vs. | **DEFENDANTS' OBJECTION TO REPLY EVIDENCE RE: PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, L.R. 7-3(D)(1)** |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., | |
| Defendants. | **Judge:** Magistrate Judge Virginia K. Demarchi |
| | **Complaint Filed**: June 3, 2025 |
| | **Trial Date**: February 1-2, 2027 (Bench Trial) |
| | **Hearing on Motion**: March 3, 2026 (vacated on February 6, 2026 and motion will be decided on the papers – Dkt. No. 77). |

DEFENDANTS' OBJECTION TO REPLY EVIDENCE RE: PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, L.R. 7-3(D)(1); Case Number: 5:25-cv-04685-VKD

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-3(d)(1), Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. (the "**Defendant(s)**") respectfully objects to new evidence and new issues referred to by Christopher J. Cordova (the "**Plaintiff**") in his Reply in support of his Motion to Dismiss Counterclaim (Dkt. 84, the "**Reply**").

On February 27, 2026, Plaintiff filed his Reply and referred to new evidence (below) that was not in his opening papers, and are both irrelevant and also constitute improper reply evidence:

1. Lines 18-21 of page 3 of the Reply asserting that "*YouTube provides no feature that allows users to download, copy, edit, and re- upload another creator's videos as new works…*"[1]

2. Lines 18-21 of page 2 of the Reply asserting that "*The ToS do not grant users a general right to download, copy, edit, and re- upload other creators' videos…*"[2]

3. Last paragraph in page 3 of the Reply referring to Declaration of Jonathan Huneault dated November 24, 2025, ECF No. 43-2.

## II. LEGAL STANDARD FOR OBJECTION

Under Civil Local Rule 7-3(d)(1):

> [I]f new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.

This Rule is intended to "recognize the potential inequities that might flow from the injection of new matter at the last round of briefing." *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining

---

[1] This is an attempt to introduce new evidence in reply by way of a legal submission. Plaintiff makes this bald assertion about YouTube's features to avoid filing a supplemental declaration.

[2] Same as footnote #1 above.

1

DEFENDANTS' OBJECTION TO REPLY EVIDENCE RE: PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, L.R. 7-3(D)(1); Case Number: 5:25-cv-04685-VKD

objection to reply evidence on motion for class certification) (citing and quoting *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018)). Under this Rule, Courts in this District reject reply evidence that could have been included in the original motion but was not. *Visier, Inc. v. iCIMS, Inc.*, No. 24-CV-07544-SVK, 2025 WL 589036, at *2 (N.D. Cal. Feb. 24, 2025) (sustaining objection to reply evidence) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir.2000) ("[I]ssues cannot be **raised for the first time in a reply brief**.") [emphasis added] and *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) ("To the extent that the [reply] brief **presents new information**, it is improper.")). [emphasis added]

## III.   DEFENDANTS' OBJECTION

Defendants object to the new information that Plaintiff introduced for the first time in his Reply (i.e., the assertion that YouTube does not have a feature for download; or that YouTube's Terms of Service does not permit any downloading). Plaintiff's introduction of this information/issue for the first time in reply is unfair and prejudicial. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir.2000) ("[I]ssues cannot be **raised for the first time in a reply brief**.") [emphasis added] and *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) ("To the extent that the [reply] brief **presents new information**, it is improper.")). [emphasis added]

Had the Plaintiff argued in his opening papers that YouTube did not permit downloading of videos, the Defendants would have included a printout of YouTube's **premium** service, which would have squarely rebutted the Plaintiff's bald assertion.

Defendants also object to Plaintiff's reliance on the Declaration of Jonathan Huneault dated November 24, 2025 in the Reply for two reasons. Firstly, it is in the nature of new information that should have been introduced in the opening papers. Secondly, and most importantly, this Declaration is also being relied upon to invite the Court to conclusively decide a new issue in an evidentiary vacuum on this motion to dismiss, without any opportunity for Defendants to respond. The issue being injected into the debate in the Reply

is the interpretation of the phrase "only as *enabled* by a feature of the Service (*such as* video playback or embeds)…" [emphasis added] in the YouTube Terms of Service. What features YouTube has and what is "enabled" are all highly fact driven issues.

Thus, Defendants respectfully submit that this Court should sustain this objection. And to the extent the Plaintiff files a response to this objection or seeks leave to file a response to this objection, this Court should reject that as well. *Rojas*, 2021 WL 12331659 at *1 ("*This district's Civil Local Rules do not contemplate a response to an objection to reply evidence.*").

IV. **CONCLUSION**

For the foregoing reasons, this Court should sustain Defendants' Objection and disregard the paragraphs identified in lines 9-15 of Page 1 above. Alternatively, the Defendants should be granted leave to file sur-reply evidence and a sur-reply brief.

Respectfully submitted,

Date: March 3, 2026     By: _____Simon Lin_____

Simon Lin – State Bar No. 313661

3

DEFENDANTS' OBJECTION TO REPLY EVIDENCE RE: PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, L.R. 7-3(D)(1); Case Number: 5:25-cv-04685-VKD