Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,*
*Nneka Ohiri, and 14693663 Canada Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
*(San Jose Division)*

|  |  |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JONATHAN HUDON-HUNEAULT,<br>NNEKA OHIRI, 14693663 CANADA INC.,<br><br>        Defendants. | Case Number: 5:25-cv-04685-VKD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR DISMISSAL FOR *FORUM NON CONVENIENS*, OR ALTERNATIVELY POSTING OF A BOND PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 1030**<br><br>**Judge:** Magistrate Judge Virginia K. Demarchi<br>**Complaint Filed**: June 3, 2025<br>**Trial Date**: February 1-2, 2027 (Bench Trial)<br><br>**Hearing on Motion**: April 14, 2026<br>**Time:** 10:00 a.m.<br>**Location:**  Courtroom 2 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 |

**DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND**
Case Number: 5:25-cv-04685-VKD

## Table of Contents

TABLE OF AUTHORITIES ..................................................................................... iii

NOTICE OF MOTION AND MOTION ..................................................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

1.    INTRODUCTION ............................................................................................ 1

2.    RELEVANT BACKGROUND FOR THIS MOTION ...................................... 1

3.    Grounds to Dismiss for Reason of *Forum Non Conveniens* ........................ 3

    *i.    Federal Court of Canada is Clearly an Adequate Forum for Plaintiff's Claims* ............ 4

    *ii.    Private Interest Factors Strongly Favor the Canadian Forum* ........................ 7

    *iii.    Public Interest Factors Further Favor the Canadian Forum* ........................... 9

    *iv.    Conclusion on Forum Non Conveniens* ......................................................... 9

4.    ALTERNATIVELY, AN ORDER FOR PLAINTIFF TO POST BOND UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 1030 ...................................... 10

    *i.    Plaintiff Resides Outside of California* ........................................................ 11

    *ii.    Plaintiff Has No Means to Pay the Costs and Attorneys Fees* ....................... 11

    *iii.    There Is a "Reasonable Possibility" Defendants Will Prevail.* ..................... 11

    *iv.    Defense #1 : Plaintiff Lacks Standing to Bring the Claims* ........................... 12

    *v.    Defense #2 : Express License under the YouTube Terms of Service* ............. 14

    *vi.    Defense #3 : Implied License Granted by Plaintiff and/or Equitable Estoppel* ............ 15

    *vii.    Defense #4 : Fair Use as a Complete Defense for All Counts* ...................... 16

    *viii.    A Security in the Amount of $135,619.75 is Appropriate* ........................... 18

    *ix.    Conclusion on Security* ................................................................................ 19

5.    Conclusion and Relief Sought ....................................................................... 19

ii

DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND
Case Number: 5:25-cv-04685-VKD

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*AF Holdings LLC v. Navasca*, 2013 WL 450383 (N.D. Cal. Feb. 5, 2013)................. 11, 18

*Ahmed v. Boeing Co.*, 720 F.2d 224 (1st Cir. 1983) ............................................. 4

*Baltayan v. Estate of Getemyan*, 90 Cal.App.4th 1427 (2001) ........................... 11

*Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15 (D.D.C. 2020) ................................ 5

*Biotronik, Inc. v. Zurich Ins. PLC Niederlassung Fur Deutschland*, 3:18-CV-01631-SB, 2020 WL 996599 (D. Or. Feb. 28, 2020) ................................ 4

*Boston Telecomms. Grp. v. Wood,* 588 F.3d 1201 (9th Cir. 2009) ......................... 7

*Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011) .......................... 8

*Ceramic Corp. of America v. Inka Maritime Corp.*, 1 F.3d 947 (9th Cir.1993) ................. 7

*Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 (Fed.Cir.2004).............. 17

*Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir.1983)............................................. 7

*Couponcabin LLC v. Savings. Com, Inc.*, No. 2:14-CV-39-TLS (N.D. Ind. Jun. 8, 2016)................................................................................. 18

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995) ................ passim

*Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086 (C.D. Cal. 2011)..................... 15

*de Fontbrune v. Wofsy*, 409 F. Supp. 3d 823 (N.D. Cal. 2019) ............................. 5

*DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017)................................................................................. 13

*Effects Assocs. v. Cohen*, 908 F.2d 555 (9th Cir. 1990) ........................................... 15

*Fahmy v. Jay-Z*, No. 2:07–cv–05715–CAS(PJWx), 2015 WL 3407908 (C.D. Cal. May 27, 2015) ....................................................................... 15

*Fathers & Daughters Nevada, LLC v. Zhang*, 284 F. Supp. 3d 1160 (D. Or. 2018).......... 12

*Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 WL 3718848 (S.D. Cal. Sept. 20, 2010)... 18

*Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1998) .............. 7

iii

**DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND**
Case Number: 5:25-cv-04685-VKD

*González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458, 2023 WL 4546545 (D.P.R. July 13, 2023)....................................................................................................4, 8, 19

*Granite State Ins. Comp. v. Smart Modular Techs., Inc.*, 76 F.3d 1023 (9th Cir. 1996) ....16

*Great Bowery Inc. v. Valnet, Inc.*, 1:25-cv-1236-GHW, 2025 WL 3268975 (S.D.N.Y. Nov. 23, 2025)............................................................................................................5, 6

*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501 (1947)..............................................................9

*I.A.E., Inc. v. Shaver*, 74 F.3d 768 (7th Cir. 1996)................................................................15

*Intelsat USA Sales Corp. v. Juch-Tech, Inc.,* 935 F. Supp. 2d 101 (D.D.C. 2013)..............6

*ittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591 (9th Cir. 2013)..................................7

*Kourtis v. Cameron*, 358 F. App'x 863 (9th Cir. 2009)..................................................10, 18

*Kramer v. From the Heart Prods., Inc.*, 300 Fed. Appx. 555 (9th Cir. 2008) ....................16

*Leon v. Millon Air Inc.,* 251 F.3d 1305 (11th Cir. 2001) .......................................................9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004).......18

*Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764 (9th Cir. 1991) ..............3, 4, 7

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th. Cir. 2001) ..................................................4

*Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Sched. "A"*, 391 F. Supp. 3d 816, 826 (N.D. Ill. 2019), reconsideration denied in part, 18 CV 2188, 2019 WL 2357011 (N.D. Ill. June 4, 2019)........................................5

*Michaels v. Internet Entertainment Group, Inc.* (C.D.Cal.1998) 5 F.Supp.2d 823 ...........15

*Monroy v. de Mendoza*, 3:19-CV-1656-B, 2019 WL 5204832 (N.D. Tex. Oct. 16, 2019), vacated in part, 3:19-CV1656-B, 2019 WL 9047217 (N.D. Tex. Nov. 4, 2019)..........................................................................................................................5

*Nexon Korea Corp. v. Ironmace Co. Ltd.*, No. C23-576, 2023 WL 5305996 (W.D. Wash. Aug. 17, 2023)..................................................................................................3

*Nexon Korea Corporation v. Ironmace Co. Ltd.*, 2024 WL 3493002 (9th Cir. 2024)..........3

*Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949 (9th Cir.1968) ...................................7

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) .............................................................3, 7

*Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591 (9th Cir. 2013) ......................10, 18

iv

*Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013) ........................................... 12, 13

*Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005).................................... 13

*Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 94 C.D.O.S. 3381 (9th Cir.1994)..........................................................................................................5, 9

*Sysco Machinery Corp. v. Cymtek Solutions, Inc.*, 124 F. 4th 32 (1st Cir. 2024)............3, 4

*Towada Audio Co., Ltd. v. Aiwa Corp.*, 18-CV-4397, 2019 WL 1200748 (N.D. Ill. Mar. 14, 2019) ........................................................................................................5

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ................................4

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003)............................ 13

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88 (2d Cir. 2018) ....................7

*Wilson v. Haubert, PLLC v. Yahoo! Inc.*, No. C-13-5879 EMC, 2014 WL 1351210 (N.D. Cal. Apr. 4, 2014)........................................................................................ 10

*Yao v. Superior Court*, 104 Cal.App.4th 327 (2002) ........................................................ 10

## **Statutes**

17 U.S. Code § 106 ........................................................................................................ 12

17 U.S.C. § 101 ............................................................................................................. 13

17 U.S.C. § 501 ......................................................................................................... 12, 13

17 U.S.C. § 512 ...............................................................................................................3

17 U.S.C. §§ 1201, 1203 ................................................................................................ 17

California Code of Civil Procedure section 1030 ........................................................passim

**DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND**
Case Number: 5:25-cv-04685-VKD

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on **April 14, 2026 at the hour of 10:00 a.m**. or as soon thereafter as the matter can be heard, the Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. (the "**Defendants**") will appear before the Honorable Virginia K. DeMarchi and will move, and hereby does move, for an Order:

    a.  dismissal for *forum non conveniens* in favor of the Federal Court of Canada; or

    b.  alternatively, if the case is not dismissed for *forum non conveniens*, that the Plaintiff post a bond with the clerk of Court pursuant to Local Civil Rule 65.1-1 and California Code of Civil Procedure section 1030. Defendants requests Plaintiff be ordered to post a bond in the amount of $135,619.75– which represents the minimum amount of recoverable costs and attorneys fees that the Defendants will incur defending the Plaintiff's claims – within 30 days of this Court's order and if the bond is not posted within the permitted time that this action be dismissed.

This motion is made on the following grounds:

    a.  The Federal Court of Canada is an adequate alternative forum;

    b.  That the balance of private and public interest factors favor dismissal;

    c.  The Plaintiff is an individual residing outside of California and has publicly claimed that he has no monies to pay for this lawsuit and is attempting to drown the Defendants in legal expenses; and

    d.  Defendants have a reasonable possibility of prevailing on the Plaintiff's claims.

This motion will be based on this Notice, on the Memorandum of Points and Authorities, Declaration of Jonathan Hudon-Huneault on November 24, 2025 (Dckt. No. 43-2), Declaration of Jonathan Hudon-Huneault made March 10, 2026, and Declaration of Simon Lin, and on the pleadings and evidence on file in this action.

Date: March 10, 2026      By: _____
                            Simon Lin – State Bar No. 313661

**DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND**
Case Number: 5:25-cv-04685-VKD

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

On this motion, the primary relief sought by the Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc. (the "**Defendants**") is dismissal under *forum non conveniens*. The alleged conduct all occurred in Canada is subject to the Canadian intellectual property laws. Other District Courts dismissed similar claims in favor of the Federal Court of Canada, considering the significant similarity of the copyright laws in both countries, and the fact that both countries are bound by the *Berne Convention.* The Plaintiff also does not even reside in this district. The balance of private and public interest factors all favor dismissal.

As an alternative relief, the Defendants request an Order that Plaintiff post a bond in the amount of $135,619.75, representing the minimum recoverable costs and attorneys fees that the Defendants will incur defending the Plaintiff's claims. Again, the Plaintiff does not even reside in California and public statements that he has made indicates that he will be unable to pay any costs or attorney's fees should the Defendants succeed in their defense. The Defendants have a reasonable possibility of prevailing on the Plaintiff's claims on four (4) strong basis: (a) fundamentally, the Plaintiff does not even have standing to bring this claim as the Ninth Circuit has indicated on numerous occasions it is not possible for a person to hold a "bare right to sue" for copyrights, which is what Plaintiff has here; (b) the Defendants have an express license via the YouTube Terms of Service; (c) the Defendants have an implied license from Plaintiff and, in any event, Plaintiff is equitably estopped from claiming otherwise; and (d) finally, fair use serves as a complete defense for all three claims: copyright infringement, the alleged misrepresentation in a DMCA counter-notice, and the circumvention of technological measures. There is clearly a reasonable possibility Defendants may succeed.

### 2.   RELEVANT BACKGROUND FOR THIS MOTION

Plaintiff pleaded that he owns, operates, and creates content for a YouTube channel called "Denver Metro Audits." (Dkt. No. 58 ¶ 5, Dkt. No. 39 ¶ 17, and Dkt. No. 65 - Court's Order

1

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

Granting in Part and Denying in Part the Defendants' Motion to Dismiss ("**Order on Defendants' Motion to Dismiss**") at p. 2). Defendants also own and operate a YouTube channel titled "Frauditor Troll." (Dkt. No. 58 ¶ 4, Dkt. No. 39 ¶ 19-20, Order on Defendants' Motion to Dismiss at p. 2). Defendants collectively own and/or operate the Frauditor Troll Channel. (Dkt. No. 58 ¶ 4, Dkt. No. 39 ¶ 21, and Order on Defendants' Motion to Dismiss at p. 2).

Plaintiff published three (3) videos on YouTube on various dates: (a) "*Federal Courthouse Fail!!! Threatened with arrest for recording and not one officer identifies!*" ("**Courthouse Fail**") was published on February 3, 2022, but Plaintiff has no copyright registration so far. Dkt. No. 39 ¶ 45 n.6. The copyright for this video was made on February 6, 2026; (b) "*Another Chad Exposed!!! Worthless Denver Cops . . . Assaulted!!!*" ("**Another Chad**") was published on March 16, 2022, with copyright registration obtained on February 6, 2024. Dkt. No. 39 ¶ 41-42; and (c) "*Angry Mob at Belmar Library!!! "Call 911! Cops don't show up"* ("**Belmar Library**") was published on October 1, 2023, with copyright registration obtained on February 6, 2024. Dkt. No. 39 ¶ 43-44.

Plaintiff submitted twelve (12) DMCA notices against several of the Defendants' videos published on the Defendants' YouTube channel, alleging that the Defendants infringed the copyright of the *Courthouse Fail, Another Chad,* and/or *Belmar Library* videos. Dkt. No. 39 ¶ 58; Dkt. No. 58 ¶ 21-22 and Exhibit D; Order on Defendants' Motion to Dismiss at p. 3.

For the second and third videos (*Another Chad* and *Belmar Library)*, Plaintiff pleaded that he is not currently the owner of the copyright and he only holds a right to sue (Dkt. No. 39 ¶ 18, 87-88). For the first video (*Courthouse Fail*), it is no longer relevant for purpose of this action as Plaintiff has withdrawn his motions to extend the deadline for amending pleadings and to amend the complaint to add the copyright registration for this particular video (Dkt. No. 89). Plaintiff's stated reason for the withdrawal of the motion is that the Defendants'

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

video that referenced the *Courthouse Fail* video is no longer available on YouTube.[1]

**3.**    **Grounds to Dismiss for Reason of *Forum Non Conveniens***

A district court may dismiss a case where litigation in a foreign forum would be more convenient for the litigants. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981). A defendant may move to dismiss based on *forum non conveniens* in copyright infringement lawsuits. See *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 700-01 (9th Cir. 1995)

Recently, the Ninth Circuit affirmed a Western District of Washington dismissal for *forum non conveniens* with a DMCA notification and counter-notification, and is the same situation here. *Nexon Korea Corp. v. Ironmace Co. Ltd.*, No. C23-576, 2023 WL 5305996 (W.D. Wash. Aug. 17, 2023). The fact that a party served a counter-takedown notice pursuant to 17 U.S.C. § 512 means that party consents to personal jurisdiction, but <u>does not</u> amount to consent to venue – *forum non conveniens* remains available. 17 U.S.C. § 512(g)(3)(D); *Nexon Korea Corporation v. Ironmace Co. Ltd.*, 2024 WL 3493002 (9th Cir. 2024).

Notably, in *Sysco Machinery Corp. v. Cymtek Solutions, Inc.*, 124 F. 4th 32, 38 (1st Cir. 2024), the First Circuit noted that "flexibility is the watchword" and each case turns on its unique facts, noting that courts across the country repeatedly granted *forum non conveniens* dismissals in intellectual property cases with sufficient foreign nexuses. See *Sysco* at 40-41. The First Circuit relied on two Ninth Circuit decisions in formulating its analysis (*Creative Tech.* and *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764 (9th Cir. 1991)).  In *Creative Tech*, the Ninth Circuit affirmed the dismissal on *forum non conveniens* grounds since the plaintiff would have an adequate alternative remedy under Singapore's Copyright

---

[1] This asserted reason makes little sense since Plaintiff has claimed on other motions that Defendants' videos referencing *Another Chad* and *Belmar Library* were already made inaccessible on YouTube (e.g., Dkt. No. 10 where this Court DENIED Plaintiff's *ex parte* motion for a preservation order noting that taking down of the allegedly infringing content from YouTube was an outcome Plaintiff *specifically requested* via a "takedown notice.") Applying Plaintiff's recent reasoning in Dkt. No. 89 that a claim may no longer be necessary if the impugned videos are no longer accessible on YouTube, his entire claim is wholly unnecessary.

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND; Case Number: 5:25-cv-04685-VKD**

1   Act. This is the same situation here – there is adequate alternative remedy under Canadian

2   law. In *Lockman Found*, the Ninth Circuit noted that in the context of trademarks claims the

3   potential inability to litigate a *Lanham Act* claim in Japanese courts would not preclude a

4   dismissal based on *forum non conveniens*. The same reasoning would apply to all three of

5   Plaintiff's copyright claims herein, as illustrated in the subsection immediately below.

6           i.    *Federal Court of Canada is Clearly an Adequate Forum for Plaintiff's Claims*

7           A defendant seeking *forum non conveniens* dismissal is to show the existence of an

8   adequate alternative forum. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th. Cir. 2001).

9   An adequate alternative forum is one where the defendant is amenable to service of process.

10  *Id.* at 1143. The standard for adequacy is low and is not a strenuous standard to meet. *Tuazon*

11  *v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006). Defendant needs to show

12  that the foreign forum will provide plaintiff with *some* remedy for their claims if merited. *Id.*

13          In *Sysco* at 41, the court also noted that "to qualify as adequate, a foreign forum <u>need not</u>

14  <u>possess all the remedial tools</u> available to U.S. courts, such as the ability to enforce judgments

15  in the United States. See *Creative Tech.*, 61 F.3d at 702. Rather, we require <u>only that the</u>

16  <u>foreign forum have the power to provide "reasonably fair" remedies</u>. *Ahmed v. Boeing Co.*,

17  720 F.2d 224, 226 (1st Cir. 1983)." [emphasis added]

18          There is an available and adequate forum – the Federal Court of Canada.

19          In *Sysco*, the First Circuit referred to *González Cantón v. Mad Ruk Ent., Inc.*, No. 22-

20  1458, 2023 WL 4546545, at *11 (D.P.R. July 13, 2023), which is very similar to our case. In

21  *González*, the Court stated that "Canada has its own laws that attend tort and <u>copyright claims</u>,

22  and though admittedly different from the laws of the United States, <u>those statutes should not</u>

23  <u>be so dissimilar as to deprive Plaintiff of the proper remedies he seeks.</u>"[emphasis added]

24          Courts may rely on other U.S. courts' decisions that decided same or similar foreign laws.

25  Federal Rule of Civil Procedure 44.1; *Biotronik, Inc. v. Zurich Ins. PLC Niederlassung Fur*

26  *Deutschland*, 3:18-CV-01631-SB, 2020 WL 996599, at *2 (D. Or. Feb. 28, 2020); *Towada*

27                                                          4

28  **MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO
    DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF
    TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

*Audio Co., Ltd. v. Aiwa Corp.*, 18-CV-4397, 2019 WL 1200748 at *5 (N.D. Ill. Mar. 14, 2019); *Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Sched. "A"*, 391 F. Supp. 3d 816, 826 (N.D. Ill. 2019), reconsideration denied in part, 18 CV 2188, 2019 WL 2357011 (N.D. Ill. June 4, 2019); *de Fontbrune v. Wofsy*, 409 F. Supp. 3d 823 (N.D. Cal. 2019); *Monroy v. de Mendoza*, 3:19-CV-1656-B, 2019 WL 5204832 (N.D. Tex. Oct. 16, 2019), vacated in part, 3:19-CV1656-B, 2019 WL 9047217 (N.D. Tex. Nov. 4, 2019); *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15 (D.D.C. 2020).

Recently, in *Great Bowery Inc. v. Valnet, Inc.*, 1:25-cv-1236-GHW, 2025 WL 3268975 at *8-9 (S.D.N.Y. Nov. 23, 2025), the court's analysis regarding the Federal Court of Canada as an alternative forum is squarely applicable here: (a) Canada is competent to adjudicate, and provides adequate remedies for infringement claims under the Canadian *Copyright Act*; (b) Canadian courts have jurisdiction over extraterritorial internet communications that allegedly infringe on a copyright; and (c)  Canada is an adequate alternative forum for Plaintiff's copyright infringement claims even if the Canadian court will apply Canadian copyright law and not affirmatively apply U.S. copyright law. Canada's adequacy as a forum does not depend on whether it offers identical causes of action or identical remedies to United States courts.

The "national treatment" principle under the *Berne Convention* may be pertinent here as the Ninth Circuit recognized in *Creative Tech.*, 61 F.3d at 706.  It is commonly acknowledged that the national treatment principle implicates a rule of territoriality. *Subafilms, Ltd. v. MGM-Pathe Communications Co.,* 94 C.D.O.S. 3381, 3385 (9th Cir.1994). *also* 3 Nimmer, *supra,* § 17.05, at 17-39 ("The <u>applicable law is the copyright law of the state in which the infringement</u> <u>occurred, not that of the state of which the author is a national</u> ..."). For purposes of a *forum non conveniens* analysis, the principle of national treatment sets copyright cases apart from other kinds of cases. Hence, in this case, the applicable copyright laws may be Canadian law (where the alleged infringement occurred), not U.S. law (where the Plaintiff author resides).

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

***Count #1 (Copyright Infringement)***: It is plain that Canadian copyright laws protect against infringement. E.g. *Berne Convention*; *Creative Tech.*; and *Great Bowery Inc.* Plaintiff will be able to pursue his claim in the Federal Court of Canada. Pursuing the claim in Canada is actually *more favorable* for Plaintiff. In addition, there is no requirement in Canada for works to be registered before commencing litigation, unlike in the USA (Declaration of Simon Lin [**Lin Declaration**], ¶3-5, Ex. A-C). Moreover, Canadian copyright law permits recovery of statutory damages, accounting of profits, and attorneys fees, far superior to the Plaintiff's current claim for actual damages only in the current case (Lin Declaration, ¶6-7).

***Count #2 (Misrepresentation under 17 U.S.C. 512(f))***: The unfair competition laws in Canada under s. 7 of the *Trademarks Act* is equivalent to the misrepresentation claims here (Lin Declaration ¶8-9; see also *Intelsat USA Sales Corp. v. Juch-Tech, Inc.,* 935 F. Supp. 2d 101, 118 (D.D.C. 2013) for a discussion of s. 7 of the Canadian *Trademarks Act*.) A claim under the *Trademarks Act* entitles the successful plaintiff to recovery of damages or profits, punitive damages, injunctive relief and attorney's fees (Lin Declaration ¶8-9; *Great Bowery Inc.* at \*9 citing Rule 400 of the *Federal Courts Rules* in Canada). This is more superior than Plaintiff's claim herein for damages only. Plaintiff may also claim under the Canadian *Competition Act* recover damages for misrepresentations and costs (Lin Declaration ¶10).

***Count #4 (Circumvention of Technological Measures)***: For this particular claim, there is a serious question of whether 17 USC 1201 and 1203 could even apply as the alleged "circumvention" acts were all done in Canada (Declaration of Jonathan Hudon-Huneault on March 10, 2026 [**Huneault Declaration**], ¶5). In any event, the Canadian *Copyright Act* has provisions dealing specifically with circumvention of technological measures for copyrighted works as the Federal Court of Canada has confirmed (Lin Declaration, ¶11).

Federal Court of Canada is actually more favorable for Plaintiff substantively. Defendants will stipulate that a claim filed in Canada within 90 days after dismissal here will be *nunc pro tunc* to date of the original Complaint. The ensures statute of limitations are preserved.

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

It is only in "rare circumstances ... where the remedy provided by the alternative forum ... is so clearly inadequate or unsatisfactory, that it is no remedy at all," that this requirement is not met. *Lockman Found*, 930 F.2d 764, 768 (9th Cir.1991) . (quoting *Piper Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)); see also *Ceramic Corp. of America v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir.1993).

    ii.    <u>Private Interest Factors Strongly Favor the Canadian Forum</u>

Firstly, the court may not afford much deference to Plaintiff's choice of forum, when Plaintiff is a "paper plaintiff" and, he has no "bona fide connection" with the forum. *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88, 90 (2d Cir. 2018) Here, Plaintiff does <u>not</u> even reside in California and does not reveal any ties to this forum. The mere "presence of American plaintiffs ... is not in and of itself sufficient to bar a district court from dismissing a case on the ground of forum non conveniens." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir.1983). In *Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968), the court noted a plaintiff's choice of forum "is entitled to only minimal consideration" when "the forum of original selection ... has no particular interest in the parties or subject matter."

There is also no general presumption for or against a foreign forum, and it is for the Plaintiff to show that considering the private and public interests involved and for him to show that the balance of convenience militates against bringing suit in the Federal Court of Canada. *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091-1092 (9th Cir. 1998).

The factors relating to the private interests of the litigants include: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Boston Telecomms. Grp. v. Wood,* 588 F.3d 1201, 1206–07 (9th Cir. 2009).

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

The residence of the parties and the witnesses factor favors dismissal. Neither the Plaintiff, nor Defendants reside in California. The witnesses also do not reside in California.

The convenience of the forum for litigants and witnesses also favors dismissal. One of the Defendants is 4-months pregnant with expected delivery in August 2026, which is a significant inconvenience for both parents to travel to California for a trial with an infant (Huneault Declaration, ¶2-4). Plaintiff also does not reside in California. He would also need to travel across the country to attend trial. Moreover, a trial may not even be necessary in Canada. The Federal Court of Canada has summary procedures to resolve copyright cases based on an "application" where evidence are provided by affidavit and cross-examination on the affidavits, alleviating the need for any party to travel (Lin Declaration, ¶12, Ex. E).

Regarding the physical evidence and other sources of proof, this factor may be neutral as the claim can be decided from the videos and the written emails and correspondences.

Regarding the compelling of witnesses for trial, this factor may also be neutral here since the Plaintiff's main witnesses are the Defendants (Lin Declaration, ¶14, Ex. G). To the extent the Plaintiff has any USA-based witnesses, there is no reason to believe that a USA state or federal court would not respect a letters rogatory issued from a Canadian court, considering the USA is a signatory to the *Hague Evidence Convention*.

Another private interest factor favoring Canada is the enforceability of the final judgment. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011). There is no doubt that a judgment of the Federal Court of Canada would be enforceable in Canada. On the other hand, there is no evidence of a reciprocal judgment enforcement agreement between the province of Ontario (where the Defendants reside) and California or any other USA jurisdiction. As such, a judgment from this Court would necessarily need to be re-litigated in some fashion in Ontario, with possibly further appeals, before the judgment can be recognized.

The situation herein is comparable to *González* at *13 that similarly involved copyright claims. The only tie in *González* was that the plaintiff resided in the state. Here, the Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

does not even reside in California. Like in *González*, none of the events that prompted this case happened in this forum or involved anyone in California. This case occurred purely over the internet. None of the parties or witnesses are in California. This favors the Canadian forum.

 *iii.* <u>Public Interest Factors Further Favor the Canadian Forum</u>

 The public interest factors are generally less important than the private-interest factors. *Leon v. Millon Air Inc.,* 251 F.3d 1305, 1311 (11th Cir. 2001).

 Regarding the "administrative difficulties arising from congested courts" factor (*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508-509 (1947)), the Government of Canada stated that one prime advantage of the Federal Court is that IP matters "can often be more quickly heard and appealed", which has a specialized intellectual property chamber with a designated judge for each case (Lin Declaration, ¶13, Ex. F).

 Regarding the avoidance of unnecessary problems in conflicts of laws or the application of foreign law public interest factor (*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508-509 (1947)), this factor again strongly favors a Canadian forum. As noted above, the "national treatment" principle under the *Berne Convention* may be pertinent here as the Ninth Circuit recognized in *Creative Tech.*, 61 F.3d at 706.  It is commonly acknowledged that the national treatment principle implicates a rule of territoriality. *Subafilms, Ltd. v. MGM-Pathe Communications Co.,* 94 C.D.O.S. 3381, 3385 (9th Cir.1994). *also* 3 Nimmer, *supra,* § 17.05, at 17-39 ("The <u>applicable law is the copyright law of the state in which the infringement occurred, not that of the state of which the author is a national</u> ..."). It would be highly inconvenient for this Court to have to resolve issues under Canadian copyright law, since there may need to be proof of the foreign laws at the trial.

 *iv.* <u>Conclusion on Forum Non Conveniens</u>

 Private interest and public interest factors all favor the Federal Court of Canada. Should this Court dismiss Plaintiff's claims in favor of the Federal Court of Canada, Defendants are prepared to a dismissal of their Counterclaim in favor of the Federal Court of Canada as well.

9

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

**4.    ALTERNATIVELY, AN ORDER FOR PLAINTIFF TO POST BOND UNDER CALIFORNIA CODE OF CIVIL PROCEDURE 1030**

As a matter of law, litigants that avail themselves of our court systems but have nothing to lose – for example, no property in California upon which costs might someday be levied – may be compelled to post an undertaking. All a defendant need show to require such an undertaking is that the plaintiff is a foreign domiciliary and that the defendant has a "reasonable possibility" of prevailing on the merits. This Court has "inherent power to require plaintiffs to post security for costs." *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 592 (9th Cir. 2013); see also U.S. District Court Northern District of California Local Rule 65.1-1 ["Upon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate."]. Such a requirement "is especially common when a non-resident party is involved." *Pittman*, 525 F. App'x at 592 (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671).

Federal courts in California are specifically authorized to order the posting of a security pursuant to California Code of Civil Procedure section 1030. *Pittman*, 525 F. App'x at 593; *Kourtis v. Cameron*, 358 F. App'x 863, 866 (9th Cir. 2009). See *Wilson v. Haubert, PLLC v. Yahoo! Inc.*, No. C-13-5879 EMC, 2014 WL 1351210, at *2 (N.D. Cal. Apr. 4, 2014) (noting that the application of state law in this area is within the Court's discretion).

Under California Code of Civil Procedure s. 1030, a court may order a plaintiff to post security when defendant shows: (1) plaintiff resides out of state; and (2) there is a "reasonable possibility" that the defendant will prevail on the merits. Cal. Code Civ. Proc. § 1030; *Pittman*, 525 F. App'x at 593. The purpose of this mechanism is 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction,' such as an out-of-state resident like the Plaintiff. *Yao v. Superior Court*, 104 Cal.App.4th 327, 331 (2002). Cal. Code Civ. Proc. § 1030 extends to security for attorney's fees, not just costs.

10

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

i.    *Plaintiff Resides Outside of California*

Plaintiff resides in Colorado, and there is no evidence of any ties to California (First Amended Complaint, Dkt. No. 39, ¶ 17). The Complaint also reveals that the Plaintiff does not even have a stable job with a physical location. As such, he is extremely mobile and could move from state-to-state (or to another country) to avoid any judgment of this Court, even though other sister states' courts are to give full faith and credit to this Court's judgment

ii.    *Plaintiff Has No Means to Pay the Costs and Attorneys Fees*

Although this is not an explicit requirement under Cal. Code Civ. Proc. § 1030, the fact that the plaintiff has <u>no means</u> to pay for the costs and attorney attorneys fees if he does not prevail may be a critical factor here.

Before the Court on a criminal sentencing arising from his video-taping activities, he admitted in open court that he has limited financial means and no longer holds a stable job. He had to request a lower penalty to be paid over the course of months (Lin Declaration, Ex. M - Transcript, p. 33, lines 5-10; p. 36 where Plaintiff indicated his annual income was $22,000 and "live[s] in poverty"). After the filing of this court action, Plaintiff also acknowledged in a YouTube video that he has no means to fund this lawsuit and cannot even afford the filing fees (Huneault Declaration, ¶ 12 and Ex. F). If the Plaintiff cannot even afford hundreds of dollars in filing fees, there is no reason to believe he can afford the thousands of dollars, or more, in costs and attorney's fees that may be awarded to the Defendants.

The Plaintiff has also announced on YouTube videos that he is going to drown the Defendants in legal expenses for defending this case (Huneault Declaration, ¶ 11 and Ex. E).

iii.    *There Is a "Reasonable Possibility" Defendants Will Prevail.*

A "reasonable possibility" of prevailing on the merits is a "relatively low standard." *AF Holdings LLC v. Navasca*, 2013 WL 450383, at *1 (N.D. Cal. Feb. 5, 2013); *Baltayan v. Estate of Getemyan*, 90 Cal.App.4th 1427, 1432 (2001) (a defendant is "not required to show

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

1    that there [is] no possibility that [the plaintiff] could win at trial, but only that it [is] reasonably

2    possible that [the defendant will] win.").

3         In this case, the Defendants have <u>at least</u> four (4) strong defenses on the merits, any one

4    of which could themselves be a complete answer to all three of counts that remains in the

5    Complaint: (a) Plaintiff has no standing to make the copyright claims here; (b) the Defendants

6    have an express license via the YouTube Terms of Service; (c) the Defendants have an implied

7    license from Plaintiff and, in any event, Plaintiff is equitably estopped from claiming

8    otherwise; and (d) finally, fair use serves as a complete defense for all three counts.

9         iv.    <u>*Defense #1 : Plaintiff Lacks Standing to Bring the Claims*</u>

10        As Section 501(b) states, and the Ninth Circuit has made clear, after a copyright owner

11   has fully transferred an exclusive right, it is the transferee who has standing to sue for that

12   particular exclusive right. See 17 U.S.C. § 501(b); *Righthaven LLC v. Hoehn*, 716 F.3d 1166,

13   1170 (9th Cir. 2013). The "right to sue" is not an exclusive right under 17 U.S. Code § 106.

14        For the two videos that remain subject of this case (*Another Chad* and *Belmar Library)*,

15   Plaintiff pleaded that he is <u>not</u> currently the owner of the copyright. Plaintiff has transferred

16   all of his exclusive rights under 17 U.S. Code § 106 to an entity. The Plaintiff only claims to

17   have retained a right to sue (Dkt. No. 39 ¶ 18, 87-88).

18        *Fathers & Daughters Nevada, LLC v. Zhang*, 284 F. Supp. 3d 1160, 1170 (D. Or. 2018)

19   dealt with "retaining" a mere right to sue for copyright infringement, and is a complete answer:

20        **D. Contractual Reservation of Right to Sue Clause**

21        …

22        Second, the Ninth Circuit has repeatedly held that agreements and assignments cannot
     convey simply a right to sue, because a right to sue is not an exclusive right under the

23   Copyright Act. See *DRK Photo*, 870 F.3d at 987-88; *Righthaven*, 716 F.3d at 1169-70;
     *Silvers*, 402 F.3d at 890. <u>If a party cannot transfer a simple right to sue, the Court finds</u>

24   <u>that a party similarly cannot retain a simple right to sue.</u> Just as Goldenrod (or F&D)
     could not assign or license to Vertical or anyone else no more than the right to sue for

25   infringement, <u>it cannot transfer the substantive Section 501(b) rights for display and</u>

26   <u>distribution in the United States and its territories, including digital rights, but retain only</u>

27                                              12

28   **MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO**
     **DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF**
     **TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

the right to sue for one type of infringement of those transferred rights (illegal display and distribution over the internet).

[emphasis added]

*Fathers & Daughters Nevada* was based on established Ninth Circuit precedent that the Copyright Act does not have a bare "right to sue" that can be transferrable. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 987 (9th Cir. 2017) (holding that the substance and effect of the assignments and agreements purporting to assign ownership were "merely a transfer of the right to sue on accrued claims, which cannot confer standing" under the Copyright Act); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) ("The bare assignment of an accrued cause of action is impermissible under 17 U.S.C. § 501(b)."). *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169-1170 (9th Cir. 2013) (emphasis added) (quoting 17 U.S.C. § 101). "[I]f a copyright owner grants an exclusive license *of particular rights*, only the exclusive licensee and not the original owner can sue for infringement of those rights."

The contractual retention of a bare "right to sue" is not permissible. It is clear from the Complaint that the Plaintiff is not the legal owner of the copyright under 17 U.S.C. § 501(b). He also cannot be a beneficial owner. As the Ninth Circuit confirmed in *DRK Photo*, 870 F.3d 978, 989 (9th Cir. 2017): Although section 501(b) provides that a beneficial owner of a copyright is entitled to bring an infringement action, the Copyright Act does not define the term "beneficial owner." The classic example of a beneficial owner is "an author who ha[s] parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1144 (9th Cir. 2003) (quoting H.R. Rep. No. 1476, at 159). Here, the Plaintiff is not a recipient of any royalties. The transfer of copyright does not appear to give anything to the Plaintiff in return.

As a side note, the Plaintiff is clearly aware of his lack of standing to make a copyright claim. In two very similar copyright claims that Plaintiff has against two lawyers that was

13

filed at around the same time as the current case, the Plaintiff used Executive Lens LLC as the named plaintiff. See Lin Declaration ¶15-16, Ex. H-I. In those two cases, it also involved videos Plaintiff claims to have authored in similar circumstances.

      v.       *Defense #2 : Express License under the YouTube Terms of Service*

The YouTube Terms of Service expressly provided that a YouTube user (such as Plaintiff) grants other YouTube users a royalty-free license to prepare derivative works. Both the Plaintiff and Defendants are bound by the same YouTube Terms of Service:

**<u>TERMS OF SERVICE</u>**

> ***Welcome to YouTube!***
> ***Introduction***
> *Thank you for using the YouTube platform and the products, services and features we make available to you as part of the platform (collectively, the "**Service**").*
> *...*
> ***Content on the Service***
> *The content on the Service includes videos, audio (for example music and other sounds), graphics, photos, text (such as comments and scripts), branding (including trade names, trademarks, service marks, or logos), interactive features, software, metrics, and other materials whether provided by you, YouTube or a third-party (collectively, "**Content**").*
> *...*
> ***License to Other Users***
> *You also grant each other user of the Service a worldwide, non-exclusive, royalty-free license to access your Content through the Service, <u>and to **use** that Content</u>, **<u>including</u>** to reproduce, distribute, **prepare derivative works**, display, and perform it, only as enabled by a feature of the Service (**<u>such as</u>** video playback or embeds). For clarity, this license does not grant any rights or permissions for a user to make use of your Content independent of the Service.*
> *...*
> ***Interpretation***
> *In these terms, "include" or "<u>including</u>" means "including but not limited to," and <u>any examples we give are for illustrative purposes</u>.*

[emphasis added]
Lin Declaration, Exhibit J

The "only as enabled by a feature of the Service" reference refers to "such as" video playback or embeds as illustrative examples, and is not close-ended. In other words, "only as *enabled* by a feature of the Service" would necessarily need to be broadly interpreted.

14

Moreover, the YouTube service has a feature that enables downloading of videos. (Lin Declaration, ¶18, Ex. K) With the downloaded videos in hand, there is nothing that prohibits another YouTube user from taking snippets therein, and building a new derivative work.

### vi.    *Defense #3 : Implied License Granted by Plaintiff and/or Equitable Estoppel*

Because the Copyright Act's requirement of a written instrument "applies solely to a `transfer of copyright ownership,' which by definition does not include nonexclusive licenses. . . . nonexclusive licenses may . . . be granted orally, or may even be implied from conduct. When the totality of the parties' conduct indicates an intent to grant such permission, the result is a nonexclusive license." 3 Nimmer on Copyright § 10.03[A][7] (Matthew Bender, rev. ed. 2014) (footnotes omitted); see 17 U.S.C. § 101 (defining "transfer of copyright ownership" to exclude "a nonexclusive license"), cited with approval in *Fahmy v. Jay-Z*, No. 2:07–cv–05715–CAS(PJWx), 2015 WL 3407908 at *7 (C.D. Cal. May 27, 2015) also *Michaels v. Internet Entertainment Group, Inc.* (C.D.Cal.1998) 5 F.Supp.2d 823, 831. Another court has explicitly stated that a "a nonexclusive license can be transferred . . . by implication." *Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086, 1092 (C.D. Cal. 2011) (emphasis in original) (citing *Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 826-28 (9th Cir. 2001))). Explaining that courts "universally have recognized that a nonexclusive license may <u>be implied from conduct</u>," [emphasis added] the Seventh Circuit has held that "<u>consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing</u>," [emphasis added] and that a nonexclusive license "creates an affirmative defense to copyright infringement." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) (citing *Effects Assocs. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990)).

In this instance, the Plaintiff's consent (i.e., implied license) is clearly demonstrated from a one of the Defendants' videos, where the Plaintiff participated and made clear statements indicating the Defendants may continue what they are doing (Huneault Declaration, ¶ 10 and

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

Ex. D, Declaration of Jonathan Hudon-Huneault on November 24, 2025 (Dckt. No. 43-2) [**Huneault Previous Declaration**], ¶ 31-32).

Even if there is no implied license, there could be equitable estoppel in the circumstances. Equitable estoppel is a defense to infringement of copyright. See *Kramer v. From the Heart Prods., Inc.*, 300 Fed. Appx. 555, 556 (9th Cir. 2008). Equitable estoppel is intended to prevent parties from taking advantage of the law where a party "*has so conducted* [itself] *that it would be contrary to equity and good conscience*" to permit the party to prevail. See *Granite State Ins. Comp. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996).

Plaintiff's conduct, as seen in the video, is arguably calculated to mislead Defendants as to whether they may incorporate portions of Plaintiff's videos. *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir.), cert. denied, 364 U.S 882, 81 S. Ct. 170, 5 L. Ed. 2d 103 (1960); *Bob's Big Boy Family Rests. v. NLRB*, 625 F.2d 850, 854 (9th Cir. 1980).

    vii.    <u>Defense #4 : Fair Use as a Complete Defense for All Counts</u>

Fair use is a complete defense to all three counts in the Complaint. It is settled law that fair use is a defense to count #1 - copyright infringement under 17 U.S.C. §§ 101 et seq. The Defendants have a strong defense based on fair use for both of the videos that Plaintiff alleges was infringing his copyright (Huneault Previous Declaration, ¶ 3-16; Huneault Declaration, ¶ 13-14).

As to the second count, misrepresentation under 17 U.S.C. §§ 512(f), the Plaintiff seeks actual damages from the alleged misrepresentations found in the Defendants' counter-notifications that was sent. The Plaintiff pleaded that the alleged misrepresentations caused the impugned Defendants' videos to be restored. If the Defendants prevail on the fair use point, there can be no actual damage because YouTube rightly restored those videos Huneault Previous Declaration, ¶26-27).

Another ground under the second count was the Plaintiff's alleged "misrepresentation" for omitting the suite number in the Defendants' address. Plaintiff's counsel uses the <u>exact</u>

16

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

same mail forwarding service at 99 Wall Street. He knew, or should have known, that the lack of a suite number does not impede delivery. This mail forwarding service representatives stated that they would search their database to deliver mail in the event a suite number is missing (Huneault Declaration, ¶6-8, and Ex. B-C; Huneault Previous Declaration, ¶20-24). Defendants had no difficulty receiving  mail from Plaintiff, even without a suite number (Huneault Declaration, ¶6-8). Plaintiff is clearly making a false pleading as his counsel ought to know the suite number is a non-issue.

As to the fourth ground, circumvention of technological measures under 17 U.S.C. §§ 1201, 1203, the answer lies in 17 U.S.C. §1201(c)(1) which provides that:

> *(c) Other Rights, Etc., Not Affected.—*
>> *(1) <u>Nothing in this section shall affect</u> rights, remedies, limitations, or defenses to copyright infringement, <u>including fair use</u>, under this title.*

In *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 (Fed.Cir.2004), the Federal Circuit interpreted the interplay between 17 U.S.C. §§ 1201 and the fair use defense, noting that the circumvention of technological measures cannot be used to prevent a fair use defense. This interpretation is consistent with the explicit language of 17 U.S.C. §1201(c)(1). Defendants recognize that the Ninth Circuit did not follow the Federal Circuit's approach in *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2010). However, the Ninth Circuit made clear in footnote 12 that it was not deciding the interplay between fair use and 17 U.S.C. §§ 1201:

> [12] Like the *Chamberlain* court, we <u>need not and do not reach the relationship between fair use under § 107 of the Copyright Act and violations of § 1201</u>. *Chamberlain*, 381 F.3d at 1199 n. 14. MDY has not claimed that Glider use is a "fair use" of WoW's dynamic non-literal elements. Accordingly, we too leave open the question whether fair use might serve as an affirmative defense to a prima facie violation of § 1201. *Id*.

[emphasis added]

It is plain that there is a "reasonable possibility" of the Defendants prevailing on their interpretation that the fair use defense can be a complete defense to 17 U.S.C. §§ 1201, 1203.

17

Other than fair use, there is a serious dispute as to whether simply screen recording can even be considered circumvention of technological measures (Huneault Previous Declaration, ¶29-30). This is comparable to a person holding a camera and recording the monitor screen, which would not circumvent any technological measures. There was no "effective" technological measure preventing a YouTube user from recording their own screen. *Couponcabin LLC v. Savings. Com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826 (N.D. Ind. Jun. 8, 2016) citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 547 (6th Cir. 2004); *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 952 (9th Cir. 2010) (i.e., the technological measure being circumvented must at least be "effective").

viii.    *A Security in the Amount of $135,619.75 is Appropriate*

Defendants have incurred **USD$33,800**[2] in attorney's fees to date (Huneault Declaration, ¶9). Defendants estimate that the recoverable costs, consisting mainly of deposition costs and transcripts is **USD$17,459.75** (Lin Declaration, ¶19-21). The estimated costs for trial transcripts is **USD$2,190.**[3] The attorney's fees for work that would be incurred up to and including trial is **USD$82,170** (Lin Declaration, ¶22-23). The total is **$135,619.75.**

Security requests are routinely granted for similar or greater amounts using the same methods of estimating costs. See *Kourtis v. Cameron*, 358 F. App'x 863, 866 (9th Cir. 2009) (affirming $100,000 bond amount); *Pittman*, 525 F. App'x at 592-93 (affirming $240,000 bond amount reduced to $50,000 due to individual plaintiff's inability to pay); *AF Holdings LLC v. Navasca*, 2013 WL 450383, at *4 (N.D. Cal. Feb. 5, 2013) (requiring bond of $50,000); *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 WL 3718848, at *15 (S.D. Cal. Sept. 20, 2010) (ordering plaintiff post $800,000 bond).

---

[2] Based on the conversion rate from $46,000 CAD to USD.

[3] $7.30 per page, assuming 5 hours of court time each day for two days, and 30 pages per hour.

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

In this case, there is the right to seek attorney's fees for the prevailing party for copyright claims under 17 U.S. Code § 505 - *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A prevailing party for claims for circumvention of technological protection measures is similarly entitled to attorney's fees under 17 U.S. Code § 1203(b)(5). California Code of Civil Procedure section 1030 expressly covers granting of security not for attorney's fees in addition to costs.

    *ix.*    <u>Conclusion on Security</u>

Defendants respectfully submit that they should be granted an Order that the Plaintiff post, within 30 days, an undertaking of $135,619.75 with the Court to cover Defendants' reasonably anticipated recoverable costs and attorney's fees. Should the Plaintiff fail to post the undertaking, their court action should be dismissed, as provided under California Code of Civil Procedure section 1030.

In the event the Plaintiff's court action is dismissed for failure to post security, the Defendants are similarly prepared to a dismissal of their Counterclaim.

## 5.  <u>Conclusion and Relief Sought</u>

The Defendants submit that there are strong reasons to dismiss for reason of *forum non conveniens* similar to the situation in *González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458, 2023 WL 4546545, at *11 (D.P.R. July 13, 2023). The Plaintiff does not even reside in California and there is significant inconvenience in litigating in California. There is clearly an adequate forum – the Federal Court of Canada – and the balance of the private and public factors weigh in favor of dismissal.

Alternatively, if the court action is not dismissed in favor of the Federal Court of Canada, the Defendants submit that there are strong grounds to order security for costs under California Code of Civil Procedure section 1030 and/or United States District Court Northern District of California Local Rule 65.1-1. There are admissions from the Plaintiff that he has advanced this court action with intent to bury the Defendants with legal expenses, and he has no means to repay the Defendants should the Defendants prevail. The Defendants also have strong

19

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD

defenses that have "reasonable possibility" of prevailing. In these circumstances, it would be unjust to permit the Plaintiff to advance his lawsuit without giving the Defendants sufficient assurance that their costs will be covered.

Respectfully submitted,

Date: March 10, 2026                    By: _____

Simon Lin – State Bar No. 313661

**MEMORANDUM OF POINTS AND AUTHORITIES - DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND ALTERNATIVELY FOR PLAINTIFF TO POST A BOND;** Case Number: 5:25-cv-04685-VKD