Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,
Nneka Ohiri, and 14693663 Canada Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
*(San Jose)*

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, | **DEFENDANTS' ADMINISTRATIVE MOTION TO TEMPORARILY STAY DISCOVERY PENDING DISPOSITION OF DEFENDANTS' MOTION (ECF No. 91), AND TEMPORARILY DEFER RULING ON PENDING MOTIONS (ECF Nos. 61, 64)** |
| vs. | |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., | |
| Defendants. | **Judge:** Magistrate Judge Virginia K. Demarchi |
| | **Complaint Filed**: June 3, 2025 |
| | **Trial Date**: February 1-2, 2027 (Bench Trial) |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

Pursuant to Civ. L.R. 7-11, Defendant hereby moves the Court for an Order to: **(a)** temporary stay of discovery pending disposition of the Defendants' motion for dismissal due to *forum non conveniens*, or alternatively security for costs and attorney's fees (ECF No. 91 – the "***Forum Non Conveniens* and Security for Costs Motion**"), but excluding the Rule 45 subpoena that Defendants issued on March 12, 2026 to Google LLC to produce documents that may be at risk of being purged; and/or **(b)** defer ruling on the pending motions that are currently under submission (Plaintiff's Motion to Dismiss Counterclaim – ECF No. 64; Plaintiff's Special Motion to Strike and related filings– ECF No. 61-63), until after disposition of the Defendants' *Forum Non Conveniens* and Security for Costs Motion;

Addressing the Defendants' motion first is consistent with the guidance in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423-424 (2007) that *forum non conveniens* be dealt with first before other matters. The temporary stay of discovery conserves the resources of the court and parties, promotes judicial efficiency, and avoids new rounds of motions from the Plaintiff that may ultimately be unnecessary. It is also not efficient use of judicial resources to proceed with a ruling on the Plaintiff's pending motions since they would be moot if the Defendants' *Forum Non Conveniens* and Security for Costs Motion is granted.

I. **RELEVANT PROCEDURAL BACKGROUND**

The Complaint in this action was filed on June 3, 2025, and the Defendants were served on September 15, 2025. On October 14, 2025, the Defendants filed their motion to dismiss, and Plaintiff amended his complaint on November 3, 2025. After the amendment to the Complaint, Defendants filed a further motion to dismiss on November 24, 2025. On January 6, 2026, Defendants filed their Answer and Counterclaim.

The filing of the Counterclaim triggered two motions from Plaintiff: (a) motion to dismiss counterclaim (ECF No. 64 – "**Motion to Dismiss Counterclaim**" filed January 23, 2026); and (b) a special motion to strike, and a dispute as to whether this motion is moot in light of Defendants' voluntary dismissal of count III (ECF No. 61-63 – "**Special Motion to Strike**" filed January 13, 2026). Defendants retained new counsel on February 3, 2026.

The Special Motion to Strike was taken under submission on February 17, 2026 (ECF No. 74). The Motion to Dismiss Counterclaim briefing schedule was extended with the Plaintiff's reply due on February 27, 2026 (ECF No. 77) and is now under submission. On March 11, 2026, Defendants filed the *Forum Non Conveniens* and Security for Costs Motion.

## II.  LEGAL STANDARD

Courts in this District recognize Civ. L. R. 7-11 as an appropriate means for staying discovery and other related relief where, as is the case here, a pending motion may result in dismissal. See, e.g., *Stiener v. Apple Computer*, No. C 07-4486 SBA (N.D. Cal. Nov. 29, 2007) (granting defendant's administrative motion to stay obligations under the Court's initial scheduling order pending resolution of a motion to compel arbitration); *Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW (N.D. Cal. Apr. 27, 2016) (granting defendant's Rule 7-11 motion to stay discovery until determination of the defendant's motion to dismiss); *Luong v. Super Micro Computer, Inc.*, No. 24-cv-02440-BLF (N.D. Cal. Aug. 13, 2024) and *Legaspi v. SSC Carmichael Operating Company LP*, No: 18-cv-01391-BLF (N.D. Ca. May 31, 2018).

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Across California, numerous district courts apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. See, e.g., *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* at 352 (citation omitted). "Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). "Common situations in which a court may determine that staying discovery pending a ruling on a

1  dispositive motion occur when dispositive motions raise issues of jurisdiction, <u>venue</u>, or
2  immunity." *Id.* at 601 (citation omitted and emphasis added).

### III. <u>GOOD CAUSE EXISTS FOR THE COURT TO GRANT THIS MOTION</u>

It is plain that the first prong of the test is met (i.e., the *Forum Non Conveniens* and Security for Costs Motion *potentially* dispositive). If this Court dismisses this case for reason of *forum non conveniens* in favor of the Federal Court of Canada, the entire case would be disposed of including the Counterclaim.[1] The Supreme Court stated in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423-424 (2007) that *forum non conveniens* is a non-merits dismissal basis and court have "<u>discretion to respond at once</u> to a defendant's forum non conveniens plea, and <u>need not take up first any other threshold objection</u>. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case." (emphasis added) This authority strongly favors a temporary stay of other steps pending disposition of the motion.

Although state court procedure is not directly applicable in federal courts for this stay issue, California court's treatment of such motions may be persuasive regarding the dispositive effects of a *forum non conveniens* motion. In California, the filing of a motion for change of venue operates as a supersedeas or stay of proceedings, and must be disposed of before any other steps can be taken. (*Pickwick Stages System* v. *Superior Court,* 138 Cal. App. 448, 449 [32 P.2d 433]; cf., *Gutierrez* v. *Superior Court,* 243 Cal. App.2d 710, 723-725 [52 Cal. Rptr. 592].) It has been stated that the filing of the motion "suspends the power of the trial court to act upon any other question <u>until the motion has been determined</u>." (emphasis added) (*Beard* v. *Superior Court,* 39 Cal. App.2d 284, 286 [102 P.2d 1087]; see *County of Riverside* v. *Superior Court,* 69 Cal.2d 828, 831 [73 Cal. Rptr. 386, 447 P.2d 626]; *Brady* v. *The Times-Mirror Co.,* 106 Cal. 56, 62 [39 P. 209].)

---

[1] As noted in bottom of Page 9 of ECF No. 91, Defendants are prepared to dismiss their Counterclaim in favor of the Federal Court of Canada if the Complaint is dismissed for that reason.

Similarly, the alternative relief for security for costs is potentially dispositive. If this Court orders security for costs, the entire case would be dismissed if Plaintiff fails to post a bond.

For the second prong of the test (i.e., whether pending dispositive motion can be decided absent further discovery), the *forum non conveniens* portion of the motion is primarily a question of law. The relevant facts for that motion (e.g., residence of the parties) are largely uncontested. Regarding the security for costs, that part of the motion focusses on Plaintiff's residency and his ability to pay, or not, which could be determined without further discovery.

On a "preliminary peek" of the *Forum Non Conveniens* and Security for Costs Motion, the merits are strong. Other district courts granted dismissals of copyright infringement claims based on *forum non conveniens* in favor of the Federal Court of Canada (e.g., *Great Bowery Inc. v. Valnet, Inc.*, 1:25-cv-1236-GHW, 2025 WL 3268975 (S.D.N.Y. Nov. 23, 2025 and *González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458, 2023 WL 4546545 (D.P.R. July 13, 2023)). The merits in this case are even stronger when Plaintiff does not even reside in California, unlike in the two examples above where the plaintiff resided in the forum.

The alternative relief for security for costs is similarly strong. Plaintiff admits in his complaint he does not reside in California. In the motion, Defendants refer to four potential defenses on the merits, each one of which would constitute a "reasonable possibility" of prevailing on the merits (i.e., **plaintiff lacks standing**; express license based on YouTube Terms of Service; implied license or equitable estoppel; and/or fair use). The Plaintiff only holds a bare "right to sue" that the Ninth Circuit has repeatedly held is insufficient for standing (ECF No. 91, pp. 12-13). There is a strong likelihood that the Court would order security for costs, with a dismissal if a bond is not provided (*Strojnik v. R.F. Weichert V, Inc.*, Case No. 20-cv-00354-VKD, 2022 WL 94924 (N.D. Cal. Jan. 10, 2022), dismissal, 2022 WL 444269).

A brief stay simplifies the issues before the court and generally does not prejudice the parties. *Garage Door Systems, Llc v. Blue Giant Equipment Corporation*, No. 1:23-cv-02223-JMS-KMB (N.D. Cal., Apr. 15, 2024) citing *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023). Here, there can be no ascertainable prejudice to the Plaintiff.

Defendants have already expended significant resources to respond to hundreds of requests for production, hundreds of requests for admission, and also produced hundreds of pages of documents (Declaration of Jonathan Hudon-Huneault [**Huneault Declaration**], ¶ 2-4). On the other hand, Plaintiff has been dilatory and failed to even produce the video that he claims is infringing copyrights (ECF No. 43-2, ¶ 6). Defendants recently served a short Request for Production with 6 requests (Declaration of Simon Lin [**Lin Declaration**], ¶ 2, Ex. A). The stay will necessarily include a stay of the Defendants' production request, which are aimed at preparation for an early summary judgment motion if this case is not dismissed.

If the discovery is not stayed, it is expected that this Court will be expending scarce resources to address Plaintiff's attempt at re-litigating the *ex parte* application for a protective order and other self-manufactured disputes (ECF No: 10 Order on *Ex Parte* Application; Lin Declaration, ¶ 4, Ex. C; ¶ 6, Ex. E). Once the *Forum Non Conveniens* and Security for Costs Motion was filed, Plaintiff then raised a battery of new discovery issues (Lin Declaration, ¶ 5-8, Ex. D-G), which appears to be another attempt at increasing Defendants' litigation costs (ECF No. 91-2, ¶ 11, Ex. E). A temporary stay ensures all issues are addressed in an orderly fashion and avoids unnecessary costs, consistent with the guidance that *forum non conveniens* motions supersedes other issues. *Sinochem Int'l Co.*, 549 U.S. 422, 423-424 (2007),

Defendants request a narrow carve-out from the stay of discovery, namely the subpoena to Google LLC served today (Lin Declaration, ¶ 3, Ex. B). There is a real concern that Google would purge deleted materials after a period of time, and there is evidence that Plaintiff has been deleting videos that may be relevant to this case (Huneault Declaration, ¶ 4-9, Ex. B-D).

## IV. CONCLUSION

Defendants respectfully request that the temporary stay of discovery and/or the temporary deferral of the ruling on pending motions ECF Nos. 61 and 64 should be granted.

Date: March 12, 2026

Respectfully submitted,

By: ____*Simon Lin*____
Simon Lin – State Bar No. 313661