1  Simon Lin – State Bar No. 313661
2  4388 Still Creek Drive, Suite 237
   Burnaby, British Columbia, Canada V5C 6C6
3  T : 604-620-2666; F : 778-805-9830
   E : simonlin@evolinklaw.com
4
5  *Attorney for Defendants Jonathan Hudon-Huneault,*
   *Nneka Ohiri, and 14693663 Canada Inc.*
6
7
8              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
9
10 CHRISTOPHER J. CORDOVA,              )
                                       )  Case Number: 5:25-cv-04685-VKD
11        Plaintiff,                    )
                                       )  **DECLARATION OF SIMON LIN ISO**
12    vs.                              )  **DEFENDANTS'       ADMINISTRATIVE**
                                       )  **MOTION TO TEMPORARILY STAY**
13 JONATHAN HUDON-HUNEAULT,            )  **DISCOVERY PENDING DISPOSITION**
   NNEKA OHIRI, 14693663 CANADA INC.,  )  **OF DEFENDANTS' MOTION (ECF No.**
14                                     )  **91), AND TEMPORARILY DEFER**
          Defendants.                  )  **RULING ON PENDING MOTIONS (ECF**
15                                     )  **Nos. 61, 64)**
                                       )
16                                     )
                                       )
17                                     )  **Judge:** Magistrate Judge Virginia K.
                                       )  Demarchi
18                                     )  **Complaint Filed**: June 3, 2025
                                       )  **Trial Date**: February 1-2, 2027 (Bench Trial)
19                                     )
                                       )
20                                     )
                                       )
21 _____)

22
23     I, Simon Lin, do hereby declare as follows:

24
25     1.      I am an attorney at law and counsel of record for the Defendants JONATHAN
26  HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC. (the
27  "**Defendant(s)**"). I am a member in good standing of the State Bar of California and am
28  admitted to practice before this Court. I make this Declaration in support of Defendants'
   Defendants' Administrative Motion to Temporarily Stay Discovery Pending Disposition

of Defendants' Motion, and Temporarily Defer Ruling On Pending Motions. I have personal knowledge of the facts set forth in this Declaration, gained in my capacity as counsel for Defendants, and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached to this declaration as **Exhibit A.** is the Defendants' First Request for Production containing six (6) requests that was served on the Plaintiff on March 10, 2026.

3.      Attached to this declaration as **Exhibit B.** is the Defendants' Rule 45 subpoena to Google LLC for production of five (5) categories of documents dated March 12, 2026, and has been sent for service on Google LLC.

4.      Attached to this declaration as **Exhibit C.** is an email chain initiated by Plaintiff's counsel on February 24, 2026, and ending on March 2, 2026, where Plaintiff alleges deletion of electronically stored information and indicating a motion would be brought.

5.      Attached to this declaration as **Exhibit D.** is an email Plaintiff's counsel sent to the Courtroom Deputy on the morning of March 11, 2026, after the Defendants' motion for *forum non conveniens* and security for costs was filed, and the Courtroom Deputy's reply.

6.      Attached to this declaration as **Exhibit E.** is the email chain between Plaintiffs' and Defendants' counsel regarding Plaintiff's request for a status conference, after the Courtroom Deputy's email above.

7.      Attached to this declaration as **Exhibit F.** is an email Plaintiff's counsel sent to the Defendants' counsel on the morning of March 11, 2026, after the Defendants' motion for *forum non conveniens* and security for costs was filed, regarding production of documents.

8.      Attached to this declaration as **Exhibit G.** is counsel for the Defendants'
response to Plaintiff's counsel's email on March 11, 2026 regarding production of
documents. As of the signing of this declaration, Plaintiff's counsel has not provided the
requested specificity.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed this 12th day of March 2026.

_Simon Lin_
_____

Simon Lin

# EXHIBIT A

1
2
3
4
5

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,*
*Nneka Ohiri, and 14693663 Canada Inc.*

6
7
8

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, ) | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, ) | |
| ) | **DEFENDANTS' FIRST SET OF** |
| vs. ) | **REQUESTS FOR PRODUCTION (NO. 1-6)** |
| ) | |
| JONATHAN HUDON-HUNEAULT, ) | |
| NNEKA OHIRI, 14693663 CANADA INC., ) | **Judge:** Magistrate Judge Virginia K. Demarchi |
| Defendants. ) | |

21
22
23
24
25
26
27
28

DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1-6); Page 1/10

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Jonathan Hudon-Huneault,  Nneka Ohiri, and 14693663 Canada Inc. (collectively, "**Defendant(s)**") request that Plaintiff Christopher J. Cordova ("**Plaintiff**") respond in writing to each of the following requests, and produce and permit the inspection and copying of each of the documents and things described below that is within their possession, custody, or control. Any objections to the requests and the production of documents and things shall be within thirty (30) days after service of these requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, via electronic mail to the counsel for the Defendants at simonlin@evolinklaw.com.

## DEFINITIONS

The following definitions (applicable whether the terms in question are capitalized or not) apply to this document as a whole and as to each of the following requests for production and shall be deemed incorporated therein:

1.      "**Communication**" means any instance in which any Person has had contact with any other Person including by any oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, any conversation, correspondence, agreement, note, e-mail, voicemail, or other transfer of information, whether written, oral, electronic, or by any other means, and including any Document or other medium which abstracts, digests, records, incorporates, summarizes, describes, or transcribes any such Communication, or any subsequent review or discussion of such Communication, whether occurring at meetings or otherwise.

2.      "**Document**" has the meaning prescribed in the Federal Rules of Civil Procedure, including Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible and includes Documents in any form, including by way of example and without limitation, originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages, emails, telegrams, ledgers, legal instruments, legal opinions to the extent that they are not protected by the attorney client privilege or attorney work product doctrines, agreements, manuals, procedures, graphs,

rough drafts, secretarial notes, work pads, films or videos, photographs, computer disks and other electronic media, books, publications, advertisements, literature, brochures, announcements, press releases, and includes without limitation all tangible things which come within the meaning of the terms "writings and recordings" used in Federal Rule of Evidence 1001 and all electronically stored information, and includes data and data files, and underlying data or data files, whether in raw or processed form. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" also includes the term "Thing" construed under the broadest possible construction under the Federal Rules of Civil Procedure.

3.      "**Electronically stored information**" and "**ESI**" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

4.      "**Person**" includes both natural persons and entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business, or governmental entity. The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

5.      "**Thing**" has the meaning prescribed in the Federal Rules of Civil Procedure, including Rules 26 and 34. The term "Thing" specifically includes, by way of example but not limitation, any disc, tape, or other electronic media storage device.

6.      To "**Identify**" or provide the "**Identity**" or "**Identification**" of a Person who is a natural Person means to state for that Person: the Person's full name, present or last known address(es), present or last known telephone number(s), present or last known employer and that employer's address, present or last known job title, and whether the

Person is represented by counsel in connection with this litigation. To "Identify" or provide the "Identify" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address for its principal place of business, present or last known telephone number, type (e.g., corporation, partnership, trust), date and place of formation, registered agent, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

7.      To "**Identify**" any Document or Thing or to provide the "**Identity**" or "**Identification**" of any Document or Thing means:

a.    To provide a brief description of such Document or Thing sufficient to support a request for production;

b.    To state its type (e.g., e-mail, letter, memorandum, computer system, software);

c.    To state its date;

d.    To state the purchase date of the Thing;

e.    To identify each author and recipient (including actual and designated recipients of copies);

f.    To identify who made the Thing, if applicable;

g.    To specify the place where the Document or Thing may be inspected and its custodian; and

h.    If a copy of the Document or Thing has been previously supplied, to so state and specifically identify the previously supplied copy by reference to Bates number(s) or other identifying information such as litigation control number.

8.      To "**Identify**" an event or Communication means to state:

    a. Its type (e.g., oral communication, telephone call, meeting or conference, teletype communication, purchase, sale);

    b. Its date, time and place;

    c. The identity of all Persons participating, attending and observing, as well as Persons most knowledgeable about the event or Communication;

    d. A detailed description of the event or Communication and what transpired; and

    e. The identify of any Documents referenced, referred to, relied upon, or created in connection with the event, including any record made of the event.

9.    The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter.

10.    The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

11.    The words "**any**" and "**all**" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

12.    "**And/or**," "**and**," and "**or**" shall be construed in the conjunctive and disjunctive, whichever makes the request more inclusive.

**INSTRUCTIONS**

1.     Each request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 32, and supplemented as required by Federal Rule of Civil Procedure 26(e). Rule 26(e) requires Plaintiff to correct or supplement Plaintiff's response if Plaintiff learns that it was incomplete or incorrect when made or, although complete and correct when made, is no longer complete and correct.

2.     These requests shall apply to all Documents in Plaintiff's possession, custody, or control at the present time, or coming into Plaintiff's possession, custody, or control prior to the date of the production. If Plaintiff knows of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not presently in Plaintiff's possession, custody, or control, Plaintiff shall so state and shall Identify such Documents or Things, and the Person who has possession, custody, or control of the Documents or Things.

3.     If no Documents are responsive to a particular request, Plaintiff is to state in the response that no responsive Documents exist.

4.     If Plaintiff withholds any Document or portion thereof in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, state the following: (a) the type of Document (e.g., letter, memorandum, contact, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the Document is being withheld (e.g., "attorney-client privilege," "attorney work product," etc.).

5.     If Plaintiff contends that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion

redacted therefrom and describe the redacted portion in a privilege log pursuant to the instruction in paragraph 4 above.

6.      If any Document responsive to any request was, but is no longer, in Plaintiff's possession, custody, or control, state what disposition was made of it and when. If any Document responsive to any request has been lost or destroyed, describe in detail the circumstances of such loss or destruction and Identify each lost or destroyed Document and all files that contained such Document.

7.      Each Document is to be produced along with all drafts, without abbreviation or redaction.

8.      Any keys, codes, explanations, manuals, or other Documents necessary for the interpretation or understanding of the Documents produced in response to these requests shall be produced.

9.      In the event that Plaintiff objects to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Plaintiff's judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which Plaintiff has narrowed that request for purposes of Plaintiff's response and the factual basis for Plaintiff's conclusion.

10.      In the event that Plaintiff objects to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague or ambiguous and specify the meaning actually attributed by Plaintiffs to such words for purposes of Plaintiff's response thereto.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents evidencing the assignment of the rights, title, and interest in and to *"Another Chad Exposed!!! Worthless Denver Cops . . . Assaulted!!!"* ("**Another Chad**") and *"Angry Mob at Belmar Library!!! "Call 911! Cops don't show up"* ("**Belmar Library**") from Plaintiff to Executive Lens LLC, referred to in paragraph 87 of the First Amended Complaint, including all drafts of such Documents and the ESI for these Documents and the drafts.

### REQUEST FOR PRODUCTION NO. 2:

The raw video files for *Another Chad* and *Belmar Library* that the Plaintiff uploaded to YouTube, including all ESI for these video files.

### REQUEST FOR PRODUCTION NO. 3:

In relation to the software tool(s) that the Plaintiff used to produce, edit and/or record *Another Chad* and *Belmar Library*, the end-user license agreement(s), commercial agreement(s), or similar agreement(s) evidencing what rights the Plaintiff had for use of those software tool(s).

### REQUEST FOR PRODUCTION NO. 4:

In relation to the physical device(s) that the Plaintiff used to record *Another Chad* and *Belmar Library*, the user manual(s) and/or user agreement(s) for such physical device(s).

### REQUEST FOR PRODUCTION NO. 5:

The video file(s) for Infringing Video 1, as defined in paragraph 46 of the First Amended Complaint.

1

### REQUEST FOR PRODUCTION NO. 6:

2

3        The video file(s) for Infringing Video 3, as defined in paragraph 52 of the First

4    Amended Complaint.

Date: March 10, 2026            By: _____/s/ Simon Lin_____ _

5                                        Simon Lin – State Bar No. 313661
6                                        4388 Still Creek Drive, Suite 237
                                         Burnaby, British Columbia, Canada V5C 6C6
7                                        T : 604-620-2666; F : 778-805-9830
                                         E : simonlin@evolinklaw.com
8

9                                        *Attorney for Defendants Jonathan Hudon-*
10                                       *Huneault, Nneka Ohiri, and 14693663 Canada Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am employed in the City of Burnaby, Province of British Columbia, Canada. I am over the age of 18 years and not a party to this action. My business address is Evolink Law Group, 237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6.

On March 10, 2026, I caused the following document(s) to be served:

- **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1-6);**

via electronic mail delivery to the person(s) at the email address(es) set forth below:

Randall Newman - rsn@randallnewman.net

I declare that I am permitted to practice before this Court and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2026, at North Vancouver, B.C. Canada.

Date: March 10, 2026          By: _____/s/ Simon Lin_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault, Nneka Ohiri, and 14693663 Canada Inc.*

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| CHRISTOPHER J. CORDOVA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:25-cv-04685-VKD |
| JONATHAN HUDON-HUNEAULT, ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Google LLC, c/o Corporation Service Company
                    2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: ATTN: Simon Lin; Evolink Law Group<br>1875 Mission St Ste 103, #590;<br>E: simonlin@evolinklaw.com | Date and Time:<br><br>04/14/2026 9:26 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/12/2026

                    CLERK OF COURT

                                        OR

_____          *Simon Lin*
*Signature of Clerk or Deputy Clerk*          _____
                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      NNEKA OHIRI
JONATHAN HUDON-HUNEAULT and 14693663 CANADA INC.          , who issues or requests this subpoena, are:

Simon Lin, 237-4388 Still Creek Dr. Burnaby, B.C., Canada V5C 6C6, simonlin@evolinklaw.com, 604-620-2666

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    5:25-cv-04685-VKD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                        _____
                                                            *Printed name and title*

                                                        _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**TO DOCUMENT SUBPOENA TO GOOGLE LLC**

**DEFINITIONS**

A. "YOU" and "YOUR" shall mean and refer to GOOGLE LLC and any of its officers, employees, agents, managers, or other authorized individuals able to act on its behalf.

B. "PLAINTIFF" shall mean Plaintiff Christopher J. Cordova.

C. "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

D. "DOCUMENT" or "DOCUMENTS" shall mean all documents, including all communications, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure.

E. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to emails, instant messages, iMessages, chat messages of any kind, skype messages, text messages, meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

F. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

1

ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC

G.  "CONCERN" or "CONCERNING" shall refer to any and all DOCUMENTS or tangible things that comprise, reflect, reference, or otherwise relate to the subject of a particular request.

H.  "ALL" shall be understood to include and encompass "any," and "any" shall be understood to include and encompass "all."

**ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC**

## **INSTRUCTIONS**

1. Please produce all of the specified DOCUMENTS and COMMUNICATIONS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2. To the extent possible through reasonable effort, please: (1) produce all of the specified DOCUMENTS **electronically** as a portable document file (i.e., PDF) format, or where only information is provided, please provide the information in a spreadsheet (i.e. Excel) format. If any DOCUMENT cannot reasonably be produced in PDF or spreadsheet format, please contact counsel for Plaintiff prior to production for additional instruction.

3. Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS or information that might otherwise be considered outside their purview.

4. If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection, and include a sufficient level of particularity to address the objection, whether it be based on privilege, immunity, or otherwise.

5. If YOU do not have DOCUMENTS or information responsive to ANY or ALL of the following requests for production, please state so in YOUR response and provide the reason why such DOCUMENTS cannot be produced.

3

**ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC**

6. If any DOCUMENT is withheld under a claim of privilege, provide as to each such DOCUMENT:

    a. The type of DOCUMENT (e.g., letter, email, memorandum, handwritten note);

    b. The privilege asserted;

    c. The name and job title or role of the author or originator of the DOCUMENT;

    d. The name and job title or role of each recipient of the DOCUMENT;

    e. The date of the DOCUMENT;

    f. The subject matter addressed in the DOCUMENT; and

    g. A statement of the basis of the claim of privilege.

7. Each request shall be deemed continuing so as to require a supplemental response if any further responsive documents or things are obtained between the time when an initial production is made and the time of trial.

4

**ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all videos that have been deleted from Plaintiff's YouTube account @Denvermetroaudits2.0 since June 3, 2025.

**REQUEST FOR PRODUCTION NO. 2:**

Document(s) listing the following information for videos that have been deleted from Plaintiff's YouTube account @Denvermetroaudits2.0 since June 3, 2025:

1. Title of the video

2. Length of the video

3. Date and time the video was uploaded to YouTube

4. Date and time of the deletion of the video from YouTube

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all videos that have been deleted from Plaintiff's YouTube account @DenverMetroAudits since June 3, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

Document(s) listing the following information for videos that have been deleted from Plaintiff's YouTube account @DenverMetroAudits since June 3, 2025:

5. Title of the video

6. Length of the video

7. Date and time the video was uploaded to YouTube

8. Date and time of the deletion of the video from YouTube

ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC

**REQUEST FOR PRODUCTION NO. 5:**

Document(s) with the following information for YouTube account @cornbro-f2w, a suspected associate or accomplice of the Plaintiff:

1. Email Address

2. IP addresses used to login to this account in the past 60 days

3. Phone number, including phone number used for two-factor authentication

4. Full Name

5. Physical Address

**ATTACHMENT A TO DOCUMENT SUBPOENA TO GOOGLE LLC**

# EXHIBIT C

 LAW

Simon Lin <simonlin@evolinklaw.com>

## Cordova v. Huneault - Request for Zoom Meet and Confer re Rule 37(e) (Failure to Preserve ESI)

**rsn@randallnewman.net** <rsn@randallnewman.net>                                        Mon, Mar 2, 2026 at 12:35 PM
To: Simon Lin <simonlin@evolinklaw.com>

Simon,

To be clear, Plaintiff's position has always been that Defendants cannot condition a meet and confer on Plaintiff's ability to identify evidence that Defendants allegedly deleted.

That said, by way of example only, Plaintiff is aware of at least the following videos/URLs that were used by Defendants.

https://www.youtube.com/watch?v=I-J8sdKZ504

https://www.youtube.com/watch?v=_xAB_dhJSr8

https://www.youtube.com/watch?v=eVe4eoOzPvc

https://www.youtube.com/watch?v=t_aTblYntZA

https://www.youtube.com/watch?v=xcFmoMTsdFs

https://www.youtube.com/watch?v=WO4jjYFpSsQ

https://www.youtube.com/watch?v=4OK8icQxroQ

The Complaint alleges that Defendants used dozens more Plaintiff videos, the full scope of which cannot presently be identified due to Defendants' deletion activity.

These examples are illustrative, not exhaustive, and Plaintiff does not agree that further specificity is a prerequisite to a meet and confer.

Randall

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Tuesday, March 3, 2026 3:15 AM
**To:** rsn@randallnewman.net
**Subject:** Re: Cordova v. Huneault - Request for Zoom Meet and Confer re Rule 37(e) (Failure to Preserve ESI)

Thank you for your note. We will wait to receive your motion.


On the note of the main topic for our meet and confer from last week, we did indicate that we received the file materials from previous counsel and we expect to provide our outstanding discovery by this Thursday.


On the call, you had brought up the alleged spoliation below, but also unable to provide any specifics.


Thank you.


*Sent from my iPhone


Kind Regards,
Simon Lin
Barrister & Solicitor (British Columbia/Ontario)
Attorney (California)

Evolink Law Group
237-4388 Still Creek Drive
Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830 (our fax number has changed as of May 12, 2023)


www.evolinklaw.com
This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.


On Mon, Mar 2, 2026 at 12:10 <rsn@randallnewman.net> wrote:

> Simon,
>
>
> I will file the motion and note your position.
>
>
> Randall
>
>
> ───────────────
>
>
> **From:** Simon Lin <simonlin@evolinklaw.com>
> **Sent:** Tuesday, March 3, 2026 3:07 AM
> **To:** rsn@randallnewman.net
> **Subject:** Re: Cordova v. Huneault - Request for Zoom Meet and Confer re Rule 37(e) (Failure to Preserve ESI)
>
>
> Mr. Newman,
>
>
> Your assertion is inaccurate. We asked for "specificity and support for your assertions." You have not provided anything beyond general insinuations that there were deletions. You were also unable to name a single video of concern.

We are also open to a meet and confer once you provide us with the necessary specificity.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor

 LAW

**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Mon, Mar 2, 2026 at 12:03 PM <rsn@randallnewman.net> wrote:

Simon,

Your response confirms that Defendants are unwilling to engage in a meaningful meet and confer.

The precise concern is spoliation of electronically stored information, specifically, the deletion of videos and related metadata from Defendants' YouTube channels after litigation was reasonably anticipated and after notice. The nature of the spoliation is that the content and associated records no longer exist. That is the problem.

Requiring Plaintiff to identify the precise titles or URLs of deleted materials, where the allegation is that Defendants deleted them, is not a good-faith meet-and-confer position and effectively conditions compliance on information rendered unavailable by the alleged spoliation itself.

Your suggestion that this issue has already been resolved by Judge DeMarchi's prior order is incorrect. That order did not adjudicate Rule 37(e) spoliation, nor did it excuse Defendants from preservation obligations or from engaging in discovery concerning deletion activity.

At this point, further meet and confer efforts would not be productive. I will proceed accordingly and will inform the Court that Defendants declined to engage on spoliation unless Plaintiff could first identify content that Defendants allegedly destroyed.

Regards,


Randall S. Newman

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Tuesday, March 3, 2026 2:52 AM
**To:** rsn@randallnewman.net
**Subject:** Re: Cordova v. Huneault - Request for Zoom Meet and Confer re Rule 37(e) (Failure to Preserve ESI)


Mr. Newman,


You still haven't specified the precise concern. What, precisely, are you alleging was deleted? If the submission is a video, please provide its name and the evidence supporting your assertion.


At this point, the assertions you are making sound precisely like what Judge DeMarchi had addressed in the *ex parte* application.


We cannot conduct any reasonable investigation or inquiry without knowing the specific concern. A meet and confer will not be productive given the general allegations and lack of specificity. If you provide specificity and support for your assertions, we will gladly look into the matter and schedule a meeting after we have a reasonable opportunity to investigate.


Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor

 LAW

**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.


On Wed, Feb 25, 2026 at 5:44 PM <rsn@randallnewman.net> wrote:

> Simon,
>
>
> Plaintiff believes your response conflates Judge DeMarchi's joint discovery dispute letter procedure with the process applicable to Rule 37 sanctions.

Judge DeMarchi's Standing Order expressly provides that a party seeking sanctions under Rule 37 may not use the expedited joint discovery dispute letter procedure and instead must proceed under Civil L.R. 37-4. A meet and confer is therefore the required threshold step before any Rule 37(e) motion may be filed.

The dispute is not vague. Defendants deleted YouTube videos containing Plaintiff's copyrighted works and associated metadata after the duty to preserve had attached. Defendants have admitted doing so in their discovery responses and Google has confirmed that those user-deleted videos are irretrievable. Defendants' preservation efforts (if any), and Defendants' position regarding resulting prejudice are matters uniquely within Defendants' knowledge and are precisely the issues a meet and confer is intended to address.

Plaintiff is not relitigating the Court's denial of the preservation order at Dkt. 10. The issue now is the subsequent loss of electronically stored information and how the case can proceed fairly in light of that loss.

Plaintiff is attempting to comply with Judge DeMarchi's Standing Order by requesting a meet and confer before initiating the Rule 37(e) process. Please confirm whether Defendants will participate in a Zoom meet and confer within five court days of February 24, 2026. If Defendants decline, Plaintiff will note that position in any subsequent filing.

Regards,

Randall S. Newman

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Wednesday, February 25, 2026 5:47 PM
**To:** rsn@randallnewman.net
**Subject:** Re: Cordova v. Huneault - Request for Zoom Meet and Confer re Rule 37(e) (Failure to Preserve ESI)

Dear Mr. Newman,

The Defendants are fully cognizant of their obligations to preserve evidence, including ESI.

Your assertion below is vague and we are unaware of the basis you are referring to, or what you claim is being deleted. We refer to Docket #10, where the Court rejected very similar assertions mentioned in the email below.

Judge DeMarchi's Standing Order requires, **first**, that **"The parties involved in a discovery dispute shall attempt in good faith to resolve the dispute by agreement."** This must be completed **before** requesting a meet and confer.

The Plaintiff has made no good-faith attempt to resolve this alleged dispute. In fact, it is not even clear what the dispute is beyond bald assertions. Please clarify so we can investigate further.

At this time, we do not believe the Plaintiff has met Judge DeMarchi's Standing Order requirements before initiating a meet and confer. Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor

 LAW

**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Tue, Feb 24, 2026 at 12:37 PM <rsn@randallnewman.net> wrote:

> Simon,
>
> I am requesting a Zoom meet and confer pursuant to L.R. 37-4 regarding Plaintiff's anticipated motion under Rule 37(e) based on Defendants' failure to preserve electronically stored information after the duty to preserve had attached.
>
> This is not a routine discovery dispute. The deleted videos and associated metadata constitute electronically stored information that should have been preserved in anticipation of litigation and after litigation commenced, and cannot be restored or replaced through additional discovery. That evidence is central to Plaintiff's copyright infringement claims, ? 512(f) claim, and circumvention claim, and its loss has materially prejudiced Plaintiff's ability to prove its claims and rebut Defendants' defenses.
>
> The meet and confer will address the scope of the deletions, the steps Defendants took (or failed to take) to preserve ESI, and Defendants' position as to whether the loss of this evidence has prejudiced Plaintiff.
>
> Please provide your availability for a Zoom conference within the next five court days. I am available during normal Pacific Time business hours and can accommodate reasonable scheduling requests.

Absent a productive resolution, Plaintiff will proceed accordingly.


Regards,


Randall S. Newman

# EXHIBIT D



Simon Lin <simonlin@evolinklaw.com>

---

## Cordova v. Huneault - 25-cv-04685-VKD - Procedure for Requesting Status Conference

---

**CRD VKD** <VKDCRD@cand.uscourts.gov>                                    Wed, Mar 11, 2026 at 9:12 AM
To: "rsn@randallnewman.net" <rsn@randallnewman.net>
Cc: Simon Lin <simonlin@evolinklaw.com>

Good morning, Counsel,

Requests for court action may not be made by email.  Please refer to the Civil Local Rules and Judge DeMarchi's Standing Order for Civil Cases regarding the appropriate procedures for administrative requests and discovery disputes.

Thank you,



**Steven Chilton**
Courtroom Deputy
to Honorable Virginia K. DeMarchi
United States District Court
Northern District of California
https://cand.uscourts.gov
steven_chilton@cand.uscourts.gov

---

**From:** rsn@randallnewman.net <rsn@randallnewman.net>
**Sent:** Wednesday, March 11, 2026 2:36 AM
**To:** CRD VKD <VKDCRD@cand.uscourts.gov>
**Cc:** 'Simon Lin' <simonlin@evolinklaw.com>
**Subject:** Cordova v. Huneault - 25-cv-04685-VKD - Procedure for Requesting Status Conference

CAUTION - EXTERNAL:

Dear Mr. Chilton,

Counsel for Plaintiff writes with a brief procedural question.

In light of discovery issues that have arisen in this matter, the parties and the Court may benefit from a short status conference with Judge DeMarchi to obtain the Court's guidance on how to proceed. At this time, Plaintiff is not seeking any specific order or relief, but rather the Court's input regarding the appropriate next steps. Counsel expects the issues could be addressed in a brief conference and that doing so may avoid unnecessary motion practice and conserve judicial resources.

Could you please advise how the Court prefers that such a request be made? For example, should the request be made through a brief administrative motion, a joint letter, or another filing on the docket? Alternatively, please let us know if this email is sufficient for the Court to consider setting a status conference.

Thank you for your guidance.

Best regards,

Randall S. Newman
Counsel for Plaintiff

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

# EXHIBIT E



Simon Lin <simonlin@evolinklaw.com>

---

## Cordova v Huneault - Status Conference

---

**Simon Lin** <simonlin@evolinklaw.com>
To: "Randall S. Newman" <rsn@randallnewman.net>

Thu, Mar 12, 2026 at 11:15 PM

Dear Mr. Newman,

The Defendants' position is that a status conference at this time is unnecessary, considering the Defendants' pending motions are potentially dispositive.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Wed, Mar 11, 2026 at 2:06 PM Simon Lin <simonlin@evolinklaw.com> wrote:
> Dear Mr. Newman,
>
> I will seek instructions and get back to you, by tomorrow.
>
> Thank you.
>
> Kind Regards,
>
> **Simon Lin**
> Barrister & Solicitor



> **Evolink Law Group**
> 237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
> T: 604-620-2666
> F: 778-805-9830
>
> www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified

that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the
sender immediately by replying to this e-mail and then destroying all copies. Thank you.


On Wed, Mar 11, 2026 at 10:34 AM Randall S. Newman <rsn@randallnewman.net> wrote:

Simon,


Given the issues that have arisen regarding the deletion of materials and the parties' inability to reach agreement on how discovery should proceed, I am considering requesting a brief status conference with Judge DeMarchi to obtain the Court's guidance on the appropriate next steps.


Please let me know if Defendants would join in such a request. If not, I may file a short administrative motion requesting a status conference so the Court can advise the parties.


Thanks,

Randall

# EXHIBIT F

**evolink** LAW

**Case 5:25-cv-04685-VKD Cordova v. Huneault - Defendants' Production**

**rsn@randallnewman.net** <rsn@randallnewman.net>                                                                 Wed, Mar 11, 2026 at 2:08 AM
To: Simon Lin <simonlin@evolinklaw.com>

Simon,

I reviewed the recent document production from your client. Based on my review, the production appears to consist of fewer than 300 pages and does not include any video files.

When Mr. Vondran was counsel, he indicated that your clients' had bates numbered more than 1,000 pages of documents along with numerous videos that were ready to be produced. Given that representation, the materials I received appear incomplete.

Please let me know:

1. Whether additional document productions are forthcoming;

2. Whether your client intends to produce any video files or other audiovisual materials responsive to Plaintiff's discovery requests; and

3. If so, when we can expect those materials.

If the production we received represents your client's complete production, please confirm that as well.

Best regards,

Randall S. Newman

[Quoted text hidden]

# EXHIBIT G



Simon Lin <simonlin@evolinklaw.com>

---

## Case 5:25-cv-04685-VKD Cordova v. Huneault - Defendants' Production

---

**Simon Lin <simonlin@evolinklaw.com>**                                          Wed, Mar 11, 2026 at 11:26 PM
To: rsn@randallnewman.net

Dear Mr. Newman,

We cannot comment on who was mistaken regarding interactions between you and Mr. Vondran. We reviewed all the materials made available to Mr. Vondran and cannot corroborate your assertion of thousands of pages. In any event, please send us a copy of the representations you are referring to and we will look into it.

We have produced the documents relevant to this case that we have found thus far. However, we are continuing to search for any relevant documentary materials.

Regarding videos or other visual audio material, can you please specify precisely what you are requesting? We will then follow up with our client.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the materials recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

[Quoted text hidden]