RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JONATHAN HUDON-HUNEAULT,<br>NNEKA OHIRI, 14693663 CANADA<br>INC.,<br><br>  Defendants. | Case No. 25-cv-04685-VKD<br><br>**HON. VIRGINIA K. DEMARCHI**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**

Pursuant to Local Rule 7-11, Plaintiff Christopher J. Cordova ("Plaintiff") submits this response to Defendants' administrative motion. (ECF No. 94) (the "Administrative Motion").

## I.    INTRODUCTION

This case concerns videos Defendants created using footage unlawfully taken from Plaintiff's YouTube channel. The First Amended Complaint ("FAC") alleges that Defendants created between fifty and one hundred videos incorporating Plaintiff's copyrighted footage. Plaintiff could not identify all of those videos at the pleading stage because Defendants had deleted large portions of the relevant material from their "Frauditor Troll" YouTube channel after receiving notice of this lawsuit.

Plaintiff has now been able to identify approximately 67 video titles that previously appeared on Defendants' channel and appear to contain Plaintiff's copyrighted footage. (Newman Decl. ¶¶ 30-31). Plaintiff served written discovery in November 2025 seeking copies of the infringing videos and related electronically stored information ("ESI"). Defendants delayed their responses for months and ultimately produced fewer than 300 pages of largely irrelevant documents and no videos at all on March 5, 2026. (Newman Decl. ¶¶ 9-10, 22-25).

Shortly after Plaintiff requested a meet-and-confer regarding spoliation issues arising from the deletion of the relevant material, Defendants filed the present motion seeking to halt discovery entirely and defer ruling on Plaintiff's pending motions. (Newman Decl. ¶¶ 19-20, 27. 33).

Under these circumstances, staying discovery would prevent Plaintiff from obtaining the central evidence in this case. The Court should see Defendants' Administrative Motion for what it is, an attempt to avoid accountability for their discovery delay and their destruction of relevant ESI.

## II.    DEFENDANTS' REQUEST IS AN IMPROPER USE OF L.R. 7-11

Although Plaintiff agrees with Defendants that an administrative motion under Civil Local Rule 7-11 may, in limited circumstances, be an appropriate vehicle for requesting a

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**

discovery stay, such motions are generally disfavored when they seek complex substantive relief. *See Coalition on Homelessness v. City & Cnty. of San Francisco*, No. 22-cv-05502-DMR, 2023 WL 2775156, at *2–3 (N.D. Cal. Apr. 3, 2023).

That concern is particularly present here because Defendants' Administrative Motion relies almost entirely on arguments raised in their separate motion seeking dismissal based on forum non conveniens or, alternatively, an order requiring security for costs. (ECF No. 91). Defendants expressly incorporate those arguments by reference.

Plaintiff's opposition to those motions has not yet been filed and is not yet due. L.R. 7-11 limits oppositions to administrative motions to five pages. *See* Civ. L.R. 7-11(b). As a result, Defendants' Administrative Motion effectively asks the Court to consider the merits of a lengthy forum non conveniens and security motion, while limiting Plaintiff's response to five pages of briefing.

Courts in this District have cautioned that administrative motion practice should not be used to obtain substantive relief where doing so would effectively require full briefing within the limited page constraints of Rule 7-11. *Coalition on Homelessness*, 2023 WL 2775156, at *2–3. Because Plaintiff has not yet had the opportunity to respond fully to Defendants' forum non conveniens and security motions, those arguments should not form the basis for halting discovery in this case.

## III.    DEFENDANTS HAVE NOT SHOWN THAT A STAY IS WARRANTED

A stay of discovery is not appropriate unless the moving party shows that a pending motion is likely to dispose of the case and that discovery would impose an undue burden. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Defendants have not made that showing. First, Defendants already moved to dismiss Plaintiff's claims and lost. (ECF No. 65). The Court's denial of Defendants' motion to dismiss confirms that discovery is proper in this matter.

Second, Defendants' forum non conveniens motion is unlikely to dispose of the case. A plaintiff's choice of forum is entitled to substantial deference, particularly where the defendant has already substantially litigated the case. *See Carijano v. Occidental*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**

2

*Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). Moreover, Defendants agreed in the Joint Case Management Statement that the case should be litigated in this District. (ECF No. 37).

Defendants waited approximately nine months before raising forum non conveniens. During that time they answered the complaint, filed two motions to dismiss, asserted counterclaims, engaged in discovery, and participated in motion practice. Defendants' conduct undermines any claim that the current forum is not convenient.

Third, Defendants' motion seeking security for costs does not dispose of the case and therefore provides no basis to stay discovery. Because Defendants have not shown that their motions are likely to terminate the litigation, a discovery stay is unwarranted.

## IV.    THE DISCOVERY POSTURE WEIGHS STRONGLY AGAINST A STAY

The discovery record also weighs heavily against a stay. As described in the accompanying declaration of Randall S. Newman (the "Newman Decl."), Plaintiff served written discovery in November 2025 seeking copies of the infringing videos and related ESI. (Newman Decl. ¶ 9). Defendants delayed their responses and ultimately produced fewer than 300 pages of documents and no videos. (Newman Decl. ¶¶ 9, 22-24).

Those videos constitute the central evidence in this copyright case. Plaintiff has now identified approximately 67 video titles that appear to contain Plaintiff's copyrighted footage. (Newman Decl. ¶¶ 30-32 and Ex. "A"). Defendants have not produced those videos, their metadata, or any comparable identification of the infringing works. (Newman Decl. ¶¶ 22-24).

The Newman Decl. further describes Defendants' deletion of large portions of the Frauditor Troll channel after receiving notice of this lawsuit and the Defendants refusal to meet-and-confer to address related preservation issues. (Newman Decl. ¶¶ 4, 19-20). Under these circumstances, staying discovery would prevent Plaintiff from obtaining the very evidence necessary to prove the claims alleged in the FAC and would reward Defendants for their bad faith conduct. The Court should note that Defendants seek to halt discovery immediately after Plaintiff raised preservation and spoliation issues relating to the deleted

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**

channel content. (Newman Decl. ¶¶ 19-20, 27, 33).

Under these circumstances, a stay would not preserve resources; it would freeze discovery at the moment Plaintiff is finally able to identify and seek the central evidence necessary to prove the claims alleged in the FAC and a stay would reward Defendants for their delay and spoliation.

## V.   DEFENDANTS SEEK TO HALT DISCOVERY WHILE PURSUING THEIR OWN DISCOVERY

Defendants' request for a stay is further undermined by the fact that they continue to pursue discovery of their own. As described in the accompanying declaration, Defendants recently served a Rule 45 subpoena on Google seeking materials relating to Plaintiff's YouTube channel. (Newman Decl. ¶ 34). Defendants claim that they urgently need to preserve certain videos that Plaintiff made "private" yet Defendants' concern is based on the improper assertion that Plaintiff did not retain copies of the videos and related ESI. An assumption that is incorrect. (Newman Decl. ¶¶ 34-35).

Defendants' request would allow them to continue developing their discovery record while preventing Plaintiff from obtaining evidence necessary to prosecute his claims. That result would be inequitable.

## VI.   THERE IS NO BASIS TO DEFER RULING ON PLAINTIFF'S PENDING MOTIONS

Defendants also ask the Court to defer ruling on Plaintiff's Special Motion to Strike (ECF No. 61) and Plaintiff's Motion to Dismiss Defendants' Counterclaims (ECF No. 64). Those motions have already been fully briefed and submitted to the Court.

Defendants cite no authority requiring the Court to postpone ruling on motions already under submission simply because Defendants later filed a forum non conveniens motion. Defendants rely on *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007), but that decision merely holds that courts may address forum non conveniens before reaching the merits. It does not require courts to suspend rulings on motions that have already been submitted for decision.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**

Resolving the pending motions may narrow the issues in the case regardless of the outcome of Defendants' later-filed motion. Additionally, any concerns about a bond for costs would be offset by attorney's fees granted to Plaintiff on the pending SLAPP Motion. There is therefore no basis to defer ruling on those motions.

## VII.  PLAINTIFF REQUESTS A STATUS CONFERENCE TO DISCUSS DISCOVERY ISSUES

Plaintiff also respectfully requests that the Court consider scheduling a brief status conference regarding the discovery issues described in the Newman Declaration. Because Defendants have refused to meet and confer regarding these issues, Plaintiff cannot determine the appropriate procedural mechanism to bring them before the Court. Specifically, it remains unclear whether Defendants possess responsive ESI that they are withholding, in which case the issue would properly be raised through a joint discovery motion, or whether the relevant ESI no longer exists due to Defendants' deletion of the material after notice of the lawsuit, which would require a motion pursuant to Rule 37(e) and L.R. 37-4. Plaintiff believes that a conference will assist the Court and the parties in determining the appropriate path forward without unnecessary motion practice.

## VIII.  CONCLUSION

For the foregoing reasons, Defendants' Administrative Motion should be denied and the Court should schedule a Status Conference to discuss the issues raised herein.

Dated: March 16, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Christopher J. Cordova*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY AND RULING ON PENDING MOTIONS**