Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,
Nneka Ohiri, and 14693663 Canada Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC.,<br><br>Defendants. | Case Number: 5:25-cv-04685-VKD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101)**<br><br>**Judge:** Magistrate Judge Virginia K. Demarchi<br>**Complaint Filed**: June 3, 2025<br>**Trial Date**: February 1-2, 2027 (Bench Trial)<br><br>**Hearing**: April 14, 2026<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 2 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101); Case Number: 5:25-cv-04685-VKD

## I.    **INTRODUCTION**

Defendants' counsel already made necessary travel arrangements and intends to appear in-person, as per this Court's Standing Order. Although Defendants acknowledge that remote attendance is usually permitted for the convenience of counsel, the Defendants submit that the hearing on April 14, 2026 for Defendants' motion for *forum non conveniens*, or alternatively posting of a bond (the "**Motion**"), should remain in-person attendance only for the three reasons detailed further below:

a) As detailed in the reply that Defendants will be filing tomorrow, the Motion is not about pure legal issues. Plaintiff raised a battery of discovery issues in support of the opposition thereof. It is expected that there will be three (3) joint discovery dispute letters submitted to the Court this week, and should be addressed with the Motion on April 14, 2026. For the Motion, and the discovery disputes, Defendants intend on presenting physical evidence that is difficult to present via Zoom.

b) Plaintiff's counsel omitted that his new law firm has offices across the country including in San Diego, California, which is not thousands of miles away as asserted. Plaintiff's counsel also practices regularly before this Court.

c) Plaintiff's request is ironic given the nature of the Motion. The *forum non conveniens* portion of the Motion is based on the premise that litigating in California is not convenient for the Defendants, and also the Plaintiff. Plaintiff's counsel's request, *ipso facto*, confirms that California is **not** a convenient forum.

## II.    **SUBMISSIONS**

i. *Defendants' Opposition to Motion Raises Numerous Factual Issues and the Plaintiff's Discovery-Related Issues Necessitates In-Person Attendance*

Plaintiff submitted a boiler-plate request asserting that the Motion involves pure legal issues. That is inaccurate. Plaintiff's opposition raises a battery of fact-driven issues including

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101); Case Number: 5:25-cv-04685-VKD

the authenticity of videos and other evidence. Plaintiff also seeks to shoehorn into the Motion discovery disputes that, coincidentally, were raised in the late evening approximately three-hours *after* the Motion was served (Declaration of Simon Lin, Exhibits A-D). The timing of the discovery issues may be a tactical attempt to distract from the real issues on the Motion.

There are also three joint discovery dispute letters that would be submitted to the Court this week. Defendants' position is that at least two of those disputes would benefit from a hearing. It would be most convenient to schedule those disputes to be resolved at the same time as the Motion on April 14, 2026, especially considering Plaintiff appears to be relying on those discovery disputes in support of his opposition for the Motion.

**Dispute #1 (Deposition of the Plaintiff)**: Defendants served a Notice of Deposition to depose the Plaintiff on April 22, 2026. There is no issue as to the scheduled date. Defendants offered the deposition to take place at <u>either</u>: **Denver** (city that Plaintiff resides in), **New York** (where Plaintiff's counsel supposedly practices in), or anywhere else in USA and Canada. Plaintiff refused *any* in-person deposition, even in his home city, and there is no explanation why. Plaintiff's counsel indicated he would be seeking to compel deposition for Zoom only.

**Dispute #2 (List of 68 Videos Not in Complaint)**: After the Motion was filed, Plaintiff requested a meet-and-confer to demand production of 68 videos based on a list of unknown origin. Plaintiff claims that those 68 videos infringed his copyrighted works, but fails to identify which of Plaintiff's works was allegedly infringed. It is unclear whether Plaintiff has the legal standing to raise those copyright claims when the work is not even identified to begin with. This initiative seeks to expand this case thirty-fold from 2 videos to 68 videos.

**Dispute #3 (List of 26 Irrelevant Videos)**. Aside from the Dispute #2 above, Plaintiff requested a separate meet-and-confer to demand production from the Defendants 26 videos that appears to have no relevance to this court case. Nearly all the videos were the Defendants' updates about the developments in this court case, in light of the broad implications of this case for the Defendants' subscribers and other YouTube creators. Those videos have no relevance to the legal issues in dispute that this Court would decide at the trial. Despite already

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101); Case Number: 5:25-cv-04685-VKD

having the links for the bulk of those videos, Plaintiff is attempting to manufacture a "spoliation" argument to create more confusion for the Motion.

For the Motion, Defendants intends to walkthrough the relevant portions of the videos referred to in his Memorandum to dispel the battery of authenticity and other factual concerns the Plaintiff is raising, and pointing out how the Defendants have a very strong defense for consent and/or fair use. The evidence that the Defendants would present for the discovery disputes would suggest this claim is a case of copyright misuse and was not commenced in good faith, further cementing the motion to grant security for costs. The Court would benefit from short submissions and explanations on the relevant portions of the videos, which are germane to both the *forum non conveniens* and security for costs requests.

For Dispute #3 (above), Defendants intend to demonstrate to the Court that the 26 videos the Plaintiff requested have no relevance and are not part of discovery. This can be demonstrated from a brief explanation while displaying portions of the videos, which the Plaintiff already has in his possession in the form of URL links. On the other hand, Defendants also intend to demonstrate to the Court that the Plaintiff is speaking from both sides of their mouth. Both the Plaintiff and his counsel published videos about this lawsuit, including videos mocking the Defendants. However, Plaintiff and his counsel **deleted** those videos, despite the obligation to preserve evidence. The obligation to preserve evidence is a two-way street.

### ii.    *Counsel for the Plaintiff Has an Office in California*

Almost concurrently with filing the administrative motion, Plaintiff's counsel also filed a Notice of Change of Address to change his P.O. Box address in New York to his law firm office address at: 270 Madison Avenue, 10th Floor. However, the Notice of Change inexplicably omits the name of his law firm.[1] 270 Madison Avenue, 10th Floor, is the office address of Wolf Haldenstein Adler Freeman & Herz LLP, with offices in San Diego, California (Declaration of Simon Lin, Exhibits E-F). Although Mr. Newman's profile is not

---

[1] It is plain that Plaintiff's counsel alone would not occupy the entire floor of a large office.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101); Case Number: 5:25-cv-04685-VKD

yet live on Wolf Haldenstein Adler Freeman & Herz's website, he is listed as a partner of the firm on Bloomberg (Declaration of Simon Lin, Exhibit G). It remains unexplained why in ECF No. 101 (the administrative motion), Mr. Newman claims he was thousands of miles away without referring to the material fact that his law firm has an office in California.

Mr. Newman is also plaintiffs' counsel in four similar copyright cases before this Court (i.e., 5:25-cv-06048-NC, 5:25-cv-06567-NC, 5:25-cv-06878-SVK, and 5:25-cv-07150-SVK). Plaintiff's counsel chose to commence cases in this District and it should not come as a surprise to have to attend court in this District, in-person.

     *iii.*     <u>*Plaintiff's Counsel Indirectly Agrees that California is Not a Convenient Forum*</u>

The Motion seeks to change the venue of this case to the Federal Court of Canada for reason of *forum non conveniens* and California is not convenient for either the Defendants and the Plaintiff. Plaintiff's administrative motion is effectively an admission that California is not convenient.

**III.**    **<u>CONCLUSION</u>**

Defendants respectfully submit that the administration motion should be denied, in light of the circumstances that has unraveled largely from the battery of factual and discovery issues the Plaintiff has injected into the Motion. An in-person hearing would be beneficial for fairly resolving the Motion and also the various discovery-related disputes that the Plaintiff raised.

On a cursory review, every major U.S. airline have multiple daily flights from New York to California at a relatively modest cost of around $200. Collectively between the major airlines, there are flights almost on an hourly basis, which minimizes any potential inconvenience.

Respectfully submitted,

Date: March 30, 2026     By: _____

     Simon Lin – State Bar No. 313661

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR APPEARANCE BY ZOOM (DKT. NO: 101); Case Number: 5:25-cv-04685-VKD