Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendants Jonathan Hudon-Huneault,*
*Nneka Ohiri, and 14693663 Canada Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
*(San Jose)*

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case Number: 5:25-cv-04685-VKD |
| Plaintiff, | |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS** |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, 14693663 CANADA INC., | |
| Defendants. | |
| | **Judge:** Magistrate Judge Virginia K. Demarchi |
| | **Complaint Filed**: June 3, 2025 |
| | **Trial Date**: February 1-2, 2027 (Bench Trial) |
| | **Hearing on Motion**: April 14, 2026 |
| | **Time:** 10:00 a.m. |
| | **Location:** Courtroom 2 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

## Table of Contents

TABLE OF AUTHORITIES ..............................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY......................................1

1.  Overview in Reply.................................................................................................1

2.  Plaintiff is Seeking to Create Confusion with the Battery of Discovery Disputes .......2

3.  Evidentiary Objections Have No Merit and Highly Disingenuous ..............................4

4.  Plaintiff Failed to Rebut the Strong Grounds for Finding *Forum Non Conveniens*....4

    i.   *Helping Hands is a Complete Answer to Plaintiffs' Arguments*.......................................4

    ii.  *Plaintiff Failed to Respond to the Adequacy of the Canadian Forum*...........................5

    iii. *No Deference to Plaintiff's Chosen Forum* .................................................................6

    iv.  *Access to Sources of Proof and Availability of Compulsory Process*............................6

    v.   *Cost of Obtaining Attendance of Witnesses* ..............................................................7

    vi.  *Other Practical Considerations* ................................................................................7

5.  Public Interest Factors Do Not Favor Retaining the Case in this District ...................7

    i.   *No Local Interest in the Lawsuit as the Only Tie Here is YouTube*.................................7

    ii.  *Plaintiff's Analysis of the Court's Familiarity with Governing Law is Incomplete* ........8

    iii. *Significant Burden on Local Courts and Juries and Congestion* ...................................9

    iv.  *Costs of Resolving a Dispute with Minimal Ties to California* ...................................10

    v.   *Defendants' Authorities are Apposite* .....................................................................10

6.  Alternatively, Security for Costs Should be Ordered.....................................................11

    i.   *Plaintiff Failed to Address the Key Authority on Lack of Standing*.............................11

    ii.  *Plaintiff is Misinterpreting YouTube Terms of Use to Undermine the Ecosystem* .........11

    iii. *Strong Defense of Implied License or Equitable Estoppel on the Facts*........................12

    iv.  *Fair Use Clearly Has "Reasonable Possibility" of Success* ........................................13

    v.   *Plaintiff's Conduct Would Warrant Ordering of Security*...........................................13

    vi.  *Plaintiff's Pending Motion for Attorney's Fees for Anti-SLAPP is Irrelevant*...............14

7.  Conclusion and Relief Sought.........................................................................................15

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

ii

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

## **TABLE OF AUTHORITIES**

### **Cases**

*Brown v. Electronic Arts, Inc.*, 722 F. Supp. 2d 1148, 1155-57 (C.D. Cal. 2010)............. 14

*CCH Canadian Ltd. v. Law Society of Upper Canada*, 2004 SCC 13................................. 9

*Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 107 ....................................................... 14

*Equustek Solutions Inc. v. Jack*, 2014 BCSC 1063 ............................................................. 6

*Fathers & Daughters Nevada, LLC v. Zhang*, 284 F. Supp. 3d 1160, 1170 (D. Or. 2018)................................................................................................................................. 11

*Google Inc. v. Equustek Solutions Inc.*, 2017 SCC 34 ........................................................ 6

*Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017) ............................................ 12

*Jacobsen v. Katzer*, 535 F.3d 1373, 1380 (Fed. Cir. 2008)............................................... 12

*M Seven System Limited v. Leap Wireless International, Inc.*, Case NO. 12-cv-1424-CAB (RBB), 2014 WL 12026065 at *6 (S.D. Cal. June 4, 2014) .................................... 8

*Mann v. Quality Old Time Serv., Inc.,* 139 Cal.App.4th 328, 340, 42 Cal.Rptr.3d 607 (2006) ............................................................................................................................. 14

*Moran v. Endres* (2006) 135 Cal.App.4th 952, 955.......................................................... 14

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) ... 14

*Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 125-126 (S.D.N.Y. 2015) ............... 12

*Strojnik v. R.F. Weichert V, Inc.*, Case No. 20-cv-00354-VKD, 2022 WL 94924 (N.D. Cal. Jan. 10, 2022).....................................................................................................2, 11, 13

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994) ........... 8

*Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.*, 830 Fed. Appx. 821, 823–24, 2020 U.S.P.Q.2d 11246, at *2, 2020 WL 6158106, at *2 (9th Cir. 2020)............................................................................................................................... 8

*Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir.2009)............................................... 5

*Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835 (9th Cir. 1996)...................................... 8

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

**Statutes**

CCP § 1030 ...................................................................................................................... 11, 15

Code of Civil Procedure section 425.16, subdivision (c) .................................................... 14

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

## MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

### 1. Overview in Reply

Defendants do not intend to reply to every assertion of fact and law from the Plaintiff and will focus on the pertinent issues for this motion. As outlined in the discovery dispute letter filed yesterday, Plaintiff is seeking to create confusion for this motion by raising a battery of discovery disputes *after* this motion was filed. The battery of discovery disputes are based on bald assertions to distract from the analysis on the *forum non conveniens* or security for costs.

**Firstly**, and most importantly, *Helping Hands for Dignity Coalition v. Gurka*, Case No. 25-cv-06750-WHO, 2025 WL 3558845 (N.D. Cal. December 11, 2025) [***Helping Hands***] is a complete answer to Plaintiff's opposition on *forum non conveniens*. Plaintiff is not being candid with this Court when his counsel is undoubtedly aware that Judge Orrick raised the concern over jurisdiction *and* venue on a *sua sponte* basis in virtually identical circumstances:

> At the Case Management Conference on November 18, 2025, I told the parties that <u>I did not see how this court has jurisdiction: plaintiff is a Colorado corporation, defendant is a resident of Florida, and the only contact with California is that third party YouTube processed takedown notices here</u>. Dkt. No. 12. I ordered that each side submit a five-page brief explaining their jurisdictional theories. The parties have done so. Dkt. Nos. 13, 14.

*Helping Hands* was then transferred to a different venue in Florida (see ECF No. 17 in *Helping Hands*). *Helping Hands* also completely answers the Plaintiff's reliance on the standard language about jurisdiction and venue in the Joint Case Management Statement, as a similar Joint Case Management Statement was also filed in *Helping Hands* in ECF No. 10.

**Secondly**, for both the *forum non conveniens* and security for costs motion, Plaintiff is misdirecting the Court on the state of his finances. Plaintiff failed to file *any* evidence on his financial circumstances and is arguing that he is impecunious so this file should not be transferred to a different venue or that he should not have to post a bond for security for costs.

**However**, on March 3, 2026 in Plaintiff's criminal case where he was seeking an early termination of his probation, he wrote to Judge Hegarty in the U.S. District Court for Colorado stating "*I have remained continuously self-employed and financially stable since that time,*

1

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

*fulfilling the requirement of maintaining employment…*" (Supplemental Declaration of Simon Lin, Exhibit C). It is impossible to believe that Plaintiff was "financially stable" on March 3, 2026 (date of letter) and then impecunious on March 24, 2026 (date of his Opposition papers). Plaintiff had not filed any updated letters advising Judge Hegarty of his financial situation.

**Thirdly**, Plaintiff claims that he would be financially barred from advancing his claim in Canada is not made out on the evidence and is self-contradictory. Plaintiff asserts he cannot afford to retain counsel in Canada but does not explain how he could afford retaining counsel in the USA. Plaintiff also failed to explain how he could have multiple similar claims in this Court if he is indigent. Plaintiff's lack of candor may be a factor for ordering security for costs.

**Finally**, Plaintiff completely sidesteps all of the foreign element of his various claims and the repeated appellate guidance that U.S. copyright laws have no extraterritorial effect. This is pertinent in the analysis for *forum non conveniens* (i.e., choice of law or applicable law) and potentially security for costs (i.e., security to cover potential fees for expert witnesses).

Defendants submit that this action should be transferred to the Federal Court of Canada on the condition Defendants waive jurisdictional or venue objections in that particular court.

Alternatively, Defendants submit that Plaintiff should be required to post security for costs in the amount sought, or another amount this Court finds appropriate. This Court ordered security in a circumstance where the plaintiff provided no evidence of indigency or ability to pay. *Strojnik v. R.F. Weichert V, Inc.*, Case No. 20-cv-00354-VKD, 2022 WL 94924 (N.D. Cal. Jan. 10, 2022), dismissal of the case in 2022 WL 444269 [**Strojnik**] In *Strojnik*, the motion for security for costs was granted *much* later, almost 2 years after the action was filed.

2.  **Plaintiff is Seeking to Create Confusion with the Battery of Discovery Disputes**

In the discovery dispute letter filed yesterday, the Defendants outlined how it is plain that the battery of discovery allegations was brought forward only *after* this motion was filed. See also Declaration of Simon Lin at Exhibits D-E (ECF No. 94-1).

Plaintiff is seeking to create confusion with allegations of spoliation based on claims that

2

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

were <u>not pleaded or contemplated</u> in his Complaint filed June 2025. Plaintiff's tactic is to rely on claims he *added* in November 2025, and then point back to Defendants taking down videos from their YouTube channel in June 2025 as some act of spoliation. Plaintiff ignores this Court's ruling on the *ex parte* application for a protective order, noting that Defendants were removing contents that were not at issue. Plaintiff omitted the critical fact that his Complaint was amended twice, which is crucial to understanding Plaintiff's bald assertions of spoliation:

- **Original Complaint** (ECF No. 1, 06/03/2025): Plaintiff pleaded **one** of Defendant's video infringed **one** of Plaintiff's work (¶32,38). Defendant promptly took down the video, as Plaintiff specifically requested. A copy of the video in question at the time was preserved. A copy of it was produced to the Plaintiff.

- **Amended Complaint** (ECF No. 20, 08/30/2025): Plaintiff adds **two** additional works he claims was infringed in **two** of Defendants' videos (¶35-42). Plaintiff added a new misrepresentation claim under 17 U.S.C. 512(f). **Notably**, this amendment was two months *after* the *ex parte* application was denied.

- **First Amended Complaint** (ECF #39, 11/03/2025): Plaintiff **adds a new count** for TPM circumvention under § 1201. The battery of discovery disputes rests almost entirely on this new count where Plaintiff alleges in paragraph 118 that between 50-100 of his works were downloaded, but does not identify which one.

Plaintiff was fully aware by June 23, 2025 that Defendants took down some videos from YouTube that were not at issue. The whole discovery dispute exercise is Plaintiff's game of attempting to subsequently come up with a list of videos to slot into his November 2025 amendments[1] and retroactively conjure a spoliation claim. Plaintiff is not engaging on the issues in this motion on its substance, but rather relies almost exclusively on a discovery-related distraction.

---

[1] It is unexplained why Plaintiff did not have his list of 68 video titles in November 2025 amendment but came up with them, from unknown sources, only *after* this motion was filed.

3

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

### 3. <u>Evidentiary Objections Have No Merit and Highly Disingenuous</u>

Plaintiff raises two main arguments relating to the evidence, particularly the videos the Defendants provided on this motion. Those objections should be rejected for two reasons.

Firstly, Plaintiff's argument about providing YouTube hyperlinks being impermissible is highly disingenuous. Plaintiff himself provided evidence to this Court by way of hyperlinks to YouTube videos as well (Declaration of Randall Newman, ECF No. 23-1, ¶7).

Secondly, Plaintiff omitted that since November 2025 he had full access to the **entire** video where Plaintiff granted consent to use of his works and Plaintiff's counsel even acknowledged reviewing the video (Supplemental Declaration of Jonathan Hudon-Huneault, Exhibit A; Declaration of Jonathan Hudon-Huneault, ECF No. 91-2, ¶ 10). Plaintiff clearly had no concerns on the authenticity of this video. It is a belated argument to create confusion.

In any event, besides the videos themselves, Defendants' declaration includes a transcription of the verbal statements made in the videos. Plaintiff does not appear to dispute that the text of the transcription reflects what is in the video. To the extent there are any residual concerns of authenticity, the Court can Order that the video files be lodged with the Court on a USB key or otherwise. Of note, the Plaintiff has not filed any evidence to dispute the authenticity of any of the evidence. Plaintiff primarily relies on bald assertions.

### 4. <u>Plaintiff Failed to Rebut the Strong Grounds for Finding *Forum Non Conveniens*</u>

#### i.    *Helping Hands is a Complete Answer to Plaintiffs' Arguments*

Nowhere in their opposition does the Plaintiff refer to *Helping Hands*, a recent Order from Judge Orrick where Plaintiff's counsel was acting for another plaintiff on nearly identical claims. Notably, in *Helping Hands*, Judge Orrick noted the tenuous connections to this District when the only connection is the third-party YouTube where the videos were uploaded:

> *At the Case Management Conference on November 18, 2025, I told the parties that <u>I did not see how this court has jurisdiction: plaintiff is a Colorado corporation, defendant is a resident of Florida, and the only contact with California is that third party YouTube processed takedown notices here</u>. Dkt. No. 12. I ordered that each side submit a five-page brief explaining their jurisdictional theories. The parties have done so. Dkt. Nos. 13, 14.*

4

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

*Helping Hands* was then transferred to a different venue in Florida (see ECF No. 17 in *Helping Hands*). This case also completely answers Plaintiff's reliance on the Joint Case Management Statement standard language referring to jurisdiction and venue. In *Helping Hands,* a nearly identical Joint Case Management Statement containing similar jurisdiction and venue language referring was filed. The Joint Case Management Statement was not an impediment to the Court changing the venue for the case.

In *Helping Hands*, Judge Orrick also noted that the defendant did not waive jurisdiction and venue objections by filing an Answer that included such denial. That is the situation here as well. Defendants expressly denied jurisdiction <u>and</u> venue (ECF No. 57, Answer, ¶ 13-14).

Judge Orrick's approach is also consistent with the jurisprudence that there is <u>no deadline</u> in any rule or statute for raising a motion for *forum non conveniens*. *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir.2009). Defendants raised *forum non conveniens* promptly after retaining new counsel to review their case. There are also clear changes in circumstances *after* the Joint Case Management Statement was filed (i.e., Ms. Ohiri's pregnancy – see Declaration of Jonathan Hudon-Huneault, ECF No. 91-2, ¶ 2). Moreover, Plaintiff overlooked that upon the Defendants retaining new counsel the Defendants did not initiate fresh major steps in the court action, but rather just responding to and completing steps former counsel already initiated. There is also no evidence of *any* prejudice on the part of the Plaintiff if this case simply continues in the Federal Court of Canada. The main assertion the Plaintiff relies on is the alleged inability to retain counsel, which there is <u>no evidence of</u>.

ii.      <u>*Plaintiff Failed to Respond to the Adequacy of the Canadian Forum*</u>

On page 7, lines 7-10, Plaintiff makes the bald assertion that the Defendants have not identified the parallel Canadian claims for DMCA 512(f) or 1201. That is not correct. Defendants clearly outlined on page 6 of their memorandum the parallel provisions in Canadian law for <u>each</u> of the counts in the Complaint. Defendants also outlined, in detail, how other District Courts recognized Canadian courts as an adequate forum for copyright disputes.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

    *iii.*      <u>*No Deference to Plaintiff's Chosen Forum*</u>

Plaintiff is conflating jurisdiction and venue, which is answered in the 2024 Ninth Circuit decision in *Nexon Korea Corporation* decision (Defendants' memorandum on page 3, lines 7-13). Plaintiff admitted on page 8, lines 4-10 that there is <u>no tie to California</u>, except for YouTube's presence. Judge Orrick's comments in *Helping Hands* are apposite: "*the only contact with California is that third party YouTube processed takedown notices here.*"

    *iv.*      <u>*Access to Sources of Proof and Availability of Compulsory Process*</u>

Plaintiff again relies on YouTube's presence in California as a connection to this venue. Plaintiff's position is self-contradictory in two material respects: availability and accessibility.

First, Plaintiff on the one hand seems to claim that he had tried to subpoena YouTube and was realized that the documents requested were not available. However, on the other hand, Plaintiff relies on YouTube's presence in California as a connection to this venue. If YouTube does not have any further evidence to provide, their presence in California is wholly irrelevant. Plaintiff appears to recognize this internal inconsistency since he is couching his submissions with "[t]o the extent relevant platform data, account records, policies, or other materials <u>still exist</u>." (compare Plaintiff's Memorandum on page 10 lines 7-9 with page 4, lines 13-17).

Secondly, Plaintiff asserts that evidence from YouTube would be in the form of electronic documents or data. However, Plaintiff does not explain why it would be more costly for the same electronic documents or data to "travel" to Canada for a trial.

Plaintiff has <u>no evidence</u> that YouTube would not respond to a subpoena from a Canadian court. To the contrary, the Supreme Court of Canada (equivalent of the Supreme Court of the United States) found that Google is within the Canadian courts' jurisdiction and Canadian courts <u>can</u> issue orders against Google. *Google Inc. v. Equustek Solutions Inc.*, 2017 SCC 34 At the trial level, the British Columbia court found that Google was doing business in Canada, and upheld at both appeal courts (*Equustek Solutions Inc. v. Jack*, 2014 BCSC 1063 at paras. 34-65). The same analysis would equally apply to Google's subsidiary, YouTube.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

v.        *Cost of Obtaining Attendance of Witnesses*

Plaintiff makes a bald assertion that this case turns only on electronic data. That is not correct. At minimum, Defendants' implied consent defense requires live testimony from the parties. There are also significant inconvenience and costs for Defendants' entire family. Plaintiff would also need to be compelled to testify on his conduct in telling the Defendants that his videos can be used, and then turning around years later to sue. The other fact witnesses that Defendants seek to depose mostly relate to the defense that this claim is actually a misuse of copyright, a highly fact-driven equitable defense.

vi.       *Other Practical Considerations*

At page 11, lines 10-16 of his Memorandum, Plaintiff overlooks the fact that an application in the Federal Court of Canada can proceed directly to adjudication upon presentation of affidavit evidence (ECF #91-1, Lin Declaration, ¶12, Ex. E). All of the evidence Plaintiff claims to have collected in this court case can be used at the trial in the Federal Court of Canada. Defendants will stipulate that evidence collected in this court case could be admitted in the Federal Court of Canada. There will be no time and resources wasted.

Plaintiff's assertion on page 11, lines 17-22 about spoliation is grasping at straws. The spoliation argument was already raised in June 2025 and rejected even when the application was *ex parte*. There is no evidence of Defendants engaging in spoliation. The record is clear that it is Plaintiff maneuvering his claim to try and retroactively create a spoliation argument.

**5.   Public Interest Factors Do Not Favor Retaining the Case in this District**

Defendants submit that none of the public interest factors the Plaintiff cites would favor retaining this case in California.

i.        *No Local Interest in the Lawsuit as the Only Tie Here is YouTube*

As Judge Orrick noted in *Helping Hands* "*the only contact with California is that third party YouTube processed takedown notices here.*" Plaintiff is, again, simply relying on YouTube's presence and nothing else to argue for a local interest in the lawsuit.

7

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

This Court should exercise special caution in this circumstance. The Plaintiff's position that means that **every** claim involving YouTube works, including foreign works and/or foreign parties, would be litigated in the Northern District of California. It would turn this court into the international court for adjudicating YouTube claims. This would create a substantial burden on this Court and exacerbate the shortage of judicial resources.

ii.    *Plaintiff's Analysis of the Court's Familiarity with Governing Law is Incomplete*

Plaintiff relies on his assertions about U.S. federal Copyright Act §512(f) and §1201. However, Plaintiff sidestepped the foreign elements and superficially simplifies his claim.

§512(f) relates to misrepresentations and §1201 relates to the act of downloading. Both courses of conduct occurred entirely **outside** of the USA, since the Defendants are based in Canada and the alleged conduct was in Canada. Declaration of Jonathan Hudon-Huneault, ECF No. 91-2, ¶ 5. "It is axiomatic that United States copyright law does not apply extraterritorially." *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835 (9th Cir. 1996). "United States' copyright laws have no application to extraterritorial infringement." *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994).

Indeed, in a recent nonprecedential decision, the Ninth Circuit held that downloading of a video stored on a United States server **initiated from abroad** is not within the subject matter jurisdiction of a U.S. district court to adjudicate under the Copyright Act. *Superama Corporation, Inc. v. Tokyo Broadcasting System Television, Inc.*, 830 Fed. Appx. 821, 823–24, 2020 U.S.P.Q.2d 11246, at *2, 2020 WL 6158106, at *2 (9th Cir. 2020) (nonprecedential), cert. denied, 141 S. Ct. 2602, 209 L. Ed. 2d 736, 2021 WL 1725215 (U.S. 2021).

Another District Court also noted that the DMCA has no application if the impugned conduct occurred on foreign soil. *M Seven System Limited v. Leap Wireless International, Inc.*, Case NO. 12-cv-1424-CAB (RBB), 2014 WL 12026065 at *6 (S.D. Cal. June 4, 2014). Plaintiff sidesteps these fundamental territorial and choice of law issues. When this claim is viewed under the proper light, at the trial this Court would likely require foreign law experts

8

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

to assist on Canadian law. This would not be necessary at the Federal Court of Canada and would be a significant saving of time and resources for the parties and the court.

Since Defendants have not pleaded any Canadian copyright laws,[2] Defendants could have waited until the trial to seek a dismissal based on these fundamental territorial deficiencies as U.S. law has no application to conduct that occurs in Canada. However, that would not be efficient use of this Court's resources and would unnecessarily prolong the dispute. Plaintiff failed to turn his mind to the fatal territoriality issues and is merely suing with pleadings that his counsel filed in other copyright cases, cases that have no territorial issues.

In addition to the territoriality of U.S. copyright law, the Defendants' fair use defense is also not limited to fair use under U.S. law only (Supplemental Declaration of Simon Lin, ¶ 2-3 referring to foreign laws when foreign creators are involved). Defendants compiled their videos in Canada. The Court would need to consider whether Defendants' conduct in Canada would satisfy the "fair dealing"[3] defense in Canadian law. This would also require expert evidence on Canadian law and significantly increase the costs of litigation for all parties.

A two-day bench trial is unlikely to be sufficient with these territoriality concerns. The Joint Case Management Statement filed by the parties here appears to be a replica of the one filed in *Helping Hands*, since it involved the same plaintiff and defense counsel.

In sum, this factor actually favors the Defendants.

   iii.    *Significant Burden on Local Courts and Juries and Congestion*

As noted above, Plaintiff's suggested outcome would turn this Court into the international court for adjudicating every YouTube creator dispute. This significantly increases the burden on this Court and any juries that may be summoned in future cases.

---

[2] There is also <u>no pleading</u> in the Complaint that the Defendants' videos targeted U.S.A. residents or whether they had any U.S.A. audience

[3] Fair dealing is the Canadian version of "fair use" which has different considerations - *CCH Canadian Ltd. v. Law Society of Upper Canada*, 2004 SCC 13.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

iv.        *Costs of Resolving a Dispute with Minimal Ties to California*

Plaintiff again relies on YouTube as the sole connection to this venue. This was squarely addressed in *Helping Hands*, including the subsequent venue transfer. Plaintiff also misstated that this case is governed *exclusively* by U.S. federal law. As illustrated above, Canadian law would come into play since the conduct complained of (i.e., misrepresentation and downloading) all having occurred in Canada. Even for the copyright infringement claim (i.e., count 1), there is no pleading in the Complaint that the Defendants' videos targeted U.S.A. residents, nor any pleading that the Defendants had any U.S.A. audience, which are necessary for triggering the application of copyright infringement under U.S. law.

There would be significant costs for expert evidence on both sides to adjudicate claims relating to Canadian law in a non-Canadian forum.

v.        *Defendants' Authorities are Apposite*

Firstly, Defendants are citing the authorities from other districts for the proposition that many courts have found that the Federal Court of Canada is an adequate forum that affords similar relief to a copyright plaintiff. Defendants recognize each case turns on its own facts.

Secondly, Plaintiff admitted on page 8, lines 4-10 that there are no ties to <u>any</u> U.S. jurisdiction, except California where YouTube is headquartered. *Helping Hands* again serves as the complete answer. The Ninth Circuit's recent decision in *Nexon Korea Corporation* also confirms that filing a DMCA counter-notice does not amount to consent to venue. The counter-notice goes through the internet intermediary (i.e., YouTube in this case). Plaintiff's argument is actually inviting this Court to ignore *Nexon Korea Corporation*.

Plaintiff merely repeats his bald assertion of spoliation, which are wholly unsupported. Spoliation is a common law concept that exists in every jurisdiction. To the extent there are any residual concerns, Defendants are prepared to waive any defense to the spoliation argument that relies on the time of filing of the Federal Court of Canada proceedings. In other words, Plaintiff could make the same spoliation argument before the Federal Court of Canada.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

### 6.   **Alternatively, Security for Costs Should be Ordered**

Defendants submit that Plaintiff has failed to rebut the strong reasons for change of venue, in light of *Helping Hands*. Alternatively, Plaintiff should be ordered to post security for costs.

Plaintiff admits he resides out of California and does not dispute that it would be costly for the Defendants to litigate in California. Plaintiff filed no evidence to show his (in)ability to pay. The situation is analogous to ***Strojnik***, where this Court ordered the posting of security two years after the action was filed, which is a complete answer to any objections on timing.

Plaintiff appears to be relying on the fact his Complaint survived 12(b)(6) motion as support that security should not be ordered. Respectfully, that is not the standard to apply for CCP § 1030. Moreover, CCP § 1030 also provides that security can be sought "*at any time*".

Defendants briefly responds below to the main points in the Plaintiff's opposition papers.

#### i.   *Plaintiff Failed to Address the Key Authority on Lack of Standing*

In reply to lines 17-23 of page 16, Plaintiff's position pre-supposes that the "right to sue" is severable from the exclusive rights granted under copyright law, and relies on a decision from a different circuit in 1991. **However**, more recent decisions from the Ninth Circuit all confirm that the "right to sue" does not exist independently of the exclusive rights granted under copyright law (Defendants' Memorandum at pp. 12-13). Plaintiff's position begs the question *how* a "right to sue" can be severed by an assignor when such "right to sue" does not exist independently. In other words, the Plaintiff simply retained no rights as part of the assignment and he therefore has no standing. Plaintiff **failed to address** *Fathers & Daughters Nevada, LLC v. Zhang*, 284 F. Supp. 3d 1160, 1170 (D. Or. 2018) squarely rejecting the proposition that a "right to sue" cannot be retained.

#### ii.   *Plaintiff is Misinterpreting YouTube Terms of Use to Undermine the Ecosystem*

Plaintiff is inviting this Court to misread the YouTube Terms of Use. In reply to page 18, lines 10-15, Defendants are not suggesting that YouTube videos can simply be downloaded in full and then re-uploaded in full under another account. The YouTube Terms of Use clearly

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

provides a license to "use that Content, including….prepare derivative works.." The term "including" confirms the open-endedness of the term "use". The phrase "only as enabled by a feature of the Service.." does not say that screen recording is prohibited. Defendants are not prohibited from the YouTube Terms of Use to screen record their own screen and then prepare derivative works using that private copy of the work.

More fundamentally, **even if** Plaintiff is correct about "only as enabled by a feature of the Service" he sidestepped the fact that this would not be a condition of the copyright license. Rather, it appears to be a mere covenant. This distinction is critical since a breach of condition means there is no license and the copyright owner can claim copyright infringement. Whereas, if it is a covenant, the claim lies in breach of contract only for not abiding by the covenant and there is no claim for copyright infringement. *Jacobsen v. Katzer*, 535 F.3d 1373, 1380 (Fed. Cir. 2008), also *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 125-126 (S.D.N.Y. 2015).

Plaintiff's position strikes at the core of the entire YouTube ecosystem. It is common for "reaction videos" like the Defendants' to be using clips from other videos uploaded to YouTube. *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017). If the YouTube Terms of Use did not permit such forms of usage, it is expected that there would be some court decisions illustrating YouTube seeking enforcement of their Terms of Use. Defendants are aware of none. Indeed, the fact that YouTube reinstated the Defendants' videos despite Plaintiff's complaints about his video being used or copied speaks volumes. If YouTube found that the Defendants' usage was not in compliance with the YouTube Terms of Use, YouTube would not have reinstated the video(s) in question. YouTube clearly did not do so.

iii.    _Strong Defense of Implied License or Equitable Estoppel on the Facts_

Plaintiff's position is undermined, on the facts, by the video where he permitted the Defendants to use his videos (Declaration of Jonathan Hudon-Huneault, ECF No. 91-2, ¶ 10). Plaintiff makes no effort to address his own statements, or provide any evidence rebutting it. Plaintiff only relies on a technical argument challenging the video's authenticity. However,

12

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

Plaintiff's counsel had access to the **full** video since November 2025, and reviewed it without concern for authenticity (Supplemental Declaration of Jonathan Hudon-Huneault, Exhibit A).

This Court need not come to a final conclusion on whether or not there is an implied license. At this stage, Defendants only need a "reasonable possibility" of succeeding on *any* of the potential defenses outlined in their moving papers.

    iv.     *Fair Use Clearly Has "Reasonable Possibility" of Success*

Plaintiff's June 2025 Complaint pleaded one video, and that video was preserved. That video was also represented at the motion to dismiss stage and the Court can clearly assess whether there is a "reasonable possibility" of success. Plaintiff is actually attempting to draw the Court's attention away from the strong evidence of fair use.

In respect of the second video pleaded in this case, of note it was only added on months **later**, and not pleaded in the June 2025 complaint. This is a complete answer to the spoliation argument (i.e., Plaintiff argues that because the video is not available, the Court cannot assess the fair use defense.) Plaintiff overlooked that it is for the moving party to prove infringement. Only if infringement is established would a defendant need to raise a defense such as fair use. In short, Plaintiff's position would necessarily mean that he could not even prove his claim for infringement and there is a "reasonably possibility" of the Defendants succeeding.

    v.     *Plaintiff's Conduct Would Warrant Ordering of Security*

In *Strojnik*, this Court ordered security in a circumstance where the plaintiff provided no evidence of indigency or ability to pay. The same reasoning would apply here. However, there is more in this case. Plaintiff seems to be arguing that he would be foreclosed from pursuing the case if he were to be ordered to post security, but files no evidence to that effect.

There is good reason to believe that the Plaintiff is not being forthright with this Court. On March 3, 2026, in the Plaintiff's criminal case where he was seeking an early termination of his probation, the Plaintiff wrote to Judge Hegarty in the U.S. District Court for Colorado claiming he is financially stable (Supplemental Declaration of Simon Lin, Exhibit C).

13

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

Plaintiff's reliance on *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) is inapposite. He filed no evidence of his financial circumstances, and there is good reason to believe that the assertion of indigency may not be accurate.

This is also not the Plaintiff's only claim before this Court. The Plaintiff, through his holding company, also has two *very similar* copyright claims that is being advanced in this Court (Declaration of Simon Lin, ECF No. 91-1, ¶15-16, Ex. H-I). It is peculiar to be claiming to be indigent but, at the same time, opening multiple court cases involving similar issues.

>        vi.        *Plaintiff's Pending Motion for Attorney's Fees for Anti-SLAPP is Irrelevant*

Firstly, Plaintiff cites no authority suggesting that an undetermined claim for attorney fees could serve as security for costs or stand in lieu of a bond.

Secondly, Plaintiff misstates the law on entitlement to attorney's fees for parties of anti-SLAPP motions. It is not automatic and is within the court's discretion. "[W]here the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c). In making that determination, the critical issue is which party realized its objectives in the litigation." [emphasis added] *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 107

When the claim is essentially the same after an anti-SLAPP motion, save for removal of particular counts, a moving party of an anti-SLAPP motion cannot be said to have "prevailed":

> *To be blunt, defendants' motion accomplished nothing, except that plaintiffs were put to the cost of defending the motion. The possible recovery against defendants did not change. The factual allegations which defendants had to defend did not change. The work involved in trying the case did not change. Defendants's burden concerning their jurisdictional defense did not change. The case was essentially the same after the ruling on the special motion to strike as it was before. The results of the motion were minimal and insignificant, fully justifying the court's finding that defendants should not recover fees.*
>                                                                          [emphasis added]
> *Moran v. Endres* (2006) 135 Cal.App.4th 952, 955, also *Mann v. Quality Old Time Serv., Inc.,* 139 Cal.App.4th 328, 340, 42 Cal.Rptr.3d 607 (2006), *Brown v. Electronic Arts, Inc.*, 722 F. Supp. 2d 1148, 1155-57 (C.D. Cal. 2010)

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD

Plaintiff's special motion to strike implicitly acknowledges that the state law claim for tortious interference added nothing and was already subsumed into the DMCA 512 claim (ECF No. 61, p. 13, lines 1-2). In that sense, the Plaintiff's motion seeking to strike the tortious interference claim "accomplished nothing." The case is essentially the same with, or without, the special motion to strike.

Finally, and in any event, even if attorney's fees are awarded for the anti-SLAPP motion, it would likely be minimal given the stage of that motion. It would not suffice to cover the Defendants' request for security. Plaintiff's opposition to the quantum of security rests on the argument that the Defendants' proposed quantum consists mainly of attorney's fees that are discretionary under the Copyright Act, and not mandatory (Plaintiff's Memorandum at p. 27, lines 17-22). CCP § 1030 is a **complete answer**:

> *(a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "<u>attorney's fees</u>" means reasonable attorney's fees a party <u>**may be authorized to recover**</u> by a statute apart from this section or by contract.*

[emphasis added]

Evidently, security under CCP § 1030 is not limited to attorney's fees that are *mandatory* for the prevailing party, but extends to attorney's fees a party **may be authorized** to recover. In other words, discretionary awards of attorney's fees can also be secured under CCP § 1030.

### 7. <u>Conclusion and Relief Sought</u>

Defendants respectfully submit that *forum non conveniens* has been established and the Plaintiff should be referred to the Federal Court of Canada.

Alternatively, Defendants submit that Plaintiff should be required to post security for costs in the amount sought, or another amount this Court finds appropriate

Respectfully submitted,

Date: March 31, 2026                          By: _____

Simon Lin – State Bar No. 313661

15

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION FOR *FORUM NON CONVENIENS* OR SECURITY FOR COSTS
Case Number: 5:25-cv-04685-VKD