UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HUNEAULT, et al.,<br><br>Defendants. | Case No.  25-cv-04685-VKD<br><br>**ORDER RE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' THIRD COUNTERCLAIM AND DEFENDANTS' NOTICE OF VOLUNTARY DISMISSAL OF SAME**<br><br>Re: Dkt. Nos. 61, 62, 63 |

This action concerns a dispute between plaintiff Christopher J. Cordova, owner and operator of a YouTube channel called "Denver Metro Audits," and defendants Jonathan Huneault, Nneka Ohiri, and 14693663 Canada Inc. ("Canada Inc."), owners and operators of a YouTube channel called "Frauditor Troll Channel."  Dkt. No. 39 ¶¶ 17, 19-21.  In the operative complaint, Mr. Cordova asserts three claims against defendants: (1) copyright infringement of two copyrighted videos, *Another Chad* and *Belmar Library*, in violation of 17 U.S.C. § 501; (2) misrepresentation in DMCA counter-notices, in violation of 17 U.S.C § 512(f); and (3) unlawful circumvention of technological measures, in violation of 17 U.S.C. § 1201(a).  *Id.* ¶¶ 85-106, 113-123.  In response, defendants answered and asserted three counterclaims against Mr. Cordova.  Dkt. Nos. 57, 58.  This order addresses Mr. Cordova's motion to strike defendants' third counterclaim under California's anti-SLAPP[1] statute, Cal. C.C.P. § 425.16 (Dkt. No. 61), defendants' notice of voluntary dismissal of that counterclaim (Dkt. No. 62), and Mr. Cordova's request for clarification (Dkt. No. 63).  The Court finds these matters suitable for resolution

[1] "SLAPP" is an acronym for "Strategic Lawsuit Against Public Participation."

without oral argument.  *See* Civil L.R. 7-1(b).

Upon consideration of the moving and responding papers, the Court construes defendants' notice of voluntary dismissal as a motion for leave to amend their counterclaim to withdraw the third counterclaim, and grants the motion for leave to amend.  This amendment moots Mr. Cordova's anti-SLAPP motion, but does not preclude Mr. Cordova from filing a motion for an award of attorneys' fees and costs under that statute.

## I.    BACKGROUND

On January 6, 2026, defendants filed an answer to the operative complaint and a counterclaim asserting three counterclaims against Mr. Cordova for (1) bad faith misrepresentation in DMCA takedown notices in violation of 17 U.S.C. § 512(f), (2) declaratory judgment of non-infringement of copyright, and (3) tortious interference with prospective economic advantage. Dkt. Nos. 57, 58.

On January 13, 2026, Mr. Cordova filed a motion to strike defendants' third counterclaim pursuant to California's anti-SLAPP statute.  Dkt. No. 61.  On the same date, defendants filed a "notice of voluntary dismissal" without prejudice of the third counterclaim, "pursuant to Federal Rule of Civil Procedure 41(a)."  Dkt. No. 62 at 1-2.  Defendants assert that Mr. Cordova filed his anti-SLAPP motion without first conferring with them in an effort to resolve his objection to the third counterclaim.  *Id.* at 2-3.  They argue that the Court should find their voluntary dismissal moots Mr. Cordova's motion to strike and eliminates his entitlement to any attorneys' fees and costs under the fee-shifting provisions of the anti-SLAPP statute.  *Id.* at 4.

On January 14, 2026, Mr. Cordova filed a response to defendants' "notice of voluntary dismissal" indicating he does not oppose dismissal of defendant's third counterclaim, but objecting to defendants' request for an order eliminating his opportunity to seek attorneys' fees and costs.  Dkt. No. 63.  Mr. Cordova requests an order "clarifying the procedural effect" of defendants' dismissal of the third counterclaim and requesting confirmation that Mr. Cordova has a right to seek attorneys' fees and costs in connection with his motion to strike.  *Id.* at 3.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

## II.    DISCUSSION

### A.    Defendants' Voluntary Dismissal of Third Counterclaim

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by (1) filing a notice of voluntary dismissal before a defendant has filed an answer or moved for summary judgment, or (2) filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Rule 41(c) makes Rule 41(a)(1)(A)(i) applicable to dismissal of a counterclaim.  *See* Fed. R. Civ. P. 41(c).  Rule 41(c) provides that a claimant may voluntarily dismiss a counterclaim "under Rule 41(a)(1)(A)(i)" before a responsive pleading is served or, if there is no responsive pleading, before evidence is introduced at a hearing or trial.  Fed. R. Civ. P. 41(c)(1), (2).

Here, defendants do not attempt to voluntarily dismiss all of their counterclaims against Mr. Cordova, but only the third counterclaim for tortious interference with prospective economic advantage.  However, just as Rule 41(a) only permits voluntary dismissal of an entire "action," Rule 41(c) only permits voluntary dismissal of an entire "counterclaim"; these Rules do not apply to efforts to dismiss an individual claim or counterclaim.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 687 (9th Cir. 2005) (Rule 41(a)(1) does not allow for "piecemeal dismissals" of individual claims against a defendant); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) (Rule 41(a)(1) prohibition against "piecemeal dismissals" extends to efforts to dismiss fewer than all counterclaims).  As the Ninth Circuit has repeatedly held, a motion for leave to amend under Rule 15(a) is the "appropriate mechanism" where a party seeks to eliminate one or more but fewer than all claims against an adverse party.  *See Hells Canyon*, 403 F.3d at 688 (citing cases).  Accordingly, the Court construes defendants' "notice of voluntary dismissal" as a motion for leave to amend their counterclaim to withdraw the third counterclaim asserted against Mr. Cordova.

Rule 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the "touchstone of the inquiry under [R]ule 15(a)" and "carries the greatest weight" among the several factors that a court considers. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Mr. Cordova does not oppose defendants' withdrawal of the third counterclaim, and he agrees that "no further adjudication of [that counterclaim] is necessary." Dkt. No. 63 at 1. The Court agrees that leave to amend is warranted here. Accordingly, the Court grants defendants' motion for leave to amend their counterclaim to withdraw the third counterclaim for tortious interference with prospective economic advantage, without prejudice.

### B. Mr. Cordova's Request for Clarification

Defendants contend that their withdrawal of the third counterclaim moots Mr. Cordova's motion to strike that counterclaim, and that as a consequence, Mr. Cordova is not entitled to seek attorneys' fees and costs as a "prevailing party" under the anti-SLAPP statute. Dkt. No. 62 at 3-4. Mr. Cordova agrees that his motion to strike is moot—i.e., it need not be adjudicated on the merits—but he disagrees that this extinguishes his ability to seek attorneys' fees and costs under the anti-SLAPP statute. Dkt. No. 63 at 3.

"Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a cause of action arising from constitutionally protected speech or petitioning activity." *Barry v. State Bar of Cal.*, 2 Cal.5th 318, 320 (Cal. 2017) (citing Cal. C.C.P. § 425.16(b)(1)). The anti–SLAPP statute is designed to allow the early dismissal of meritless claims aimed at chilling expression through costly, time-consuming litigation. *Verizon Delaware, Inc. v. Covad Comms. Co.,* 377 F.3d 1081, 1090 (9th Cir. 2004). The statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." Cal. C.C.P. § 425.16(c)(1); *see also Plevin v. City & Cnty. of San Francisco*, No. 11-cv-2359 MEJ, 2013 WL 2153660, at *6 (N.D. Cal. May 16, 2013) ("The fee provision of the anti-SLAPP statute applies in federal court.").

A party that files an anti-SLAPP motion to strike may "prevail" even if the court does not

actually grant the motion. Where a party dismisses the challenged claim or lawsuit before the court rules on a pending motion to strike, the mooting of the merits of the motion does not necessarily prevent the movant from recovering attorney fees. *See Run the World Inc. v. Jiang*, No. 23-cv-03130-AMO, 2025 WL 948059, at *2 (N.D. Cal. Mar. 28, 2025) (quoting *Law Offices of Bruce Altschund v. Wilson*, 632 Fed. App'x. 321 (9th Cir. 2015) (unpublished)), *appeal dismissed*, No. 25-2785, 2025 WL 2158806 (9th Cir. May 30, 2025). "[W]here the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under [§ 425.16(c)]." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (Cal. Ct. App. 1998).

Here, Mr. Cordova's motion to strike is moot. While Mr. Cordova is not automatically entitled to prevailing party status simply because defendants voluntarily withdrew their counterclaim after he filed the motion to strike, Mr. Cordova may, if he wishes, file a motion demonstrating his entitlement to an award of fees and costs and the quantum of such fees and costs. The motion must comply with the requirements of the anti-SLAPP statute and other applicable authority, the Federal Rules of Civil Procedure, and this District's Local Rules.

## III. CONCLUSION

For the reasons provided, the Court grants defendants leave to amend their counterclaim to withdraw the third counterclaim. Mr. Cordova may file a motion for an award of attorneys' fees and costs under the anti-SLAPP statute.

**IT IS SO ORDERED.**

Dated: April 8, 2026

Virginia K. DeMarchi
United States Magistrate Judge

*United States District Court*
*Northern District of California*

5