UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. CORDOVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN HUNEAULT, et al.,<br><br>Defendants. | Case No.  25-cv-04685-VKD<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS FOR FORUM<br>NON CONVENIENS AND MOTION TO<br>REQUIRE PLAINTIFF TO POST<br>BOND**<br><br>Re: Dkt. No. 91 |

Defendants Jonathan Huneault, Nneka Ohiri, and 14693663 Canada Inc. ("Canada Inc.") (collectively, "defendants") move to dismiss this action based on the doctrine of *forum non conveniens*.  Dkt. No. 91.  In the alternative, defendants ask the Court to require plaintiff to post a bond.  *Id.*  Plaintiff Christopher Cordova opposes the motions.  Dkt. No. 100.  The Court held a hearing on the matter on April 14, 2026.[1]  Dkt. No. 114.

Upon consideration of the moving and responding papers, and the oral arguments presented, the Court denies defendants' motion to dismiss for *forum non conveniens* and alternative motion to require Mr. Cordova to post a bond.

## I.    BACKGROUND

Mr. Cordova initiated this action against Mr. Huneault on June 3, 2025.  Dkt. No. 1.  The operative complaint initially asserted four claims against all defendants: (1) copyright infringement of two copyrighted videos, *Another Chad* and *Belmar Library*, in violation of 17 U.S.C. § 501; (2) misrepresentation in DMCA counter-notices, in violation of 17 U.S.C. § 512(f);

---

[1] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 34, 56.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

(3) a declaration that defendants' use of a third video, *Courthouse Fail*, does not qualify as fair use under 17 U.S.C. § 107; and (4) unlawful circumvention of technological measures, in violation of 17 U.S.C. § 1201(a). Dkt. No. 39. After the Court granted in part and denied in part defendants' motion to dismiss, only claims 1, 2, and 4 remain. *See* Dkt. No. 65.

On March 10, 2026, defendants filed a second motion to dismiss the entire action for *forum non conveniens*. Dkt. No. 91. In the alternative, defendants request that the Court order Mr. Cordova to post a bond in the amount of $135,619.75 with the Clerk of the Court pursuant to Civil Local Rule 65.1-1 and California Code of Civil Procedure § 1030. *Id.*

## II.    MOTION TO DISMISS FOR FORUM NON CONVENIENS

### A.    Legal Standard

Courts considering a motion for dismissal on the ground of *forum non conveniens* must decide "whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's inconvenience . . . ." *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)). *Forum non conveniens* is "an exceptional tool to be employed sparingly." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Defendants face a "heavy burden of proof" in showing that an adequate alternative forum exists where the plaintiff is a United States citizen. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). "Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case. That inconveniences plaintiffs in several respects and even 'makes it possible for [plaintiffs] to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 n.8 (2013) (citations omitted); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) ("The doctrine of forum non conveniens is a drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case.").

When ruling on a motion to dismiss for *forum non conveniens*, courts must consider (1) the availability of an adequate alternative forum and (2) whether the balance of private and public

interest factors favors dismissal.  *Lueck*, 236 F.3d at 1142 (citing *Piper Aircraft*, 454 U.S. at 254 n.22).

**B.    Discussion**

Defendants move to dismiss this case for *forum non conveniens* on the following grounds: (1) the Federal Court of Canada is an adequate alternative forum; (2) the private interest factors favor the Canadian forum; and (3) the public interest factors favor the Canadian forum.  Dkt. No. 91.  Mr. Cordova responds that defendants fail to meet their burden to establish that Canada is an adequate alternative forum and that the private and public interest factors favor dismissal.[2]  Dkt. No. 100.

**1.    Adequate alternative forum**

"The first requirement for a forum non conveniens dismissal is that an adequate alternative forum is available to the plaintiff."  *Lueck*, 236 F.3d at 1143.  "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy."  *Carijano*, 643 F.3d at 1225; *see also Lueck*, 236 F.3d at 1143.  "[T]he requirement that the alternative forum provide some remedy for plaintiff's complained of wrong is easy to pass; typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all."  *Carijano*, 643 F.3d at 1225-26 (internal quotations omitted; citation omitted).  Conversely, an alternative forum would be inadequate if, for example, it "does not permit litigation of the subject matter of the dispute."  *Piper Aircraft*, 454 U.S. at 254 n.22.

With respect to the first prong of the adequacy analysis, defendants have not addressed the "threshold test" of whether they are amenable to service of process in Canada.  *See Ceramic Corp. of Am. v. Inka Mar. Corp. Inc.*, 1 F.3d 947, 949 (9th Cir. 1993); *City of Almaty v. Khrapunov*, 685 F. App'x 634, 635 & n.1 (9th Cir. 2017) (holding it was abuse of discretion for district court to find an adequate alternative forum where "[d]efendants failed to establish amenability to service

---

[2] Mr. Cordova also raises evidentiary objections to exhibits that defendants filed in conjunction with the motion.  *See* Dkt. No. 100 at 5-6.  As the Court finds it unnecessary to consider these exhibits in deciding the motion, it does not address Mr. Cordova's evidentiary objections here.

United States District Court
Northern District of California

of process"). Indeed, the record reflects that defendants initially represented that they were subject to service in New York, which turned out to be false. *See* Dkt. No. 26 at 4; Dkt. No. 39 ¶ 62; Dkt. No. 43-2 ¶¶ 20-22. However, as defendants now assert that they reside in Ontario, Canada, *see* Dkt. No. 91 at 8, the Court will assume that they are subject to service of process there.

Regarding the second prong of the adequacy analysis, defendants argue that Canadian law affords Mr. Cordova adequate remedies for his claims.[3] Dkt. No. 91 at 4. Defendants rely on *Creative Technology, Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995) and *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991). *See* Dkt. No. 91 at 3-7. In *Creative Technology*, the Ninth Circuit affirmed the dismissal of a copyright case on the ground of *forum non conveniens* in favor of a Singaporean forum. *Creative Tech.*, 61 F.3d at 698-99. In deciding whether Singapore was an adequate forum, the Ninth Circuit held that the "Singapore Copyright Act offers [plaintiff] an adequate alternative remedy independent of United States copyright law," and even if it did not, the court held that "the High Court of Singapore would be free to apply United States copyright law." *Id.* at 701. In *Lockman Foundation*, the Ninth Circuit held, in the context of a trademark dispute, that the potential inability to litigate RICO and Lanham Act claims in a Japanese court did "not preclude forum non conveniens dismissal" where the plaintiff might still recover on "tort and contract claims." *Lockman Found.*, 930 F.2d at 769.

Here, the Court agrees that Canada would likely afford Mr. Cordova adequate and comparable remedies for his claims, were he to bring them in Canada. Other courts in this Circuit have found that Canada is an adequate alternative forum for similar copyright and copyright-related disputes. *See, e.g., Cinematix, LLC v. Einthusan*, No. 19-cv-02749-EMC, 2020 WL

---

[3] Defendants contend that Canadian copyright law applies to Mr. Cordova's claims because "[t]he alleged conduct all occurred in Canada." Dkt. No. 91 at 1, 5, 9. However, the operative complaint clearly asserts claims only under U.S. law, not Canadian law, and there is no choice of law question presented. *See* Dkt. No. 39. While Mr. Cordova's allegations may raise some extraterritoriality concerns, defendants have not moved to dismiss on this basis, nor would such motion likely succeed. *See id.* ¶ 15 (alleging that the events giving rise to Mr. Cordova's claims "occurred here and the infringing content was published and distributed via YouTube, which maintains its principal place of business in this District"); *see also* Dkt. No. 100 at 8 (Mr. Cordova arguing that this "case arises from [d]efendants' use of YouTube, a U.S.-based platform, their submission of DMCA counter-notifications under U.S. law, and the resulting restoration and exploitation of content in the United States.").

United States District Court
Northern District of California

227180, at *2 (N.D. Cal. Jan. 15, 2020) (holding Canada was an adequate alternative forum because "Canadian copyright law is substantially similar to U.S. copyright law" and plaintiffs did not "argue[] that a court in Canada cannot apply United States copyright law."); *but see Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1372 (Fed. Cir. 2016) (finding Canada would not be an adequate alternative forum where there was "no evidence in the record that any act of alleged infringement occurred in Canada" and defendants failed to provide evidence that the Canadian Copyright Act "provides a remedy for extraterritorial infringement"). Mr. Cordova contends defendants have not identified a "Canadian analogue to the DMCA [§] 512(f) misrepresentation claim or the § 1201 anti-circumvention claims," Dkt. No. 100 at 7, but the doctrine of *forum non conveniens* does not require that an *identical* cause of action be available in the alternative forum. *See Lockman Found.*, 930 F.2d at 768 (holding unavailability of RICO and Lanham Act claims did "not furnish a sufficient reason to preclude dismissal"); *see also Great Bowery Inc. v. Valnet, Inc.*, 812 F. Supp. 3d 338, 355 (S.D.N.Y. 2025) (holding Canada was adequate alternative forum because "Canada's adequacy as a forum does not depend on whether it offers identical causes of action or identical remedies to United States courts").

Accordingly, the Court finds that Canada is an adequate alternative forum, assuming defendants are amenable to service of process in Ontario, Canada.

### 2. Balance of private interests

The material private interest factors relevant to a *forum non conveniens* analysis are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Lueck*, 236 F.3d at 1145 (citation omitted).

The first private interest factor requires the Court to consider the residence of the parties and witnesses. With regard to the residence of the parties, Mr. Cordova is a United States citizen[4]

---

[4] At the motion hearing, Mr. Cordova's counsel confirmed that Mr. Cordova is a United States citizen. Dkt. No. 114.

United States District Court
Northern District of California

United States District Court
Northern District of California

and a resident of Colorado.  Dkt. No. 39 ¶ 17.  Defendants are two individuals and a corporation, and all are residents of Canada.  *Id.* ¶¶ 19-21.  Mr. Cordova argues that his choice of a domestic forum is entitled to deference.  Dkt. No. 100 at 7-9.

Citing *Gemini Capital Group, Inc. v. Yap Fishing Corporation*, 150 F.3d 1088, 1091-92 (9th Cir. 1998), defendants argue that because no party resides in California, this factor favors dismissal unless *plaintiff* "show[s] that the balance of convenience militates against bringing suit in the Federal Court of Canada."  Dkt. No. 91 at 7-8.  Defendants rely on an incorrect interpretation of *Gemini Capital*.  The Ninth Circuit has since clarified the holding in that case, explaining: "*Gemini Capital* did not hold that an American citizen suing in a state other than his state of residence deserves no more deference than a truly 'foreign' plaintiff (i.e., someone who is not a United States citizen or resident)."  *Boston Telecomms. Grp.,* 588 F.3d at 1207 (quoting *Ravelo Monegro*, 211 F.3d at 514).  In *Boston Telecommunications*, the plaintiff, a United States citizen and New Hampshire resident, brought an action against several defendants, including a Slovakian entity, in the Northern District of California.  *Id.* at 1205, 1207.  The district court concluded that, in these circumstances, the parties' residence was a neutral factor.  *Id.* at 1207.  The Ninth Circuit reversed the district court's dismissal of the action, finding that it had given insufficient deference to the plaintiff's choice of forum, among other things.  *Id.* ("Although [plaintiff] would stand in a stronger position were he a California resident, [plaintiff] is a citizen and resident of the United States and his choice of forum is therefore entitled to more deference than that shown by the district court.").

Here, Mr. Cordova is a United States citizen and resident suing in a United States forum, and his choice of this forum is entitled to deference, albeit less than if he were a California resident.  Importantly, there is no indication that Mr. Cordova has engaged in forum shopping; rather, he filed suit in this District because defendants submitted DMCA counter-notices in which they expressly consented to jurisdiction in this District.  *See* Dkt. No. 100 at 9; Dkt. No. 11-1 ¶ 13, Ex. G (defendants' DMCA counter-notice).  Thus, the residence of the parties weighs against dismissal.

With respect to the residence of witnesses, defendants argue that because none of the

United States District Court
Northern District of California

relevant witnesses resides in California, this factor favors dismissal. Dkt. No. 91 at 8. However, the seven witnesses defendants intend to depose do not reside in Canada either. In fact, according to Mr. Cordova, all seven reside in the United States, even though none reside in California. *See* Dkt. No. 91 at 8; Dkt. No. 91-1 ¶ 19; Dkt. No. 100 at 10. However, neither plaintiff nor defendants explain why any of these witnesses' testimony is relevant to any party's claim or defense, or whether their live testimony at trial would be required. Accordingly, the residence of witnesses consideration is neutral.

Turning to the second private interest factor, the forum's convenience to the litigants, defendants do not explain how litigating in Canada, a foreign forum, would be more convenient than litigating in California for Mr. Cordova. Indeed, defendants assert in support of their alternative bond motion that Mr. Cordova has "limited financial means," which suggests that litigating in a foreign country is likely to be more burdensome for Mr. Cordova than litigating in the United States. *See* Dkt. No. 91 at 11. Defendants' principal contention is that dismissal is warranted because defendant Ohiri is pregnant and it would be "a significant inconvenience for both parents [Ms. Ohiri and Mr. Huneault] to travel to California for a trial with an infant."[5] *Id.* at 8. The Court recognizes that "litigation is *generally* an inconvenience for people," and that it may be especially inconvenient for those with caretaking obligations. *See Future Roots, Inc. v. YEAR0001 AB*, No. 23-cv-6825-GW-ASX, 2024 WL 5466470, at *8 (C.D. Cal. Nov. 20, 2024) (holding that defendant's argument that he has a "months-old child in his care" and that his traveling to California "would greatly affect [his] child's life and daily routines" did not weigh in favor of dismissal for *forum non conveniens*). However, there is no need for individual parties to travel to the Northern District of California for any court proceedings other than for trial, and as for trial, defendants are welcome to seek reasonable accommodations to address their parenting obligations at the appropriate time. This factor weighs against dismissal.

Defendants argue that the third, fourth, and fifth factors (access to proof, compelling of

---

[5] At the motion hearing, defendants' counsel confirmed that Ms. Ohiri's pregnancy is the only *new* circumstance since the filing of the action more than ten months ago that makes this forum inconvenient for defendants. Dkt. No. 114.

unwilling witnesses, and cost of bringing witnesses to trial) are neutral. Dkt. No. 91 at 8. Mr. Cordova responds that these factors weigh against dismissal because copies of the videos at issue and platform-related data are likely to be maintained by YouTube, which is subject to compulsory process in this District; defendants intend to depose seven witnesses who reside in the United States; and the availability of remote depositions and video testimony options minimize any travel burdens that witnesses may face. Dkt. No. 100 at 9-11. The Court agrees with Mr. Cordova that the access of proof factor weighs against dismissal as YouTube may be a material non-party and it is subject to compulsory process in this District. As to the need to compel unwilling witnesses to testify and the cost of bringing witnesses to trial, the Ninth Circuit has advised that courts considering these factors "should evaluate the materiality and importance of the anticipated . . . witnesses' testimony and then determine their accessibility and convenience to the forum," rather than simply "the number of witnesses . . . in each locale." *Boston Telecomms. Grp.*, 588 F.3d at 1209 (quoting *Lueck*, 236 F.3d at 1146). The parties have not presented any information on this point. Defendants identify seven witnesses they intend to depose, but they do not explain who they are, what information each is expected to have, or whether any of them are unwilling to come to trial. *See id.* at 1210 (finding the private interest factors relating to witnesses weighed against dismissal where the defendant did not provide "information sufficient to assist the court in assessing the 'materiality and importance' of each witness" (citation omitted)); *see also Carijano*, 643 F.3d at 1231 ("[T]he initial question is not whether the witnesses are beyond the reach of compulsory process, but whether it has been alleged or shown that witnesses would be unwilling to testify."). In addition, although defendants reside in Ontario, Canada, Dkt. No. 91 at 8, they have not shown that the burden of travel (independent of their parenting obligations) between their residence in Ontario, Canada and San Jose, California—a major metropolitan area with an airport within four miles of the courthouse—for the limited purpose of participating in the trial would be so great as to warrant dismissal of this action. The Court finds that while the third factor weighs slightly against dismissal, the fourth and fifth factors are neutral.

With respect to the sixth factor, defendants contend that a judgment of this Court would not be enforceable in Canada, and that "such a judgment . . . would necessarily need to be re-

8

United States District Court
Northern District of California

litigated in some fashion in Ontario, with possibly further appeals, before the judgment can be recognized." Dkt. No. 91 at 8. While defendants are correct that the United States is not a party to any treaty expressly providing for the recognition or enforcement of U.S. judgments in foreign countries, *see* Dennis Hranitzky, *International Execution Against Judgment Debtors* § 79:3 (Apr. 2026 Update), they cite no legal authority or expert testimony in support of their argument that burdensome "re-litigation" of Mr. Cordova's claims in Canada would be necessary in order to enforce a judgment rendered in this District. To the contrary, at least one secondary source describes Canada as "one of the easiest countries in which to obtain recognition and enforcement of a U.S. judgment." David Wemhoff, *The Enforcement of Foreign Country Money Judgments: An Overview*, 70 Fed. Law. 42, 47 (Summer 2023). Other courts that have addressed this question have found that "[j]udgments rendered by United States District Courts and Canadian courts are enforceable in both countries." *Juniper Networks, Inc. v. Andrade*, No. 20-cv-02360-BLF, 2021 WL 3514103, at *9 (N.D. Cal. Aug. 10, 2021) (citing cases); *cf. Great Bowery*, 812 F. Supp. 3d at 361 (relying on Canadian law expert declaration for the proposition that "any judgment obtained here is not automatically enforceable against [defendant] in Canada because [plaintiff] would first need to have that judgment 'homologated,' that is, recognized by a Canadian court."). Accordingly, this factor is neutral.

The final consideration is a catchall factor: "all other practical problems that make trial of a case easy, expeditious and inexpensive." The Court has presided over this case for more than ten months during which time it has addressed several motions to dismiss or strike, conducted an initial case management conference with the parties, and entered a scheduling order. Defendants' belated request for dismissal, if granted, would require Mr. Cordova to initiate an entirely new action in a different forum. It is difficult to see how such an outcome would promote the "easy, expeditious and inexpensive" resolution of this dispute.

On balance, the private interest factors either weigh against dismissal or are neutral; none favor dismissal.

### 3.   Balance of public interests

The relevant public interest factors include: (1) local interest of the lawsuit; (2) the court's

United States District Court
Northern District of California

familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to the forum. *Lueck*, 236 F.3d at 1147 (citations omitted).

As to the first factor, the United States has an interest in enforcing U.S. law to protect copyrighted material developed here. *See Cadence Design Sys., Inc. v. Yunjing Intel. Innovation (Shenzhen) Co.*, No. 25-cv-00317-AMO, 2026 WL 751167, at *9 (N.D. Cal. Mar. 17, 2026). As noted above, Mr. Cordova is a United States citizen but lives in Colorado, not California. On the other hand, defendants are Canadian residents, and therefore Canada undoubtedly also has an interest in this action. In addition, defendants correctly observe that the only connection this District has to the dispute is that YouTube, the service provider on whose platform the parties published the videos at issue in this case, is headquartered in this District, and the DMCA counter-notices defendants submitted using YouTube's procedures required them to consent to jurisdiction in this District. *See* Dkt. No. 108 at 7-8; Dkt. No. 39 ¶ 16. While this District does not have a strong local interest in this action, the United States does, and Canada's interest is not so strong as to overcome the deference owed a U.S. resident's choice of forum. Given these competing interests, the Court considers this factor neutral.

As to the second factor, "California federal courts are well accustomed to interpretation of [U.S. copyright] law." *Cadence Design Sys.*, 2026 WL 751167, at *9. While Canadian courts could also apply U.S. law, they have less familiarity with that law than domestic federal courts. Indeed, defendants principally argue that if the action were dismissed and re-filed in Canada, Mr. Cordova would need to assert different claims under Canadian copyright and unfair competition laws. On balance, the second factor weighs against dismissal.

As to the third and fourth factors, this case imposes no particular additional burden on the Court or a jury,[6] and "[w]hile the Northern District of California is a busy forum, there is no overwhelming problem of court congestion." *See Eventbrite, Inc. v. Loranger*, No. 19-cv-04083-RS, 2019 WL 11499335, at *5 (N.D. Cal. Nov. 19, 2019). Indeed, this case has already been

---

[6] Here, there would be no burden on a jury as this case is set for a bench trial before the Court. *See* Dkt. No. 41.

United States District Court
Northern District of California

actively litigated by all parties in this District for over ten months and is progressing through discovery. Accordingly, these factors weigh against dismissal.

Finally, as to the fifth factor, the costs to the parties associated with resolving their disputes in this forum are difficult to identify at this time or to compare accurately with the costs of resolving their disputes in Canada. Defendants do not even address this factor in their opening motion. *See* Dkt. No. 91 at 9 (discussing public interest factors). While litigating in this District may be more expensive for defendants than litigating in Canada, it is likely less expensive for Mr. Cordova. For this reason, the Court finds this factor is neutral.

On balance, the public interest factors either weigh against dismissal or are neutral; none favor dismissal.

### 4.    Defendants' Other Arguments

#### a.    *Helping Hands*

In their reply, defendants argue for the first time that dismissal of this case is warranted because a different case in this District was recently transferred to the Northern District of Florida. Dkt. No. 108 at 4-5 (citing *Helping Hands for Dignity Coal. v. Gurka*, No. 25-cv-06750-WHO, 2025 WL 3558845 (N.D. Cal. Dec. 11, 2025)). In *Helping Hands*, the plaintiff, a Colorado corporation, sued the defendant, a Florida resident, for a declaration of copyright infringement and misrepresentation in counter-notices under the DMCA in the Northern District of California. *Helping Hands*, No. 25-cv-06750-WHO, Dkt. No. 1 (N.D. Cal. Aug. 11, 2025). The defendant in that case did not file a Rule 12(b) motion challenging personal jurisdiction or venue, but instead included those objections in his answer. *Id.*, Dkt. No. 8 ¶¶ 13-14 (N.D. Cal. Oct. 10, 2025). The district court ordered the parties to brief whether the court had personal jurisdiction over the defendant. After concluding it did not, the district court transferred the action to the Northern District of Florida. *Id.*, Dkt. No. 19 (N.D. Cal. Jan. 14, 2026).

*Helping Hands* is plainly distinguishable. Unlike *Helping Hands*, this case involves foreign defendants, and neither party contends that the case could or should be transferred to a different *U.S.* venue. *Helping Hands* also did not involve *forum non conveniens*, but rather personal jurisdiction. *See Helping Hands*, No. 25-cv-06750-WHO, Dkt. No. 19 (N.D. Cal. Jan.

11

14, 2026) (transferring case pursuant to 28 U.S.C. § 1631, provision governing "transfer to cure want of jurisdiction"). Here, defendants failed to raise any objection to personal jurisdiction or venue in their first responsive pleading—i.e., the Rule 12(b) motion they filed on November 24, 2025. *See* Dkt. No. 43 (first motion to dismiss raising only Rule 12(b)(1) and Rule 12(b)(6) arguments). Defendants objected to personal jurisdiction and venue for the first time in their *subsequently* filed answer. *See* Dkt. No. 57 ¶¶ 15-16. Unlike the defendant in *Helping Hands,* defendants here waived their personal jurisdiction and venue defenses by not timely raising them. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding defendant waived personal jurisdiction defense because "if [defendant] raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h)"), *as amended on denial of reh'g* (Nov. 1, 2000); 5B Wright & Miller's Federal Practice and Procedure § 1352 (4th ed. Apr. 2026 Update) ("If the defendant interposes a pre-answer motion that fails to object to venue or, absent a pre-answer motion, does not assert a venue objection with specificity in the answer, he effectively has waived any right to obtain a dismissal on the ground of lack of venue."); *Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991) ("Under Rule 12(h)(1), defendants wishing to raise improper venue as a defense must do so in their *first defensive move*." (citation omitted)).

Conversely, defendants' motion to dismiss on *forum non conveniens* grounds is not subject to waiver under Rule 12(h). *See Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*, No. 01-cv-4203 MMC, 2003 WL 22682483, at *3 (N.D. Cal. Nov. 10, 2003) ("A motion to dismiss based on forum non conveniens is not the same as a motion to dismiss for improper venue. . . . The doctrine of forum non conveniens is based on the inconvenience of the chosen venue, not the impropriety of venue under the federal venue statutes." (citations omitted)); *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 766 (N.D. Cal. 2004) ("[A] motion to dismiss on forum non conveniens grounds is not a motion to dismiss for improper venue under Rule 12(b)(3) and is therefore not subject to waiver under Rule 12(h)."). For this reason, *Helping Hands* does not inform the resolution of this motion.

United States District Court
Northern District of California

12

### b. *Nexon Korea*

Defendants contend dismissal is warranted because of a Ninth Circuit decision affirming a district court's dismissal of a case that purportedly presents "the same situation." Dkt. No. 91 at 3 (citing *Nexon Korea Corp. v. Ironmace Co.*, No. 23-35600, 2024 WL 3493002 (9th Cir. July 22, 2024)). Defendants' reliance on *Nexon Korea* is misplaced because that decision simply states that consenting to personal jurisdiction in a district in a DMCA counter-notice does not waive an objection based on *forum non conveniens*. *See Nexon Korea*, 2024 WL 3493002, at *2. However, no one contends that defendants waived their *forum non conveniens* objection. While delay in moving to dismiss for *forum non conveniens* does not operate as a waiver, it "weigh[s] heavily" against the granting of the motion where "a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *Chateau Des Charmes Wines*, 2003 WL 22682483, at *3 (citation omitted).

To the extent defendants argue that this Court should reach the same result the district court did in *Nexon Korea* because the cases present "the same situation," that argument is not persuasive. *Nexon Korea* involved a dispute between *Korean* parties, a forum selection clause in which the parties agreed to adjudicate disputes in *Korea*, and parallel litigation in *Korea*. *See Nexon Korea Corp. v. Ironmace Co.*, No. 23-cv-00576-TL, 2023 WL 5305996, at *1-2 (W.D. Wash. Aug. 17, 2023), *aff'd*, No. 23-35600, 2024 WL 3493002 (9th Cir. July 22, 2024). This case does not involve remotely similar circumstances.

\*\*\*

In sum, defendants have not carried their burden of "making 'a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience.'" *Boston Telecomms. Grp.*, 588 F.3d at 1212 (quoting *Ravelo Monegro*, 211 F.3d at 514). Defendants' motion to dismiss for *forum non conveniens* is denied.

## III. MOTION TO REQUIRE PLAINTIFF TO POST BOND

Defendants, in the alternative, move for an order requiring Mr. Cordova to post a bond of

$135,619.75 pursuant to California Civil Procedure Code § 1030.[7] Dkt. No. 91 at 10, 18. Mr. Cordova opposes the motion. Dkt. No. 100 at 14-24.

### A.     Legal Standard

While there is no specific provision in the Federal Rules of Civil Procedure relating to security for costs, district courts have inherent authority to require parties to post an undertaking at the outset of litigation. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Courts typically "follow the forum state's practice with regard to security for costs." *Id.* This District's Civil Local Rules provide that upon demand and "where authorized by law and for good cause shown," the court may require a party to post an undertaking "for costs which can be awarded against such party" in an amount and on terms the court deems appropriate. Civil L.R. 65.1-1. The imposition of a bond is within the Court's discretion. *See Kourtis v. Cameron*, 358 F. App'x 863, 866 (9th Cir. 2009).

California Code of Civil Procedure § 1030 authorizes courts to order a non-resident plaintiff to post "an undertaking to secure an award of costs and attorney's fees which may be awarded in the action[.]" Cal. C.C.P. § 1030(a). The defendant must show that "[i] the plaintiff resides out of the state or is a foreign corporation and that [ii] there is a reasonable possibility that the moving defendant will obtain judgment in the action[.]" Cal. C.C.P. § 1030(b). "The purpose of the statute is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'" *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (Cal. Ct. App. 2009)

---

[7] Defendants ask the Court to take judicial notice of a letter by Mr. Cordova filed in a criminal proceeding in the U.S. District Court for Colorado because it demonstrates that Mr. Cordova "is not being forthright with this Court" regarding his financial circumstances. Dkt. No. 109; Dkt. No. 108-1 ¶ 4, Ex. C; Dkt. No. 108 at 13. Mr. Cordova did not respond to defendants' request. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "matters of public record," but it cannot take judicial notice of disputed facts contained in such public records. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); Fed. R. Evid. 201(b). The Court finds it unnecessary and inappropriate to consider the exhibit in resolving the motion for a bond. *See Umeda v. Tesla Inc.*, No. 20-cv-02926-SVK, 2020 WL 5653496, at *2 (N.D. Cal. Sept. 23, 2020) ("[E]ven if matters sought to be proved are not subject to reasonable dispute, judicial notice of those matters is not appropriate if those matters are not relevant to the issues in the case." (citation omitted)), *aff'd*, No. 21-15286, 2022 WL 18980 (9th Cir. Jan. 3, 2022)). Defendants' request for judicial notice is denied.

United States District Court
Northern District of California

14

(citation omitted); *Yao v. Super. Ct.*, 104 Cal. App. 4th 327, 333-34 (Cal. Ct. App. 2002) ("The section protects *California residents* by requiring the out-of-state plaintiff to post security to ensure payment of costs and attorney fees (if recoverable) in the likely event the plaintiff's action is defeated." (emphasis added)).

The "reasonable possibility" standard in § 1030(b) is relatively low. *See Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-SC, 2015 WL 6638929, at *16 (N.D. Cal. Oct. 30, 2015) (citation omitted). Thus, a defendant need not show that there is "no possibility" that plaintiff would win at trial, "but only that it [is] reasonably possible that [the defendant] would win." *Baltayan v. Est. of Getemyan*, 90 Cal. App. 4th 1427, 1432 (Cal. Ct. App. 2001). District courts do not apply § 1030 mechanically or so broadly "as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail." *Circle Click Media*, 2015 WL 6638929 at *16 (citation omitted); *see also Fullove v. Fullove*, No. 24-cv-02616-JSW, 2024 WL 4951248, at *2 (N.D. Cal. Dec. 2, 2024), *appeal dismissed*, No. 24-7465, 2025 WL 3733897 (9th Cir. Sept. 19, 2025). Federal courts in California have held that in applying § 1030, a court must consider "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet*, 37 F.3d at 576.

### B.    Discussion

Defendants argue that the Court should require Mr. Cordova to post a bond because Mr. Cordova resides in Colorado, not California. Dkt. No. 91 at 10-19. They assert that Mr. Cordova "is extremely mobile and could move from state-to-state (or to another country) to avoid any judgment of this Court," and that he "has no means to pay the costs and attorneys['] fees" they might obtain if they prevail against him in this action. *Id.* at 11. Defendants argue further that they "have strong defenses that have 'reasonable possibility' of prevailing." *Id.* at 19-20. Mr. Cordova responds that defendants have not demonstrated a reasonable possibility of prevailing, nor have they otherwise shown good cause for an order requiring him to post a bond. Dkt. No.

15

100 at 15-24.

Setting aside that defendants are not California residents, and therefore are not within the category of defendants that § 1030 was apparently intended to protect, defendants have not met their burden of showing that they have a reasonable possibility of prevailing in this action and obtaining an award of fees and costs. The Court mostly denied defendants' motion to dismiss the operative complaint, and granted (with leave to amend) Mr. Cordova's motion to dismiss defendants' counterclaims, many of which mirror their defenses to Mr. Cordova's claims. *See* Dkt. Nos. 65, 112. To the extent defendants emphasize the merits of their fair use defense to Mr. Cordova's claims, *see* Dkt. No. 91 at 16-17, the Court agrees that this defense is non-frivolous. However, it is defendants' burden to establish a reasonable possibility of prevailing on this defense. On the record presented, and for the reasons discussed in detail in the Court's order denying defendants' motion to dismiss Mr. Cordova's second claim for relief, the Court cannot conclude that defendants have a reasonable possibility of prevailing on this defense at this time. *See* Dkt. No. 65 at 8. None of defendants' arguments regarding the merits of their other defenses are persuasive.[8]

Because defendants have not shown a reasonable possibility of prevailing in this action and obtaining an award of fees and costs at this time, the Court need not consider the *Simulnet* balancing factors—i.e., the reasonable extent of the security to be posted, if any, viewed from each side's perspective. *See Ismart Int'l Ltd. v. I-Docsecure, LLC*, No. 04-cv-03114 RMW, 2005 WL 588607, at *9 (N.D. Cal. Feb. 14, 2005) (denying motion for bond where defendants failed to establish that they would prevail in obtaining a judgment); *see also BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 15-cv-01370-EJD, 2018 WL 1989530, at *2 (N.D. Cal. Jan. 4, 2018) ("toll-booths cannot be placed across the courthouse doors in a haphazard fashion to deprive legitimate plaintiffs from access to federal courts" (citation modified) (quoting *Simulnet*, 37 F.3d at 576)).

As defendants have not demonstrated that they meet the requirements for an order to post a

---

[8] At the motion hearing, defendants acknowledged that if Mr. Cordova obtains an award of attorneys' fees and costs in connection with his anti-SLAPP motion to strike defendants' now-withdrawn tortious interference counterclaim, such an award would need to be offset against the amount of a bond. Dkt. No. 114.

16

bond, and have not otherwise shown good cause for such a bond, the Court denies the alternative motion.

**IV.     CONCLUSION**

For the reasons explained above, the Court denies defendants' motion to dismiss for *forum non conveniens* and alternative motion for a bond.

**IT IS SO ORDERED.**

Dated: April 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge